UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
THOMAS ROBERTS,                     )
 AKA TOMMIE ROBERTS                 )
AIS #238065/9A-42                   )
Easterling Correctional Facility    )
200 Wallace Drive                   )
Clio, Alabama 36017,                )
                                    )
    Plaintiff                       )
                                    )
v.                                  )   C.A. _____
                                    )
Hon. FRANCIS J. HARVEY              )
Secretary of the Army               )
101 Army Pentagon                   )
Room No. 3E560                      )
Washington, D.C.  22310-0101,       )
                                    )
CARL W.S. CHUN, Director            )
Board for Correction of Military    )
    Records                         )
1901 South Bell Street, 2d Floor    )
Arlington, Virginia 22202-4508,     )
                                    )
and                                 )
                                    )
DEPARTMENT OF THE ARMY              )
101 Army Pentagon                   )
Room No. 3E560                      )
Washington, D.C.  22310-0101,       )
                                    )
    Defendants                      )
_____ )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND PETITION FOR WRIT OF MANDAMUS**

**NATURE OF ACTION**

   1.   This is an action seeking judicial review under

the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq*. of a final agency decision of the Army Board for Correction of Military Records ("ABCMR"or "the Board").  On March 17, 2005, the ABCMR returned Plaintiff's Request for Reconsideration without action in violation of the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq*.

2.  Plaintiff's March 17, 2005, submission to the ABCMR, the first that he submitted with the assistance of legal counsel, raised new issues and presented new and material evidence -- issues and evidence that had never before been presented to the Board.  Plaintiff's submission showed, for example, that the Board relied upon documents that either did not exist or were not made available to Plaintiff; that a key Board conclusion was not only not supported, but actually contradicted, by evidence in the record; that the 1969 proceeding leading to Plaintiff's discharge was fatally defective because Plaintiff was misled into waiving his right to counsel and a hearing; and that the discharge proceeding failed to follow Army regulations in effect at the time.

3.  Accordingly, the Plaintiff seeks a declaration that the ABCMR's March 17, 2005, decision be set aside and petitions the Court to issue a Writ of Mandamus directing the Secretary of the Army to re-characterize Plaintiff's Army discharge as either Honorable or General.

**JURISDICTION AND VENUE**

4. Subject matter jurisdiction over this action is conferred by 28 U.S.C. § 1331. This action presents federal questions pursuant to the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.* This Court has personal jurisdiction over the parties pursuant to 5 U.S.C. § 702.

5. Venue lies in this district under 28 U.S.C. § 1391(e). Relief may be awarded pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 703 and 706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the All-Writs Act, 28 U.S.C. § 1651.

**PARTIES**

6. Plaintiff Thomas Roberts is a Vietnam veteran who served in the U.S. Army from July 1967 until July 1969 and from July 1971 to August 1971. He has been diagnosed and treated by the Department of Veterans Affairs for chronic and severe post-traumatic stress disorder (PTSD) due to psychological trauma suffered during combat in Vietnam.

7. Defendant The Hon. Francis J. Harvey is the Secretary of the Army, and is a named defendant in his official capacity. Secretary Harvey is authorized by 10

U.S.C. § 1552(a)(1) to correct any military record that is necessary to correct an error or remove an injustice.

8. Defendant Carl W. S. Chun is the Director for the Army Board for Correction of Military Records, and is a named defendant in his official capacity. Subsection 1552(a)(1) requires the Secretary to correct errors or injustices in military records by acting through boards of civilians. Mr. Chun is the Director of the ABCMR, which is an "agency" within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701(b)(1).

9. Defendant Department of the Army is the agency that has custody of the records of Plaintiff's military service. It is also the agency under which the Board for the Correction of Military Records operates.

FACTUAL ALLEGATIONS

Plaintiff's Military Service

10. On July 13, 1967, Plaintiff enlisted in the U.S. Army for a period of three years. After completing his initial training as a light weapons infantryman, he was ordered to Vietnam as a scout observer on June 17, 1968. After seeing combat in Vietnam, he was transferred to Korea early in September of 1968.

11. On May 7, 1969, Plaintiff was convicted by a

special court-martial of leaving his place of duty without proper authority, riding in a vehicle during curfew hours, stealing Army property, wrongfully appropriating an Army truck, wrongful possession of marijuana, and breaking restriction.  He was sentenced to six months confinement at hard labor, a reduction in grade to private, E-1, and a monthly forfeiture of $73 for six months.

      12.  On May 13, 1969, after forty-eight days in pre-trial confinement, and awaiting another 132 days of confinement at hard labor, halfway around the world from home, he waived his right to a hearing and counsel and submitted to a proceeding to discharge him from the Army for unfitness.  On July 22, 1969, Plaintiff was discharged from the Army Under Conditions Other Than Honorable (UCOTH).  In addition to the UCOTH service, Plaintiff's DD Form 214, the Army Discharge certificate, indicated that he received the National Defense Service Medal, the Vietnam Service Medal, the Air Medal and the Combat Infantryman Badge.

      13.  On July 28, 1971, Plaintiff re-enlisted in the Army for another three-year period.  Less than one month later, on August 19, 1971, he was discharged with an Honorable Discharge on the basis of erroneous enlistment.

<u>Plaintiff's Attempts to Upgrade Discharge</u>

14. On December 18, 1972, the Army Discharge Review Board denied Plaintiff's request for an upgraded discharge.

15. On May 29, 2001, Plaintiff applied to the Defendant Department of the Army's Board for the Correction of Military Records. His application attached Department of Veteran's Affairs ("VA") medical records indicating that:

(i) in September 2000, Plaintiff was diagnosed by VA Clinical Psychologist David L. Nash as suffering from "PTSD, with paranoid features";

(ii) in October of 2000 Plaintiff was being treated by a VA physician, Dr. Lori L. Davis for "PTSD, alcohol abuse, and psychosis (other than schizophrenia)"; and

(iii) in May, 2001, a VA Psychiatrist, Elton L. Hurst, M.D., diagnosed and was treating Plaintiff for "chronic severe PTSD due to psychological trauma suffered in combat Vietnam War."

16. Plaintiff's May 29, 2001, application also attached a letter from the Coordinator of Plaintiff's VA PTSD Clinical Team, Jose R. Vazquez, LMSW/ACP, who noted that Plaintiff apparently suffered from the symptoms of war trauma and that his condition was overlooked or misdiagnosed at the time and that "He was not treated for his illness and his condition worsen (sic), resulting in his incarceration, mistreatment and discharged with other than an honorable

discharge, instead of a medical due to combat related PTSD."

17. On September 6, 2001, the ABCMR, with Defendant Chun as its Director, rejected Plaintiff's request for an upgrade, finding that Plaintiff failed to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice. See Attachment I, Exhibit C.*

18. The ABCMR's September 6, 2001, Memorandum of Consideration referred to a second version of Plaintiff's July 22, 1969 DD Form 214, Report of Discharge, that indicated Plaintiff received an Honorable discharge and additional decorations that the ABCMR could not substantiate. Noting that it received this version of his DD Form 214 "from an unknown source," the ABCMR obviously believed this document to be spurious, and could only have concluded that Plaintiff had something to do with it. Yet, this document has never been made available to Plaintiff in spite of repeated requests for his complete military personnel file.

19. The September 6, 2001, decision of the ABCMR also noted that it possessed and relied upon a DD Form 398, Statement of Personal History, prepared in connection with Plaintiff's second enlistment that did not reflect his prior service. This document has never been made available to

---

* To avoid confusion, references to Exhibits will retain the same Exhibit letter used in Plaintiff's submission to the ABCMR. The text of Plaintiff's May 29, 2005, submission to the ABCMR will be referred to as an Attachment.

Plaintiff in spite of Plaintiff's repeated requests for his complete military personnel file.  See Attachment I, Exhibit A.

20.  On May 16, 2002, the ABCMR, with Defendant Chun as its Director, noted the ABCMR decision of September 6, 2001, and denied Plaintiff's request for reconsideration of his request to upgrade his Army discharge to honorable.

21.  On January 21, 2003, Defendant Chun wrote to Plaintiff stating that Plaintiff's original application was denied on September 6, 2001, and that his case was reconsidered on May 16, 2002.  Defendant Chun's letter recited that the staff had reviewed Plaintiff's June 10, 2002, application and determined that his case should not be reopened and that it was being closed without further action.

22.  On July 15, 2003, Defendant Chun wrote again to the Plaintiff stating that his original application was denied on September 6, 2001, that Plaintiff's first request for reconsideration was "administratively denied" by the staff on January 21, 2003, and that his December 27, 2002, request for reconsideration was being "filed without action."  Defendant Chun concluded that there was no basis for resubmitting Plaintiff's request to the Board and it had been filed without action.

23.  On June 4, 2004, Plaintiff filed a Request for

Reconsideration reciting that it was the first request that he had filed with the direct assistance of legal counsel. See Attachment I. The request noted that the accompanying twenty-five page memorandum and fifty-four pages of exhibits in support of his request raised a number of issues and facts that had never been presented to or considered by the Board.

24. In his June 4, 2004, Request for Reconsideraion, Plaintiff, through his attorney, presented evidence showing that the September 6, 2001, ABCMR decision was based on documents such as the version of the DD Form 214 "obtained from an unknown source" that either did not exist or if it did exist was not made available to Plaintiff.

25. The June 4, 2004, Request for Reconsideration also noted that the ABCMR's September 6, 2001, finding that "there is sufficient evidence to conclude that the applicant, more appropriately should have been processed for separation from his second enlistment by reason of fraudulent entry" was not only not supported by the record, but actually contradicted by evidence in the record. For his second enlistment, he received the same service number that he received for his first enlistment. His DA Form 20 records his prior enlisted service.

26. The June 4, 2004, Request for Reconsideration also showed that Plaintiff's May 13, 1969, waiver of counsel

and a hearing was fatally defective because it was secured under misleading terms in that Plaintiff was told that he could receive either a general or a UCOTH discharge when in fact Army regulations in effect at the time required a UCOTH discharge.  A general discharge was not an option.  The misleading waiver of counsel was the type of hazard from which counsel could have protected him.  Ironically, less than a year after Plaintiff waived his Constitutional rights, the Army amended its regulations to permit the withdrawal of a waiver at any time prior to the date the discharge is approved.

27.  The June 4, 2004, Requests for Reconsideration showed that the Army's 1969 discharge of Plaintiff must be set aside because it did not follow the requirements of Army Regulations in effect at the time for the discharge of soldiers.  Namely, the discharge proceeding failed (i) to make required findings with respect to the waiver of counseling and rehabilitation, (ii) to make the required recommendation by the unit commander, and (iii) to exclude records of prior non-judicial punishments.

28.  On September 7, 2004, while Plaintiff's application was still pending at the ABCMR, Judge Ricardo Urbina of this Court issued a Memorandum Opinion in <u>Lipsman v. Sec'y of the Army</u>, 335 F.Supp.2d 48 (Sept. 7, 2004), finding

that subsection 2-15(b) of Army Regulation (AR) 15-185 violated the provisions of 10 U.S.C. § 1552, the ABCMR's operating statute, because it permited ABCMR staff and not the Board to make decisions identical with those made in Plaintiff's applications.  The Court specifically found that the Board's delegation of actions to its staff was arbitrary or capricious and not in accordance with law.

29.  On March 16, 2005, Defendant Chun returned the June 4, 2004, memorandum and exhibits filed by Plaintiff's attorney to the Plaintiff.  See Attachment II.  Although the request for reconsideration was filed by Plaintiff's attorney, Plaintiff's attorney was never notified of the Board's actions.  Defendant Chun's letter to Plaintiff noted that his case was considered on September 6, 2001, that no further ABCMR action is contemplated, that he had exhausted all of his administrative remedies, and that Plaintiff had the option of seeking "relief in a court of appropriate jurisdiction." Without citing Lipsman, Defendant Chun referred to a recent court decision ordering the deletion of paragraph 2-15b of AR 15-185, and stated that the effect of the decision "now permits an applicant to request reconsideration of an earlier ABCMR decision if the request is received within one year of the ABCMR's original decision and it has not been previously reconsidered."

**FIRST CLAIM FOR RELIEF**
**ADMINISTRATIVE PROCEDURE ACT**

30. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 29 above, as if fully set forth herein.

31. The ABCMR's decision of September 6, 2001, and its subsequent decisions of May 16, 2002, January 21, 2003, and July 15, 2003, which relied upon the September 6, 2001, decision, contained manifest error and were clearly erroneous because these decisions relied on documents not contained in the record and not available to Plaintiff, made conclusions that were either contradicted or not supported by the record, and ignored the Army's failure to follow its own regulations governing the discharge of soldiers.  Accordingly, these decisions were arbitrary, capricious, an abuse of discretion, or otherwise contrary to law and must be set aside under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

**SECOND CLAIM FOR RELIEF**
**ADMINISTRATIVE PROCEDURE ACT**

32. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 31 above, as if fully set forth herein.

33. The March 17, 2005, refusal of the ABCMR to reconsider Plaintiff's June 4, 2004, Request for

Reconsideration, which showed that the ABCMR's September 6, 2001, and subsequent decisions contained factual and legal errors and which was based on the submission of new issues and new and material evidence, was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law and must be set aside under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

## THIRD CLAIM FOR RELIEF
### SECTION 1552 OF TITLE 10, U.S.C.

34.  Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 33 above, as if fully set forth herein.

35.  The ABCMR decisions described in Defendant Chun's letters of January 21, 2003, and July 15, 2003, were made by staff and not the Board, and, accordingly violate the provisions of 10 U.S.C. § 1552.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Thomas Roberts prays this Court to enter judgment in favor of the Plaintiff as follows:

1.  Holding unlawful and setting aside the September 6, 2001, decision of the ABCMR, and subsequent decisions on May 16, 2002, January 21, 2003, and July 15, 2003, denying Plaintiff's application for an upgraded discharge.

  2. Holding unlawful and setting aside the March 17, 2005, ABCMR refusal to consider Plaintiff's Request for Reconsideration.

  3. Issuing a writ of mandamus directing the Secretary of the Army to re-characterize Plaintiff's July 22, 1969 discharge as either Honorable or General.

  4. In the alternative, remanding this cause to the ABCMR with instructions to consider the new issues and the new and material evidence supplied by the Plaintiff in his June 4, 2004, Request for Reconsideration.

  5. Awarding Plaintiff his costs and attorneys fees.

  6. Granting such other relief as the Court deems just and proper.


Dated: <u>December 19, 2005</u>     _____/S/_____
   Washington, D.C.      Michael W. Dolan, Esq.
               D.C. Bar No. 3384
             2021 L Street N.W.
             Suite 204
             Washington, D.C.  20036


             _____/S/_____
             John E. Howell
               D.C. Bar No. 428359
             2021 L Street N.W.
             Second Floor
             Washington, D.C.  20036


             Attorneys for Plaintiff
             Thomas Roberts