AR 635-212

CHANGE }
No. 3 }

HEADQUARTERS
DEPARTMENT OF THE ARMY
WASHINGTON, D.C., *4 April 1968*

## PERSONNEL SEPARATIONS

# DISCHARGE

## UNFITNESS AND UNSUITABILITY

### *(For general provisions, see AR 635-200)*

AR 635-212, 15 July 1966, is changed as follows:

*Page 2. Paragraph 6a(3) is superseded as follows:*

(3) Drug addiction, habituation, or the unauthorized use or possession of narcotics, marijuana, hypnotics, sedatives, tranquilizers stimulants, hallucinogens, and other similar known harmful or habit forming drugs and/or chemicals. (See para. 18.1, AR 600-50.)

*Page 4.* Paragraph 7c(2) was superseded by C 2, 12 October 1967, as follows:

(2) The general court-martial convening authority in the case of unfitness may waive the requirements of *a* and *b* above when he determines that further duty of the individual will, in his best judgment, create serious disciplinary problems or a hazard to the military mission or to the individual.

*Page 4.* Paragraph 7c(3) was added by C 2, 12 October 1967 as follows:

(3) Commanders of installations commanded by, or which are under the normal command of, general officers and colonels having judge advocates on their staffs may, in cases of unsuitability, waive the requirements of *a* and *b* above when it is determined that further duty will, in their best judgment, create serious disciplinary problems or a hazard to the military mission or to the individual.

*Page 15.* Paragraph 27 was superseded by C 1, 8 November 1966, as follows:

**27. Reentry into Army.** *a.* To preclude reentry into the Army unless authorized by appropriate authority, the DD Form 214 of individuals, with the exception of all enlisted women and those enlisted men referred to in paragraph 5a who are discharged under this regulation, will be coded "RE-3," and "Para 9, AR 601-210 applies" will be entered in item 32.

*b.* All enlisted women and those enlisted men referred to in paragraph 5a who are discharged under this regulation, are not eligible for reenlistment. The DD Form 214 will be coded "RE-4," and "Para 10, AR 601-210 applies" will be entered in item 32.

*Pages 19 and 20.* Paragraph 2h, appendix, Exhibit A was superseded by C 1, 8 November 1966, as follows:

h. This soldiers conduct and efficiency ratings have been as follows:

(1) 22 March 1965—31 July 1965: Conduct—Good
Efficiency—Good

(2) 1 August 1965—3 November 1965: Conduct—Fair
Efficiency—Unsatisfactory

---

*This change supersedes C 2, 12 October 1967.

C 3, AR 635–212

    (3) 4 November 1965—1 March 1966: Conduct—Fair

                                     Efficiency—Unsatisfactory

    (4) 2 March 1966—Date: Conduct—Unsatisfactory

                                     Efficiency—Unsatisfactory

---

**The proponent of this regulation is the Office of the Adjutant General. Users are invited to send comments and suggested improvements to The Adjutant General, ATTN: AGPO, Department of the Army, Washington, D.C. 20315.**

---

By Order of the Secretary of the Army:

                                     HAROLD K. JOHNSON,
                                     *General, United States Army,*
                                     *Chief of Staff.*

Official:

  KENNETH G. WICKHAM,
  *Major General, United States Army,*
  *The Adjutant General.*

Distribution:

    *Active Army, NG and USAR:* To be distributed in accordance with DA Form 12–9 requirements for Military Personnel Procedures, Enlisted—A.

2

*Superseded C39 636-200*
*23 Nov 72*

MAIL & RECORDS

*Changes in force: C 3 and C 4*

AR 635-212
C 4

CHANGE     HEADQUARTERS
           DEPARTMENT OF THE ARMY
No. 4      WASHINGTON, D.C., 4 April 1969

## PERSONNEL SEPARATIONS
## DISCHARGE
## UNFITNESS AND UNSUITABILITY
### (For General Provisions, See AR 635-200)

*Effective 1 June 1969*

*This change adds paragraph 3.1 which provides for the assignment of personnel who are considered for separation because of sexual perversion or drug addiction while assigned to an oversea replacement station and to reflect the definition of drug abuse as contained in revision of Department of Defense Directive 1332.14.*

AR 635-212, 15 July 1966, is changed as follows:

*Page 2.* Paragraph 3.1 is added.

**3.1 Assignment action for personnel en route to an oversea area.** *a.* When action has been initiated under paragraph 6a (2) or (3) against an individual while he is assigned to an oversea replacement station, he will be transferred to the Army garrison at that or another appropriate installation to await final action on his case.

*b.* If the convening authority disapproves the recommendation for separation the individual will again be assigned to the oversea replacement station for compliance with his original orders.

*Page 2.* Paragraph 6a(3) is superseded as follows:

(3) Drug addiction, habituation, or the unauthorized use, sale or transfer of depressant, stimulant, or hallucinogenic drugs as defined in paragraph 18.1, AR 600-50, or the introduction of such drugs onto any Army installation or other Government property under Army jurisdiction.

C 4, AR 635–212

> The proponent agency of this regulation is The Adjutant General's Office. Users are invited to send comments and suggested improvements on DA Form 2028 (Recommended Changes to Publications) to The Adjutant General, ATTN: AGPO, Department of the Army, Washington, D.C. 20315.

By Order of the Secretary of the Army:

W. C. WESTMORELAND,
*General, United States Army,*
*Chief of Staff.*

Official:
KENNETH G. WICKHAM,
*Major General, United States Army,*
*The Adjutant General.*

Distribution:
*Active Army, ARNG,* and *USAR:* To be distributed in accordance with DA Form 12–9 requirements for AR, Personnel Separations—A (quan rqr block No. 542).

2

05/12/2004 14:47 FAX

Superseded C39 635·200
23 Nov 72

*Changes in force: C 3 and C 5*

AR 635-212
*C 5

| CHANGE | HEADQUARTERS |
|---|---|
| No. 5 | DEPARTMENT OF THE ARMY |
| | WASHINGTON, D.C., *21 May 1969* |

## PERSONNEL SEPARATIONS

## DISCHARGE

## UNFITNESS AND UNSUITABILITY

### (For general provisions, see AR 635-200)

*Effective 1 July 1969*

*This change revises paragraph 5b which relieves commanders exercising general court-martial jurisdiction of the requirement to administer actions relating to undesirable discharges for personnel in subordinate commands which are commanded by a general officer with a judge advocate on his staff.*

AR 635-212, 15 July 1966, is changed as follows:

*Page 2, paragraph 3.1.* (As added by C 4, 4 Apr 69)

3.1 Assignment action for personnel en route to an oversea area. *a.* When action has been initiated under paragraph 6a (2) or (3) against an individual while he is assigned to an oversea replacement station, he will be transferred to the Army garrison at that or another appropriate installation to await final action on his case.

*b.* If the convening authority disapproves the recommendation for separation the individual will again be assigned to the oversea replacement station for compliance with his original orders.

*Page 2.* Paragraph 5b is superseded as follows:

*b.* Commanders exercising general court-martial jurisdiction are authorized to convene boards of officers for unfitness and unsuitability and to order separation, except that they may not order discharge of personnel referred to in *a* above. This authority may be delegated to a general in command who has a judge advocate on his staff for cases arising in that command. Every action taken pursuant to such a delegation will state the authority therefor. All references to commanders exercising general court-martial jurisdiction, general court-martial convening authority and general court-martial authority in this regulation include this delegation authority.

*Page 2, paragraph 6a(3).* (As superseded by C 4, 4 Apr 69)

(3) Drug addiction, habituation, or the unauthorized use, sale or transfer of depressant, stimulant, or hallucinogenic drugs as defined in paragraph 18.1, AR 600-50, or the introduction of such drugs onto any Army installation or other Government property under Army jurisdiction.

---

**The proponent agency of this regulation is The Adjutant General's Office. Users are invited to send comments and suggested improvements on DA Form 2028 (Recommended Changes to Publications) to The Adjutant General, ATTN: AGPO, Department of the Army, Washington, D.C. 20315.**

---

*This change supersedes C 4, 4 April 1969.

TAGO 1197A—May   340-475—69

1

**C 5, AR 635-212**

By Order of the Secretary of the Army:

W. C. WESTMORELAND,
*General, United States Army,*
*Chief of Staff.*

Official:

KENNETH G. WICKHAM,
*Major General, United States Army,*
*The Adjutant General.*

Distribution:

 *Active Army, NG,* and *USAR:* To be distributed in accordance with DA
  Form 12-9 requirements for AR, Personnel Separations—A (qty rqr
  block No. 542).

TAGO 1187A

U.S. GOVERNMENT PRINTING OFFICE: 1968

05/13/2004 14:15 FAX                                                    @002

*Posted 8/8/69*

Changes in force: C 3 and C 6    *Superseded C39 635-*
*23 Nov 72*

AR 635-212
*C 6

CHANGE }
            }
No. 6   }

HEADQUARTERS
DEPARTMENT OF THE ARMY
WASHINGTON, DC, *20 June 1969*

## PERSONNEL SEPARATIONS
# DISCHARGE
## UNFITNESS AND UNSUITABILITY
### (For general provisions, see AR 635-200)

*Effective 27 May 1969 in accordance with DA message 910080*

*This change amends paragraph 6a(3) to add marijuana to list of danger-ous drugs.*

AR 635-212, 15 July 1966, is changed as follows:

*Page 2, paragraph 3.1. (As added by C 4, 4 Apr 69.)*

**3.1  Assignment action for personnel en route to an oversea area.** *a.* When action has been initiated under paragraph 6a(2) or (3) against an individual while he is assigned to an oversea replacement station, he will be transferred to the Army garrison at that or another appropriate installation to await final action on his case.

*b.* If the convening authority disapproves the recommendation for separa-tion the individual will again be assigned to the oversea replacement station for compliance with his original orders.

*Page 2, paragraph 5b. (As superseded by C 5, 21 May 69.)*

*b.* Commanders exercising general court-martial jurisdiction are author-ized to convene boards of officers for unfitness and unsuitability and to order separation, except that they may not order discharge of personnel referred to in *a* above. This authority may be delegated to a general in command who has a judge advocate on his staff for cases arising in that command. Every action taken pursuant to such a delegation will state the authority therefor. All refer-ences to commanders exercising general court-martial jurisdiction, general court-martial convening authority and general court-martial authority in this regulation include this delegation authority.

*Page 2. Paragraph 6a(3) is superseded as follows:*

(3)) Drug addiction, habituation, or the unauthorized use, sale, possession, or transfer of any narcotics, marijuana, hypnotics, sedatives, depressants, stimulants, hallucinogens, or other known harmful or habit forming drugs and/or chemicals or the introduction of such drugs and/or chemicals onto any Army installation or other Government property under Army jurisdiction.

---

*This change supersedes C 5, 21 May 1969 and DA message 910080, 23 May 1969.

C 6, AR 635–212

---

**The proponent agency of this regulation is The Adjutant General's Office. Users are invited to send comments and suggested improvements on DA Form 2028 (Recommended Changes to Publications) to The Adjutant General, ATTN: AGPO–P, Department of the Army, Washington, DC 20315.**

---

By Order of the Secretary of the Army:

W. C. WESTMORELAND,
*General, United States Army,*
*Chief of Staff.*

Official:
KENNETH G. WICKHAM,
*Major General, United States Army,*
*The Adjutant General.*

Distribution:
*Active Army, NG,* and *USAR:* To be distributed in accordance with DA Form 12–9 requirements for AR, Personnel Separations—A (qty rqr block No. 542).

2

MISS SHORT
MAIL & RECORDS                                                 *AR 635–212

MISS SHORT
MAIL & RECORDS

ARMY REGULATION
No. 635–212

HEADQUARTERS
DEPARTMENT OF THE ARMY
WASHINGTON, D.C., 15 July 1966

## PERSONNEL SEPARATIONS

### DISCHARGE
### UNFITNESS AND UNSUITABILITY

**(For general provisions, see AR 635-200)**

|  |  | Paragraph | Page |
|---|---|---|---|
| Section I. | GENERAL. |  |  |
|  | Purpose | 1 | 2 |
|  | Scope | 2 | 2 |
|  | Policy | 3 | 2 |
|  | Types of separations | 4 | 2 |
|  | Authority | 5 | 2 |
|  | Applicability | 6 | 2 |
| II. | COUNSELING AND REHABILITATION |  |  |
|  | Requirements | 7 | 4 |
| III. | MEDICAL PROCESSING |  |  |
|  | Medical evaluation | 8 | 4 |
|  | Disposition through medical channels | 9 | 5 |
| IV. | PROCEDURE |  |  |
|  | Action by commanding officer | 10 | 5 |
|  | Flagging action | 11 | 6 |
|  | Commanding officer's report | 12 | 6 |
|  | Action by intermediate commander | 13 | 7 |
|  | Action by commander exercising general court-martial jurisdiction | 14 | 7 |
|  | Action by commander exercising special court-martial jurisdiction | 15 | 8 |
|  | Appointment of counsel | 16 | 8 |
| V. | BOARD OF OFFICERS |  |  |
|  | Board of officers | 17 | 10 |
|  | Limitations on administrative discharges and board hearings | 18 | 12 |
| VI. | ACTIONS AFTER BOARD |  |  |
|  | Convening authority action | 19 | 12 |
|  | Suspension of execution of approved discharge | 20 | 13 |
|  | Reduction in grade | 21 | 13 |
| VII. | RECORDS AND DISCHARGE |  |  |
|  | Disposition of proceedings | 22 | 14 |
|  | Reason and authority for separation | 23 | 14 |
|  | Form of discharge certificate to be given | 24 | 14 |
|  | Separation of ARNGUS and USAR trainees | 25 | 14 |
|  | Errors and discrepancies noted before accomplishing discharge | 26 | 14 |
|  | Reentry into Army | 27 | 15 |
| Appendix | SAMPLE REPORT OF PROCEEDINGS OF BOARD OF OFFICERS |  | 17 |

* This regulation supersedes AR 635–208, 8 April 1959, including C 5, 6 October 1961 and C 6, 15 November 1961; and AR 635–209, 8 April 1959, including C 6, 6 October 1961, and C 8, 30 April 1964.

AR 635–212

## Section I. GENERAL

**1. Purpose.** This regulation establishes policy and provides procedures and guidance for eliminating enlisted personnel who are found to be unfit or unsuitable for further military service.

**2. Scope.** This regulation applies equally to personnel enlisted, inducted, or ordered to active duty and to Reserve component personnel on active duty for training under the Reserve Enlistment Program of 1963.

**3. Policy.** *a.* Action will be taken to separate an individual for unfitness when it is clearly established that—

    (1) Despite attempts to rehabilitate or develop him as a satisfactory soldier further effort is unlikely to succeed; or

    (2) Rehabilitation is impracticable (as in cases of confirmed drug addiction) or he is not amenable to rehabilitation measures (as indicated by the medical and/or personal history record); or

    (3) An unfitting medical condition (AR 40–501) is not the direct or substantial contributing cause of his unfitness (para 9*b*).

*b.* Action will be taken to separate an individual for unsuitability when it is clearly established that—

    (1) It is unlikely that he will develop sufficiently to participate in further military training and/or become a satisfactory soldier, *and*

    (2) He meets retention medical standards (AR 40–501) (para 9*a*).

*c.* Commanders will not take action under this regulation in lieu of disciplinary action solely to spare an individual who may have committed serious misconduct the harsher penalties which may be imposed under the Uniform Code of Military Justice.

**4. Types of separation.** *a.* An individual separated by reason of unfitness will be furnished an undesirable discharge certificate except that an honorable or general discharge certificate may be awarded if the individual being discharged has been awarded a personal decoration or if warranted by the particular circumstances in a given case.

*b.* An individual separated by reason of unsuitability will be furnished an honorable or general discharge certificate as warranted by his military record.

**5. Authority.** *a.* Approval of Headquarters, Department of the Army is required before individuals who have completed 18 or more years active Federal service may be discharged.

*b.* Commanders exercising general court-martial jurisdiction are authorized to convene boards of officers for unfitness and unsuitability and to order separation, except that they may not order discharge of personnel referred to in *a* above.

*c.* Commanders exercising special court-martial jurisdiction are authorized to convene boards of officers for unsuitability and to order separation, except that they may not order discharge of personnel referred to in *a* above.

**6. Applicability.** An individual is subject to separation under the provisions of this regulation when one or more of the following conditions exist:

*a. Unfitness.*

    (1) Frequent incidents of a discreditable nature with civil or military authorities.

    (2) Sexual perversion including but not limited to—

        (*a*) Lewd and lascivious acts.

        (*b*) Indecent exposure.

        (*c*) Indecent acts with, or assault upon, a child.

        (*d*) Other indecent acts or offenses.

    (3) Drug addiction or the unauthorized use or possession of habit-forming drugs or marijuana.

    (4) An established pattern for shirking.

    (5) An established pattern showing dishonorable failure to pay just debts.

2

(6) An established pattern showing dishonorable failure to contribute adequate support to dependents or failure to comply with orders, decrees, or judgments of a civil court concerning support of dependents.

*Sec-8*

*Add(b)* b. *Unsuitability.*

(1) *Inaptitude.* Applicable to those persons who are best described as inapt, due to lack of general adaptability, want of readiness of skill, unhandiness, or inability to learn.

(2) *Character and behavior disorders.* As determined by medical authority, character and behavior disorders and disorders of intelligence listed in TB MED 15, except for combat exhaustion (3263) and other acute situational maladjustments (3264). Discharges normally should not be accomplished for combat exhaustion (3263) and other acute situational maladjustments (3264) *per se,* but they may be accomplished for more basic-underlying disorders of which the transient state is a manifestation.

(3) *Apathy (lack of appropriate interest), defective attitudes, and inability to expend effort constructively.* While lack of appropriate interest or other defective attitudes may be manifested in conjunction with physical defects or mental or organic diseases, including psychoneurosis, these traits are not necessarily produced by the physical or disease process. On the other hand, individuals considered for elimination may attempt to excuse immature, inadequate, and undisciplined behavior on the basis of minor or nondisabling illnesses. The presence of a physical or mental disease or defect-producing impairment of function insufficient to warrant separation under the provisions of AR 635-40A and related regulations is no bar to discharge for unsuitability.

(4) *Alcoholism.* Unsuitability by reason of chronic alcoholism may develop in persons who have previously rendered many years of adequate service. Although this condition may be a symptom of an underlying mental illness, it more often demonstrates a character and behavior disorder. Rehabilitation of an individual with this condition is difficult, and its success is contingent on early recognition. As soon as it is apparent that an individual has become ineffective and has not responded to rehabilitative measures or is not motivated to take advantage of available local therapeutic measures, prompt elimination is indicated. Personnel will be separated for unsuitability only if the major reason for separation is noneffective duty performance due to chronic alcoholism or addiction to alcohol. These conditions should not be confused with occasional drunken episodes during which an individual commits antisocial acts. In determining whether separation will be for unfitness or unsuitability, the neuropsychiatric report, record of prior service, and other reasons for separation under *a* above should be considered and, if determined to be overriding, may be used as a basis for separation for unfitness.

(5) *Enuresis.* Enuresis may result from many different organic or psychiatric conditions but is most often a product of a character and behavior disorder. Its presence rarely necessitates separation from the military service but when it exists among other manifestations of a character and behavior disorder it may render an individual unsuitable for further military service. The evaluation of this symptom, preferably, will be done on an outpatient basis. *C-8*

*Suppl* (6) *Homosexuality (Class III—evidences homosexual tendencies, desires, or interest, but is without overt homosexual acts).* All cases involving homosexuals are processed under the provisions of

AR 635-212

AR 635-89. When an enlisted person's case is determined by a board of officers under AR 635-89 to be Class III and discharge is approved, separation will be accomplished for unsuitability. No further action is necessary.

## Section II. COUNSELING AND REHABILITATION

7. **Requirements.** Commanders will insure that before taking separation action against an individual under this regulation, adequate counseling and rehabilitation measures have been taken. Reassignments accomplished in connection with rehabilitation attempts will be made without expending permanent change of station or military personnel Army (PCS–MPA) funds.

a. *Counseling.* When an individual's behavior has been such that continued behavior of a similar nature may warrant action against him under this regulation, the individual will be counseled by a responsible person or persons. Each counseling session will be recorded (to include date and by whom counseled). Counseling will include but not be limited to the following: reasons for counseling; the fact that continued behavior of a similar nature may result in initiating action under this regulation; and if action is taken and separation accomplished, the type of discharge that may be issued and the effect of each type.

b. *Rehabilitation.* As a minimum, one of the following measures will be taken:

(1) *Replacement stream personnel.* Individuals will be recycled (reassigned between training companies) at least once.

(2) *Other than replacement stream personnel.* Individuals will be reassigned between Article 15 jurisdiction at least once, with a minimum of 2 months duty in each unit. This requirement in no way precludes transfer of individuals between special court-martial jurisdictions; however, the minimum time requirement in each unit is applicable.

(3) *Personnel that cannot be reassigned.* In case reassignment is precluded by restriction on expending PCS–MPA funds (e.g., small independent and/or isolated unit), commanders will insure that appropriate alternate rehabilitation measures are employed.

c. *Waivers.* Counseling and rehabilitation may be waived as follows:

(1) Counseling required in a above and rehabilitation required by b above may be waived by the convening authority when separation is being considered under the provisions of paragraph 6a(2) or (5), or under the provisions of 6b(2), (5), or (6).

(2) The general court-martial convening authority may waive the requirements of a and b above when he determines that further duty of the individual will create a hazard to the military mission or to the individual.

## Section III. MEDICAL PROCESSING

8. **Medical evaluation.** When a unit commander determines that an individual is to be processed for separation under this regulation, he will initially refer the individual to the medical treatment facility providing dispensary care and request a medical evaluation. Sufficiently detailed information about the reasons for considering the individual unfit or unsuitable should be furnished the medical treatment facility to allow medical examiners a thorough understanding of the contemplated action. The medical treatment facility providing dispensary care will accomplish the final type physical examination. The psychiatric portion of the medical evaluation will not be delegated to a medical officer without specialized psychiatric training

4

except when a psychiatrist is not available. A written evaluation report based on the results of the medical examination and a review of the individual's health and other locally available medical records will be prepared. The report will briefly but completely describe the essential points of the individual's mental and physical condition in relation to the conduct under consideration; state whether the individual was and is mentally responsible, able to distinguish right from wrong and to adhere to the right, has the mental capacity to understand and participate in board proceedings; state the probable effectiveness of further rehabilitation efforts; and state that the individual meets or does not meet the retention standards prescribed in chapter 3, AR 40-501. The medical treatment facility commander will forward the original of the report to the unit commander. A copy will be filed in the individual's health record.

9. **Disposition through medical channels.** a. When the medical treatment facility commander determines that an individual being considered for elimination for unsuitability

does not meet retention medical standards (AR 40-501), he will process the individual in accordance with AR 40-3. The individual's unit commander will be notified of this action.

b. If it appears to the examining medical officer that an individual being considered for elimination for unfitness does not meet the retention medical standards he will refer the individual to a medical board or if there is no board at the examining facility, to the nearest medical treatment facility that does have a medical board. The medical treatment facility commander will furnish a copy of the approved board proceedings to the individual's unit commander. The unit commander will determine whether the individual will be processed further under this regulation or will be processed for separation under medical jurisdiction when medical board proceedings indicate that he does not meet retention standards and the unfitting medical condition is not the direct or substantial contributing cause of his alleged unfitness. The unit commander will notify the medical treatment facility commander of his decision so that appropriate further medical processing may be expedited.

## Section IV. PROCEDURE

10. **Action by commanding officer.** The unit commander of the individual will recommend whether action under this regulation, disposition through medical channels, or disciplinary action should be initiated. The unit commander may—

a. Afford the individual the opportunity to waive his right of a hearing before a board of officers. In such a case, the commander will—
  (1) Advise the individual in writing of the basis for the proposed discharge action and advise him that he has the following rights:
    (a) To present his case before a board of officers.
    (b) To submit statements in his own behalf.
    (c) To be represented by counsel.
    (d) To waive the above rights in writing.
    (e)

(2) An enlisted member will be given a reasonable time (not less than 48 hours) to consider waiver of board proceedings and shall have an opportunity to consult with counsel prior to waiving his rights. An enlisted person serving on an unspecified enlistment may tender his resignation in lieu of board action pursuant to chapter 9, AR 635-200.

(3) The individual will submit a signed statement (fig. 1) indicating that he has been advised of the basis for the contemplated separation and its effect, and of the rights listed in (1) above. The statement will include a request or a waiver by the individual of each right. The counsel will sign the statement and the statement will be included in the unit commander's report

AR 635-212

forwarded in compliance with paragraph 12. If the individual refuses to sign the statement it will be considered that the individual has not waived the rights listed in (1) above.

(4) Waivers of board hearings will not be accepted in the cases of members who have completed 18 or more years of active Federal service. Such members appearing before a board of officers convened under this regulation must be represented by counsel. They may not waive this requirement.

(5) An individual who holds a Reserve status as a commissioned or warrant officer will include in his statement whether a waiver of board hearing applies to his Reserve status.

*b.* Forward the case with a recommendation that elimination proceedings pursuant to this regulation be initiated (para 12).

*c.* Forward the case with a recommendation that the individual be processed through medical channels. Such disposition is required if the individual has an incapacitating physical or mental illness which was the direct or substantial contributing cause of the conduct for which action under this regulation is being considered, and action under the Uniform Code of Military Justice is not initiated.

*d.* Initiate action under the Uniform Code of Military Justice.

*E. ADDED.*

**11. Flagging action.** When flagging action under AR 600-31 has been initiated solely because an individual is being considered for elimination under this regulation and he is to be processed for separation under medical jurisdiction (para 9), his unit commander will remove the flagging action in order that disposition through medical channels will not be delayed.

*12.* **Commanding officer's report** *@ Elimination by reason of unfitness.* When the immediate commander determines that the best interest of the service will be met by elimination action because of unfitness, he will report the fact, in letter form, to the general court-martial convening authority, through the appropriate intermediate commander, if applicable, furnishing the following:

(1) Name, grade, service number, age, date of enlistment or induction, length of term for which enlisted (if applicable), and prior service. (Reduction in grade is not a prerequisite to board action.)

(2) Statement indicating whether the individual has a Reserve commission or a warrant. (If so, show service number, grade, and date of appointment.)

(3) Reason for action recommended. General, nondescriptive terms will not be used.

(4) Armed Forces Qualification Test (AFQT) score, Aptitude Area scores, and duty military occupational specialty (MOS).

(5) Results of MOS evaluation testing, to include MOS in which evaluated and evaluation score.

(6) Record of counseling.

(7) Description of rehabilitation attempts. (List assignments and duties under different officers and noncommissioned officers, in each organization or unit. Include duration of each assignment (sec. II).)

(8) Statement indicating why he does not consider it feasible or appropriate to recommend elimination for unsuitability or to accomplish other disposition.

(9) Conduct and efficiency ratings (see sec. II, ch 5, AR 600-200).

(10) Record of trials by court-martial.

(11) Record of other disciplinary action. (Include company punishment.)

(12) Report of psychiatrist or, if a psychiatrist is not available, of medical officer. (Include probable effectiveness of further rehabilitative efforts.)

(13) A statement by the individual indicating that he has been advised of his rights (para 10).

AGO 5847A

(14) Any other information pertinent to the case.

*b. Elimination by reason of unsuitability.* When the immediate commander determines that the best interest of the service will be met by elimination action for unsuitability, he will forward his recommendation in letter form to the officer exercising special court-martial jurisdiction. He will furnish information outlined in *a* above except that subparagraph (8) will state why he does not consider it feasible or appropriate to effect other disposition.

**13. Action by intermediate commander.** Intermediate commander may take the following action:

*a. Unfitness cases.*

(1) Disapprove the recommendation and direct reassignment of the individual to another organization or direct disposition by other means. In case of reassignment, the commanding officer's report will be forwarded to the new organization commander for information.

(2) Approve the commanding officer's recommendation and forward the report to the commander exercising general courts-martial jurisdiction. Disposition through medical channels is required if the individual has an incapacitating physical or mental illness which was the direct or substantial contributing cause of the conduct for which action under this regulation is being considered, and action under the Uniform Code of Military Justice is not initiated.

(3) Recommend separation for unsuitability. Commanders exercising special court-martial jurisdiction may disapprove the recommendation relating to unfitness and take further action under paragraph 15.

*b. Unsuitability cases.*

(1) Disapprove the recommendation and direct reassignment of the individual to another organization or direct dis-

position by other means. In case of reassignment, the commanding officer's report will be forwarded to the new organization commander for information.

(2) Approve the commanding officer's recommendations and forward the report to the commander exercising special courts-martial jurisdiction unless he exercises such jurisdiction. Disposition through medical channels is required if the individual has an incapacitating physical or mental illness which was the direct or substantial contributing cause of the conduct for which action under this regulation is being considered, and action under the Uniform Code of Military Justice is not initiated.

**14. Action by commander exercising general court-martial jurisdiction.** On receiving a recommendation for separation for unfitness, the commander exercising general court-martial jurisdiction may—

*a.* Disapprove the recommendation and direct reassignment of the individual to another organization, in which case the commanding officer's report will be forwarded to the new organization commander for information; or

*b.* Disapprove the recommendation and return the case to the originator for disposition by other means; or

*c.* Disapprove the recommendation relating to unfitness, and convene a board of officers, or refer the case to the commander exercising special court-martial jurisdiction to convene a board of officers, to determine whether the individual should be separated for unsuitability; or

*d.* Convene a board of officers to determine whether the individual should be separated for unfitness. When such action is taken, or if the case is referred to a board for separation by reason of unsuitability, the termination or transfer status of each witness will be ascertained promptly in order to assure the availability of essential military witnesses at the board proceedings. No witness will be trans-

AR 635-212

ferred or separated from the service prior to the beginning of a board hearing except where an enlistment or period of service fixed by law expires; in such cases, an attempt will be made to obtain the individual's consent to retention; if the individual does not consent, a deposition or affidavit will be obtained as appropriate; or

e. When the board hearing has been properly and effectively waived, direct separation of the individual for unfitness or unsuitability (para 24); or

f. When the board hearing has been properly and effectively waived, approve separation of the individual for unfitness or unsuitability and suspend execution of the separation (para 20); or

g. Direct that the case be processed through medical channels, if appropriate. Such disposition is required if the individual has an incapacitating physical or mental illness which was the direct or substantial contributing cause of the conduct for which action under this regulation is being considered, and action under the Uniform Code of Military Justice is not initiated.

**15. Action by commander exercising special court-martial jurisdiction.** On receiving a recommendation for separation for unsuitability, the commander exercising special court-martial jurisdiction may—

a. Disapprove the recommendation and direct reassignment of the individual to another organization, in which case the commanding officer's report will be forwarded to the new organization commander for information;

b. Disapprove the recommendation and return the case to the originator for disposition by other means; or

c. Convene a board of officers to determine whether the individual should be separated for unsuitability. When such action is taken, the termination or transfer status of each witness will be ascertained promptly in order to assure the availability of essential military witnesses at the board proceedings. No witness will be transferred or separated from the service prior

to the beginning of a board hearing except where an enlistment or period of service fixed by law expires; in such cases, an attempt will be made to obtain the individual's consent to retention; if the individual does not consent, a deposition or affidavit will be obtained as appropriate; or

d. When the board hearing has been properly and effectively waived, direct separation of the individual for unsuitability (para 24).

e. When the board hearing has been properly and effectively waived, approve separation for unsuitability and suspend execution of the separation (para 20).

**16. Appointment of counsel.** a. Counsel for personnel being considered for discharge because of unfitness. Appointed counsel will be a lawyer within the meaning of Article 27(b)(1) of the Uniform Code of Military Justice unless general court-martial authority certifies in the permanent record the nonavailability of a lawyer so qualified and sets forth the qualifications of the substituted nonlawyer counsel. The original of the certification of nonavailability of qualified counsel must be appended as an exhibit to the report of proceedings. See Exhibit C–4 of the appendix for example.

b. Counsel for personnel being considered for discharge because of unsuitability. If appointed counsel is not a lawyer, a commissioned officer in the grade of first lieutenant or higher will be appointed as counsel. Counsel appointed will be an officer who is fully aware of his responsibility to prepare and present the respondents case.

c. General court-martial authority. When the commander exercising general court-martial jurisdiction takes action under paragraph 14d, he will appoint a counsel; appoint a military counsel of the individual's choice, provided the requested counsel is reasonably available; or permit the individual to be represented by civilian counsel at his own expense; as indicated by the individual's signed statement (fig. 1).

d. Special court-martial authority. When the commander exercising special court-martial jurisdiction takes action under paragraph 15c,

8

AR 635-212

(Date individual and counsel
sign statement)

SUBJECT:  Separation under AR 635-212

TO:       (Discharge authority)


1.  I have been advised by counsel of the basis for contemplated
action to accomplish my separation for (unfitness) (unsuitability)
under AR 635-212.

2.  I (request) (waive) consideration of my case by a board of
officers.

3.  I (request) (waive) personal appearance before a board of
officers.

4.  Statements in my own behalf (are) (are not) submitted herewith
(as incl ____).

5.  I (request) (waive) representation by (my appointed counsel)
(_____ as military counsel) (civilian counsel at my own
expense).

6.  I understand that I may expect to encounter substantial preju-
dice in civilian life in the event a general discharge under honorable
conditions is issued to me. I further understand that, as the result
of issuance of an undesirable discharge under conditions other than
honorable, I may be ineligible for many or all benefits as a veteran
under both Federal and State laws, and that I may expect to encounter
substantial prejudice in civilian life.

7.  I have retained a copy of this statement.


(Signature of individual)
(typed name, service number, grade)


Having been advised by me of the basis for his contemplated separation
and its effect and the rights available to him, (Name of individual)
personally made the choices indicated in the foregoing statement.


(Signature of counsel)
(typed name, service number, grade, branch)

*Figure 1. Individual's Statement.*

AGO 5847A

9

AR 635-212

(Date individual and counsel
sign statement)

SUBJECT:  Separation under AR 635-212

TO:        (Discharge authority)


    1.  I have been advised by counsel of the basis for contemplated
action to accomplish my separation for (unfitness) (unsuitability)
under AR 635-212.

    2.  I (request) (waive) consideration of my case by a board of
officers.

    3.  I (request) (waive) personal appearance before a board of
officers.

    4.  Statements in my own behalf (are) (are not) submitted herewith
(as incl ____).

    5.  I (request) (waive) representation by (my appointed counsel)
(_____as military counsel) (civilian counsel at my own
expense).

    6.  I understand that I may expect to encounter substantial preju-
dice in civilian life in the event a general discharge under honorable
conditions is issued to me.  I further understand that, as the result
of issuance of an undesirable discharge under conditions other than
honorable, I may be ineligible for many or all benefits as a veteran
under both Federal and State laws, and that I may expect to encounter
substantial prejudice in civilian life.

    7.  I have retained a copy of this statement.



                                    _____
                                    (signature of individual)
                                    (typed name, service number, grade)

Having been advised by me of the basis for his contemplated separation
and its effect and the rights available to him, (Name of individual)
personally made the choices indicated in the foregoing statement.


                                    _____
                                    (Signature of counsel)
                                    (typed name, service number, grade, branch)

*Figure 1. Individual's Statement.*

AGO 5247A

9

05/13/2004 10:48 FAX

**AR 635-212**

he will appoint a counsel; appoint a military counsel of the individual's choice, provided the requested counsel is reasonably available, or permit the individual to be represented by civilian counsel at his own expense; as indicated by the individual's signed statement (fig. 1).

## Section V. BOARD OF OFFICERS

**17. Board of officers.** *a. Organization.* Boards of officers convened to determine whether an individual should be discharged under the provisions of this regulation will consist of not less than three commissioned officers, at least one of whom is in the grade of major or higher, and a nonvoting recorder. Care will be exercised to insure that—

(1) The board is composed of experienced officers of mature judgment.

(2) The board is composed of unbiased officers fully cognizant of applicable regulations and policies pertaining to cases of the nature for which the board is convened.

(3) In the case of an enlisted member of the Women's Army Corps, the board will include an officer of the Women's Army Corps.

(4) In the case of an individual who has a Reserve enlisted status the membership of the board will include a majority of Reserve officers if reasonably available. Where a Reserve majority is not available, the board will include at least one Reserve component officer.

(5) In the case of an enlisted member of the Army who holds a Reserve commission or warrant, the board will be composed of an uneven number of commissioned officers. The officers will be senior in permanent grade to the Reserve grade held by the enlisted member. One member of the board will be a Regular Army officer and the remainder Reserve officers of the Army who are serving on active duty. If the enlisted member also is an ARNGUS officer, at least one member of the board will be an ARNGUS officer, if reasonably available.

(6) The board is provided a competent reporter (or stenographer).

*b. General.* The following procedures have proved useful in effective processing by boards:

(1) Appointing a permanent board of officers to serve as large a unit as practicable. Changes should be held to a minimum and regulated to provide continuity. This assures uniform treatment for lower or parallel units and will provide a volume of cases sufficient to allow the board members to attain professional competence in this duty. On a permanent board the members will gain experience from which evolves judgment more mature and more sensitive to the interest of both the individual and the service.

(2) Disseminating procedural instructions to lower units by the recorder of the board serving the units.

(3) Recessing a hearing for 30 to 90 days where the board members are unable to reach an agreement based on the data at hand so that further rehabilitation data may be secured.

(4) As an exception to paragraph 13*b*, AR 15–6, except medical and psychiatric testimony may be presented in the form of affidavit. However, if the respondent desires to present such evidence, he is entitled to have the witnesses appear in person, if they are reasonably available.

*c. Board procedures.*

(1) A minimum of 15 days' written notice before date of hearing will be given an individual who is to appear before a board of officers so that he or his council may prepare his case. The individual will be notified of the names and addresses of witnesses expected to be called at the board hearing and that the recorder of the board

10

AGO 5847A

will, upon request of the individual, endeavor to arrange for the presence of any available witness he desires to call. A copy of all affidavits and depositions of witnesses unable to appear at the board hearing will be furnished to the individual. When for overriding reasons the minimum of 15 days cannot be granted, the president of the board will insure that the reason for acting before that time is fully explained and recorded in the proceedings of the board. Requests for additional delays (normally not to exceed a total of 30 days after notice) will be granted if in the judgment of the convening authority or the president of the board, delay is warranted to insure that the respondent receives a full and fair hearing.

(2) An enlisted person who has not waived a hearing before a board of officers and whose case is presented to such a board has the following rights which will be explained to the individual by the president of the board:

(a) He may appear in person, with or without counsel, at all open proceedings of the board. He may have military counsel of his own choice, provided proper authority determines the counsel requested is reasonably available. He may employ civilian counsel at his own expense. When an enlisted person appears before a board of officers without counsel, the record will show that the president of the board counseled the respondent as to type of discharge that he may receive as a result of the board action, the effects of such discharge in later life, and that he may request counsel. The record will reflect the respondent's response.

(b) He may challenge any voting member of the board for cause only.

(c) He may request the appearance before the board of any witness whose testimony he believes to be pertinent to his case. He will specify in his request the type of information the witness can provide. The board will secure the attendance of a witness if it considers that he is reasonably available, and that his testimony can add materially to the case. The attendance of military witnesses under the control of the convening authority will be ordered to attend if reasonably available. The attendance of other military witnesses will be requested through command channels. However, witnesses not on active duty must appear voluntarily and at no expense to the Government.

(d) He may at any time before the board convenes or during the proceedings submit any answer, deposition, sworn or unsworn statement, affidavit, certificate, or stipulation. This includes but is not limited to depositions of witnesses not deemed to be reasonably available or witnesses unwilling to appear voluntarily.

(e) He may or may not submit to examination by the board. The provisions of Article 31, Uniform Code of Military Justice will apply.

(f) He and his counsel may question any witness who appears before the board.

(g) Failure of the individual to invoke any of the above rights, after he has been apprised of same, cannot be considered as a bar to the board proceedings, findings, and recommendations.

(3) In the case of an enlisted member holding a Reserve commission or warrant, the board will notify the individual that the action involves his Reserve status and may result in the termination of such status.

(4) For rules of procedure and evidence,

AR 635–212

and swearing of witnesses, see AR 15–6.

(5) The president of the board will insure that sufficient testimony is presented to enable the board to fairly evaluate the usefulness of the individual. The testimony will be specific as to circumstances, events, times, dates, and other facts.

(6) The proceedings of the board will be as complete as possible and will contain a verbatim record of the findings and recommendations. An example of a report of board proceedings is shown in the appendix.

d. *Recommendations.*

(1) The board convened to determine whether an individual should be separated for unfitness will recommend that he be—

(a) Separated because of unfitness (indicating type of discharge certificate—honorable, general, undesirable—to be furnished), or

(b) Separated because of unsuitability (indicating type of discharge certificate—honorable, general—to be furnished), or

(c) Retained in service. The recommendation will indicate the type of duty which it is believed he can perform satisfactorily.

(2) The board convened to determine whether an individual should be separated for unsuitability will recommend that he be—

(a) Separated because of unsuitability (indicating type of discharge certificate—honorable or general—to be furnished), or

(b) Retained in service. The recommendation will indicate the type of duty which it is believed he can perform satisfactorily.

(3) In the case of an enlisted member holding a Reserve commission or warrant, the board will make separate recommendations concerning Reserve status including type of discharge certificate to be issued. The recommendations should be compatible with enlisted status recommendations. Normally, facts warranting separation from an active enlisted status under this regulation will also warrant termination of a Reserve commission or warrant. Under certain circumstances it may be reasonable to recommend retention in an active enlisted status but termination of a Reserve commission or warrant.

e. *Forwarding report of proceedings.* The completed report of proceedings will be forwarded to the commander exercising general or special court-martial jurisdiction, as appropriate, for final determination and disposition. When board action is completed on an individual referred to in paragraph 5a, the findings and recommendations of the board with complete documentation and the recommendation of the convening authority will be forwarded to The Adjutant General, ATTN: AGPO–SS, Department of the Army, Washington, D.C., 20315, for final determination in cases wheer the convening authority recommends discharge.

18. Limitations on administrative discharges and board hearings. See paragraph 1–13, of AR 635–200 for limitations on administrative discharges and board hearings and rehearings.

## Section VI. ACTIONS AFTER BOARD

19. Convening authority action. a. When a case has been referred to and action completed by the board, the board proceedings will be reviewed by a qualified officer fully cognizant of applicable regulations and policies to determine whether it meets the requirements of the administrative discharge proceedings. When the board recommends an undesirable discharge

12

be issued, the proceedings will be reviewed by a member of the Judge Advocate General Corps. Upon completion of the review the commander may—

    (1) When the board has recommended separation for unfitness—

      (a) Direct separation of the individual for unfitness (except for individuals referred to in para 5a) (see para 17e); or

      (b) Direct separation of the individual for unsuitability (except for individuals referred to in para 5a) (see para 17e); or

      (c) Disapprove the recommendation and direct retention of the individual.

      (d) Approve separation for unfitness and suspend execution of the separation (para 20).

    (2) When the board has recommended separation for unsuitability—

      (a) Direct separation of the individual for unsuitability (except for individuals referred to in para 5a) (see para 17e); or

      (b) Disapprove the recommendation and direct retention of the individual.

      (c) Approve separation for unsuitability and suspend execution of the separation (para 20).

    b. The convening authority's deputy or other officer within his headquarters may be delegated authority to approve, disapprove, or otherwise appropriately dispose of cases except to direct an undesirable discharge. The convening authority is required to personally sign any action directing an undesirable discharge of an enlisted member under his command. He may direct other appropriate disposition of the case. Where the officer exercising special court-martial jurisdiction is the convening authority, authority to approve, disapprove, or otherwise appropriately dispose of a case may not be delegated.

    c. The convening authority will not direct a discharge for unfitness when the board of officers has recommended discharge because of unsuitability; nor will he direct discharge when the board of officers has recommended retention.

    d. The convening authority will not authorize the issuance of a discharge of a lesser character than that recommended by the board (i.e., honorable to general or general to undesirable). He may authorize issuance of a discharge of a higher character than that recommended by the board (i.e., general to honorable or undesirable to general or honorable).

    e. An individual who has completed 19½ or more years active service creditable toward retirement for whom elimination is recommended to Headquarters, Department of the Army, will be afforded the opportunity of applying for retirement to be effective immediately or on completion of 20 years' Federal service; however, he will be advised that authority to submit the application does not carry assurance that the application will be approved. DA Form 2339 (Application for Voluntary Retirement) will be appended when the case is forwarded to Headquarters, Department of the Army. A Report of Medical Examination (SF 88) as prescribed in paragraph 12, AR 635-230 will be appended to the application for retirement.

    f. When a member of the Reserve components is to be eliminated under this regulation, the convening authority will determine specifically from Board findings whether the member concerned is being eliminated because of moral or professional dereliction.

    20. **Suspension of execution of approved discharge.** In order to afford a highly deserving member a probationary period to demonstrate successful rehabilitation prior to expiration of his enlistment or period of obligated service, the convening authority may suspend execution of an approved discharge for a period not to exceed 6 months. See paragraph 1-15, AR 635-200 for procedures.

    21. **Reduction in grade.** When an individual is to be discharged as unfit with an undesirable discharge, the convening authority will direct his immediate reduction to the lowest enlisted grade under the provisions of section VII, chapter 7, AR 600-200.

AR 635-212

## Section VII. RECORDS AND DISCHARGE

**22. Disposition of proceedings.** *a.* When separation is ordered, the approved proceedings will be forwarded to the commander having custody of the individual's records for the purpose of transfer processing in accordance with AR 612-22 or AR 612-50 and AR 635-61. The original copy of the proceedings will be filed as permanent material in the "Field 201 file section" of the individual's DA Form 201.

*b.* When separation is not ordered by the convening authority, the proceedings will be filed at the headquarters, and the enlisted persons' commanding officer will be notified of the final action. When practicable, the convening authority will direct reassignment of the individual to a different organization. Ultimate disposition of the board proceedings will be governed by AR 345-210.

*c.* An individual who is to be separated will be furnished a copy of the board proceedings, minus such written testimony and reports which would prove injurious to his physical or mental health.

    (1) The respondent's copy of the proceedings will be marked "Copy for (name and Army service number of the individual)" and furnished the individual or his counsel. A signed receipt will be obtained from the individual or his counsel to whom the copy is furnished and filed with the original board proceedings. If the individual refuses to sign the receipt, a statement to that effect will be submitted.

    (2) If the individual or his counsel does not desire a copy of the board proceedings, or if for any other reason a copy is not furnished, a notation will be made on the individual's copy to accompany the original. Release of this copy thereafter may be made only by The Adjutant General.

*d.* When the convening authority approves a recommendation that an enlisted member may be discharged from a Reserve commission or warrant he will forward a copy of the approved proceedings to the Commanding Officer, U.S. Army Administration Center, ATTN: AGAC-R, St. Louis, Mo., 63132, for appropriate action under the provisions of AR 135-175. Action under AR 135-175 will be taken after member's separation from enlisted status.

**23. Reason and authority for separation.** When an individual is discharged, released from active duty for training, or discharged from status as "a Reserve of the Army" pursuant to this regulation, the specific reason and authority for discharge (item 11c, DD Form 214 (Armed Forces of the United States Report of Transfer or Discharge)) will be entered as shown in appendix I, AR 635-5.

**24. Form of discharge certificate to be given.** *a.* An individual discharged for unfitness will be furnished DD Form 256A (Honorable Discharge Certificate), DD Form 257A (General Discharge Certificate), or DD Form 258A (Undesirable Discharge Certificate) as directed by the convening authority.

*b.* An individual discharged for unsuitability will be furnished DD Form 256A (Honorable Discharge Certificate) or DD Form 257A (General Discharge Certificate) as directed by the convening authority.

**25. Separation of ARNGUS and USAR trainees.** *a.* ARNGUS trainees will be released from active duty for training and returned to the control of the appropriate State National Guard authorities for discharge. A copy of the approved proceedings will be forwarded to the adjutant general of the State.

*b.* USAR trainees will be discharged from their status as "a Reserve of the Army".

**26. Errors and discrepancies noted before accomplishing discharge.** The type of discharge directed by the convening authority may be changed only by Headquarters, Department of the Army. If material errors or discrepancies in approved board proceedings are found by

AGO 8847A

.

other headquarters processing the case (i.e., transfer activities), the case will be referred for review before discharge to The Adjutant General, ATTN: AGPO–SS, Department of the Army, Washington, D.C., 20315.

27. Reentry into Army. a. To preclude reentry into the Army unless authorized by appropriate authority, the DD Form 214 of all individuals, with the exception of those re-

ferred to in paragraph 5a, discharged under this regulation will be coded "RE–3" and "Paragraph 9, AR 601–210 applies" entered in item 32.

b. Individuals referred to in paragraph 5a discharged under this regulation are not eligible for reenlistment. The DD Form 214 will be coded "RE–4" and "Paragraph 10, AR 601–210 applies" entered in item 32.

AR 635-212

# APPENDIX

SAMPLE REPORT OF PROCEEDINGS OF BOARD OF OFFICERS

DEPARTMENT OF THE ARMY
COMPANY A
4th BATTLE GROUP, 96th INFANTRY
FORT JACKSON, SOUTH CAROLINA

15 May 1966

SUBJECT:  Discharge for Unfitness Under AR 635-212

THRU:    Commanding Officer

          4th Battle Group, 96th Infantry

          Fort Jackson, South Carolina

TO:      Commanding General

          118th Infantry Division

          Fort Jackson, South Carolina

1.  It is recommended that Private (E-2) John A. Doe, RA 75 648 321, be required to appear before a board of officers convened under the provisions of AR 635-212 for the purpose of determining whether he should be discharged before the expiration of his term of service.

2.  In support of the recommendation, the following report is rendered in accordance with the provisions of paragraph 11 of the cited regulations.

    a.  Soldier enlisted 15 March 1965 for a term of three years and has no prior service.  He is 20 years old.

    b.  Soldier has no reserve commission or warrant.

EXHIBIT A

AGO 8341A

17

AR 635-212

15 May 1966

SUBJECT:  Discharge for Unfitness Under AR 635-212

    c.  Discharge is recommended because of habits and traits of character manifested by repeated commission of petty offenses and habitual shirking.

    d.  His AFQT score is 42 and his duty MOS is 11B.  His aptitude area scores are as follows:

| APT | OCC | SCORE |
|-----|-----|-------|
| CO | 1 | A - 92, B - 89 |
| EL | 2-3 | 79 |
| GM | 4-5 | 105 |
| MM | 6 | 89 |
| CL | 7 | 85 |
| GT | 8-9-0 | 87 |
| RC | 0 | 100 |
| IN | | 85 |
| AE | | 70 |

    e.  During the period 1 August 1965 to date, this soldier has been assigned to various duty assignments (three different companies) in the battle group commensurate with his training and ability and has served under different superior officers and noncommissioned officers.  In each instance, his performance of duty has been unsatisfactory.  His military superiors and the psychiatric examiner agree that further rehabilitative efforts would be useless.  His assignments in this battle group have been as listed below:

        (1)  1 August 1965 - 3 November 1965, Company C.

        (2)  4 November 1965 - 1 March 1966, Company B.

        (3)  2 March 1966 - Date, Company A.

    f.  Soldier has been counseled as indicated below:

18

AGO 8347A

16 May 1966

SUBJECT:   Discharge for Unfitness Under AR 635-212

(1)  8 September 1965 and 8 October by Captain Winfield M. Elrod, Commanding Officer, Company C, 4th Battle Group, 96th Infantry.

(2)  19 December 1965 by Lieutenant Titus L. Moody, Executive Officer, Company B, 4th Battle Group, 96th Infantry.

(3)  3 March 1966 by Captain William P. Peters, Commanding Officer, Company A, 4th Battle Group, 96th Infantry.

(4)  2 April 1966 by Chaplain (Major) Howard X. Cross, Headquarters, 118th Infantry Division.

g.  As discharge is recommended for the reasons stated in c, above, elimination for unsuitability is not considered appropriate.  This soldier's performance is characterized by intentional shirking of his duties and by behavior rendering him repeatedly subject to punitive action. His behavior is not due to an incapacity to become a satisfactory soldier within the meaning of unsuitability.  There appear to be no grounds for other disposition of this soldier.

h.  This soldier's conduct and efficiency ratings have been as follows:

(1)  22 March 1965 - 31 July 1965:  Conduct - Satisfactory
                                    Efficiency - Satisfactory

(2)  1 August 1965 - 3 November 1965:  Conduct - Poor
                                       Efficiency - Unsatisfactory

(3)  4 November 1965 - 1 March 1966:  Conduct - Poor
                                      Efficiency - Unsatisfactory

AGO 6247A

19

AR 635-212

15 May 1966

SUBJECT:  Discharge for Unfitness Under AR 635-212

(4)  2 March 1966 - Date:  Conduct - Poor

Efficiency - Unsatisfactory.

i.  Soldier has two convictions by summary and one by special court-martial.  He was convicted by summary court on 4 September 1965 for seven days AWOL and on 23 April 1966 for damaging United States property through neglect.  He was convicted by special court-martial on 10 May 1966 for six days AWOL and disrespect to a noncommissioned officer while in execution of office.  Extract copies of soldier's service record showing previous convictions are inclosed (incl 1).

j.  Soldier has been punished in this company on three separate occasions under the provisions of Article 15, UCMJ.  Copies of DA Forms 2627 pertaining to these offenses are inclosed (incl 2).

k.  A report of psychiatric examination is inclosed (incl 3).

3 Incl                          WILLIAM P. PETERS
  as                            Captain, Infantry
                                Commanding

AGO 8847A

AJ    Doe, John A. (Enl)            1st Ind
RA 75648321 (15 May 66)

SUBJECT:  Discharge for Unfitness Under AR 635-212

HQ, 4th Battle Group, 96th Infantry, 118th Infantry Division, Fort Jackson,

South Carolina, 18 May 1966

TO:  Commanding General, 118th Infantry Division, Fort Jackson, South Carolina

Recommend approval.

FOR THE COMMANDER:


3 Incl                    R. E. COIL
nc                        Captain, Infantry
                          Adjutant


AJ    Doe, John A. (Enl)        2d Ind
RA 75648321 (15 May 66)

HQ, 118th Infantry Division, Fort Jackson, South Carolina, 23 May 1966

TO:  Commanding General, Fort Jackson, South Carolina

Referred for consideration by the board of officers appointed by

paragraph 1, Special Orders 114, this headquarters, 1 May 1966.

FOR THE COMMANDER:


3 Incl                    JOHN C. FLEET
nc                        Captain, AGC
                          Assistant Adjutant General


AGO 8341A                                                    21