## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THOMAS ROBERTS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case Number: 05-02430 (ESH)** |
| ) | |
| ) | |
| **SECRETARY OF THE ARMY,** ) | |
| **et al,** ) | |
| **Defendant.** ) | |
| _____ ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
### DEFENDANTS' MOTION TO DISMISS, IN PART, AND FOR SUMMARY JUDGMENT

Defendants file this Memorandum in support of Defendants' Motion to Dismiss, in part,

and for Summary Judgment.  Plaintiff's Complaint should be dismissed in part, pursuant to

Federal Rule of Civil Procedure 12(b)(1), on the ground that the Court lacks subject matter

jurisdiction over Plaintiff's mandamus claim.  If this Court construes Plaintiff's Complaint as a

challenge to either of his discharges or to the denial of Plaintiff's application to the Army

Discharge Review Board ("ADRB"), the Complaint should also be dismissed, in part, pursuant to

Fed. R. Civ. P. 12(b)(1) and (6) as Plaintiff has failed to state a claim upon which relief can be

granted due to the statute of limitations. Because the statute of limitations is a condition on the

government's waiver of sovereign immunity, the Court lacks jurisdiction over these claims.

Similarly, Plaintiff's request for this Court to direct the Army to upgrade his discharge to either

Honorable or General is nonjusticiable, and therefore should also be dismissed, pursuant to Fed.

R. Civ. P. 12(b)(6).  Finally, Defendants are entitled to judgment as a matter of law on Plaintiff's

remaining claims pursuant to Fed. R. Civ. P. 56 because there is no genuine issue as to any

material fact and the Board's decisions are supported by law and regulation.  Defendants'

statement of material facts not in genuine dispute and the Administrative Record ("AR") support

defendants' motions.


## I.  INTRODUCTION

Plaintiff, a former soldier of the United States Army, brings suit under the Administrative

Procedure Act (APA), 5 U.S.C. 701, et. seq. 28 U.S.C. 1331, 5 U.S.C. 701, et. seq., the

Declaratory Judgment Act, 28 U.S.C. 2201-2202, the All-Writs Act, 28 U.S.C. 1651, and

although not specifically cited by Plaintiff in the Jurisdictional section of the complaint, the

Mandamus Act, 28 U.S.C. 1361.  See Compl. p. 14.  Plaintiff seeks to upgrade his undesirable

discharge to either an honorable or general under honorable conditions discharge.[1]

Plaintiff enlisted in the United States Army on July 13, 1967.  AR 302.  On March 1,

1968, he received nonjudicial punishment ("NJP"), under the provisions of Article 15, Uniform

Code of Military Justice ("UCMJ") (10 U.S.C. §815), for being disrespectful in language and

disobeying an order.  AR 239.  On April 13, 1968, he received another NJP for being absent

without leave ("AWOL") from 3-9 April 1968.  AR 242.  On May 13, 1968, he was convicted by

a special court-martial for willfully disobeying a lawful order from a superior commissioned

officer and sentenced to 30 days restriction.  AR 244.

On June 17, 1968 Plaintiff was assigned to the Republic of Vietnam(RVN).   He served

---

[1]  A soldier separated from the service, other than by Court-Martial or during initial training, receives one of three characterizations of service, Honorable, General Under Honorable Conditions or Under Conditions Other Than Honorable.  Army Regulation 135-178.

in Vietnam for three month and then was reassigned to a unit in the Republic of Korea on

September 4, 1968.  AR 318.  After his service in Vietnam plaintiff received his third NJP on

December 27, 1968.  AR 242.  Plaintiff's commander initiated the administrative action of

barring the soldier from reenlistment on February 10, 1969 due to his court-martial and three

NJPs.  AR 265.  Plaintiff was convicted by a special court-martial again on April 17, 1969 for

leaving his place of duty without proper authority, violating curfew, stealing Army property,

wrongfully appropriating an Army truck, wrongful possession of marijuana, and breaking

restriction.  AR 251, 325.  Plaintiff was discharged on July 22, 1969 under the provisions of

Army Regulation 635-212, by reason of unfitness, with an Under Conditions Other Than

Honorable Discharge.  AR 49.  He enlisted for a second time on July 28, 1971, AR 200 and 216,

only to be discharged on August 19, 1971.  His service was classified as an erroneous enlistment

and he received an Honorable Discharge.  AR 214.

Plaintiff first applied to have his undesirable discharge upgraded with the Army

Discharge Review Board ("ADRB") in 1972, but his request was denied in 1973.  AR 230-7.

Almost 28 years after the denial by the ADRB, Plaintiff applied to the Army Board for

Correction of Military Records ("ABCMR")[2] on May 29, 2001.  AR 94.  The ABCMR denied his

application on September 20, 2001, AR 82, and found the following: 1) no evidence that he was

under a medical profile due to wounds from combat or that he was suffering from a diagnosed

Post Traumatic Stress Disorder (PTSD) at discharge; 2) no evidence that his character of service

was different after Vietnam than what it was before, which is shown by his conviction by a

---

[2]  The Army Board for Correction of Military Records is composed of civilians appointed by the Secretary of the Army, and has statutory authority to "correct any [Army] record" in order to "remove error or injustice."  10 U.S.C. § 1552(a).

special court-martial and acceptance of two NJP's prior to his tour in Vietnam and his conviction

by another special court-martial and acceptance of another NJP after his tour in Vietnam; 3)

sufficient evidence that he probably should have been separated from his 1971 enlistment by

reason of fraudulent entry and not given a characterization of service for this second enlistment.

AR 89-90.

On December 26, 2001, Plaintiff applied to the ABCMR for reconsideration. AR 71. On

June 4, 2002, the ABCMR denied Plaintiff's December 26th application for reconsideration and

held that his submissions and arguments were insufficient as a bases to reverse its previous

decision. AR 66-69. Plaintiff applied to the ABCMR again on June 10, 2002, but this was also

denied because the staff of the ABCMR determined that his case was previously considered and

the application failed to include appropriate evidence. AR 47-8.

Plaintiff applied to the ABCMR yet again on December 27, 2002 for reconsideration, AR

46, only to be denied again on July 15, 2003. AR 47. With the assistance of counsel, Plaintiff

requested a 4th Reconsideration by the ABCMR requesting an upgrade in his discharge, along

with "back pay and restoration of all rights and privileges" for his two enlistments. AR 31. On

March 17, 2005, the ABCMR denied Plaintiff's most recent request for reconsideration. AR 1.

Plaintiff alleges that the ABCMR abused its discretion, acted arbitrarily, capriciously, and

contrary to law in its decisions dated September 6, 2001; May 16, 2002; January 21, 2003; July

15, 2003; and March 17, 2005. Complaint (hereinafter "Compl."), p. 12, ¶ 31, 33. Additionally,

plaintiff alleges the ABCMR decisions dated January 21, 2003 and July 15, 2003 violated the

provisions of 10 U.S.C. § 1552 by returning those actions without consideration. Compl., p. 13,

¶ 35.

Plaintiff's complaint requests equitable relief, to include an order (1) setting aside the September 6, 2001, May 16, 2002, January 21, 2003, and July 15, 2003 decisions of the ABCMR; (2) setting aside the March 17, 2005 decision by the ABCMR, refusing to consider plaintiff's request for reconsideration; (3) issuing a writ of mandamus directing the Secretary to upgrade plaintiff's July 22, 1969 discharge to either Honorable or General; and (4) alternatively, remand to the ABCMR with instructions for the ABCMR to consider the new issues and new material evidence supplied in plaintiff's June 4, 2004 submission.  Compl., p.13-14, ¶ Prayer for Relief.

## II.  SUMMARY OF ARGUMENT

The Court lacks subject matter jurisdiction over Plaintiff's mandamus claim seeking an order directing the Secretary to upgrade his 1969 discharge.  Plaintiff does not have a clear right to the relief sought, and the Defendants do not have a clear, non-discretionary duty to provide him the relief he seeks.  Morever, Plaintiff has other adequate remedies.  Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's mandamus claim, and it should be dismissed. Any challenge to either (1) his discharge in 1969 or 1971, or (2) the decision by the ADRB denying plaintiff's request to upgrade the characterization of his discharge, must be dismissed due to the statute of limitations.

Finally, the ABCMR did not act arbitrarily or capriciously or in violation of law in denying plaintiff's application for relief.  Accordingly, defendants are entitled to summary judgment.

### III.  STATEMENT OF FACTS

We respectfully refer the Court to Defendants' Statement of Material Facts to Which There is No Genuine Dispute filed simultaneously herewith.

### IV.  ARGUMENT

**A.  Plaintiff's Complaint Should Be Dismissed**

**1.  Standard Of Review On A Motion To Dismiss**

    **a)  Lack of Subject Matter Jurisdiction**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Plaintiff bears the burden of establishing that the court has subject matter jurisdiction.  Dist. of Columbia Ret. Bd. v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987).  In considering a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all material factual allegations in the complaint.  Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987).  In addition, a court may consider such materials outside the pleadings as appropriate to resolve the question whether it has jurisdiction to hear the case.  See Herbert v. Nat'l. Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Borg-Warner Protective Servs. Corp. v. EEOC., 81 F. Supp. 2d 20, 23 (D.D.C. 2000).

    **b)  Failure to State a Claim**

A Plaintiff must state a claim upon which relief can be granted.  District of Columbia Retirement Bd. v. United States, 657 F. Supp. 428, 433 (D.D.C. 1987).  A court must accept the

allegations of the complaint as true in determining whether to grant a Rule 12(b)(6) motion to dismiss for failure to state a claim.  Scolaro v. D.C. Bd. of Elections and Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000). See, e.g., Croixland Properties Ltd. Partnership v. Corcoran, 174 F.3d 213, 215 (D.C. Cir.1999).  All reasonable inferences must be drawn in favor of the Plaintiff, and a court should only dismiss a complaint for failure to state a claim "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. (quoting Hishon v. King & Spalding, 467 U.S. 69, 73(1984)); see also Price v. Crestar Secs. Corp., 44 F.Supp.2d 351, 353 (D.D.C.1999).  A court "does not test whether the Plaintiff will prevail on the merits, but instead whether the claimant has properly stated a claim." Price at 353.

## 2. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Mandamus Claim

Plaintiff asks this Court to "re-characterize Plaintiff's July 22, 1969 discharge as either Honorable or General."  Compl. p. 14, ¶ 3.  Plaintiff has failed to set forth the necessary prerequisites for mandamus relief in his complaint.  "The mandamus remedy is an extraordinary one, and it is to be utilized only under exceptional circumstances."  Haneke v. Secretary of Health, Education, and Welfare, 535 F.2d 1291 (D.C. Cir. 1976).

To qualify for mandamus relief, Plaintiff must show: 1) a clear right to the relief sought; 2) the defendants have a clear duty to act; and 3) the absence of any other adequate remedy. Swan v. Clinton, 100 F.3d 973, 977 (D.C. Cir. 1996) (quoting American Cetacean Society v. Baldridge, 768 F.2d 426, 433 (D.C. Cir. 1985); Atlantic Tele-Network Inc. v. Inter-American Development Bank, 251 F. Supp. 2d 126, 131 (D.D.C. 2003).  Furthermore, the Defendants' duty to act must be clear, ministerial and non-discretionary.  NTEU v. Bush, 715 F.Supp. 405, 407 (D.D.C. 1989).

Plaintiff has failed to show that Defendants have a clear, ministerial, non-discretionary duty to perform any acts other than those already performed on his behalf. The characterization of a service member's discharge is the very essence of a discretionary military decision. See, e.g., Gilligan v. Morgan, 413 U.S. 1 (1973) (The complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments...). Plaintiff cannot demonstrate that any military official has a duty to confer upon him an honorable discharge, particularly in light of Plaintiff's repeated indisciplines while in military service. As the characterization of a service member's discharge is a wholly discretionary military decision, Plaintiff fails to meet the second prerequisite for mandamus relief.

Finally, Plaintiff has another adequate remedy which precludes the availability of mandamus relief. Plaintiff has the ability to obtain relief from this Court under the APA. Given the existence of relief under the APA, mandamus relief is unavailable. Swan, 100 F.3d at 977 (D.C. Cir. 1996).

Plaintiff has failed to establish a clear right to the relief sought, or that the Defendants had a non-discretionary duty to provide the relief he seeks, therefore mandamus is improper. The Court therefore lacks subject matter jurisdiction over Plaintiff's mandamus claim, and that claim should be dismissed.

**4.  Any Challenge To Plaintiff's Discharge In 1969, Plaintiff's Discharge In 1971, Or The Denial By The Army Discharge Review Board In 1972 Must Be Dismissed Due To The Statute Of Limitations**

Plaintiff's request for a writ of mandamus directing the issuance of an Honorable or General discharge appears to be a challenge to his discharge or the 1973 ADRB decision. Should

the Court conclude that it has jurisdiction, and construes the Complaint to be challenging his

discharges or the denial by the ADRB, it is evident that plaintiff has filed well outside the

limitations period.  Title 28 U.S.C. § 2401(a) provides that every civil action commenced against

the United States shall be barred unless the complaint is filed within six years after the right of

action first accrues.  The purpose of the statute of limitations is well-established in law.  It bars

stale claims, protects defendants from the disadvantages of lost records and witnesses, poor

memories, and provides finality to disputes.  United States v. Kubrick, 444 U.S. 111 (1979);

Railroad Telegraphers v. Railway Express Agency, 321 U.S. 342, 3449 (1944 ).

    The statute of limitations begins to run when the plaintiff is "armed with the facts about

the harm done to him."  United States v. Kubrick, 444 U.S. 111, 123 (1979); See Harris v. FAA,

353 F.3d 1006 (D.C. Cir. 2004); Walters, et al. v. Secretary of Defense, et al., 725 F.2d 107 (D.C.

Cir. 1983).  Moreover, the statute of limitations may not be waived but must be strictly

construed.  Id.  "The principal purpose of statutes of limitations is to 'protect defendants and

courts from having to deal with cases in which the search for truth may be seriously impaired by

the loss of evidence, whether by death or disappearance of witnesses, fading memories,

disappearance of documents, or otherwise.'"  Geyen v. Marsh, 775 F.2d 1303, 1308 (5th Cir.

1985), quoting Kubrick at 117.

**_____a) Statute Of Limitations Bars Any Challenges To Plaintiff's Discharges In 1969
And 1971**

    "If a service member brings a direct challenge to his or her discharge, the six-year statute

of limitations of 28 U.S.C. § 2401(a) is the period of limitations that applies," Nihiser v. White,

211 F. Supp. 2d 125, 128 (D.D.C. 2002), and plaintiff's cause of action accrues at the "time

when he began to suffer an alleged disadvantage -- when he received his less-than-honorable

discharge," Walters v. Secretary of Defense, 725 F.2d 107, 113 (D.C. Cir. 1983). Therefore, any

challenge to his discharges was barred after six years passed from the date of each discharge.

Specifically, any challenge to Plaintiff's July 22, 1969 discharge was barred after July 21, 1975.

Similarly, any challenge to his August 19, 1971 discharge was barred after August 18, 1977.

Plaintiff now brings this action in December 2005; more than 28 years after his most recent

discharge.  Accordingly, his complaint, as it relates to challenging his discharge, is time-barred

by 28 U.S.C. § 2401(a) and should be dismissed.

**b) Army Discharge Review Board Decision**

Mr. Roberts' application to the Army Discharge Review Board ("ADRB"), pursuant to 10

U.S.C. § 1553, was denied on January 4, 1973 because the ADRB held that he was properly

discharged.  AR 230-37.  Therefore, the accrual date for the ADRB decision was January 4,

1973, and therefore, as of January 4, 1979, plaintiff was barred from challenging the ADRB

decision due to the statute of limitations.  Any challenge to that decision should also be

dismissed.


**5.  Plaintiff's Claim For An Upgrade In The Characterization Of His Discharge Is Nonjusticiable**

Plaintiff's request that this Court order the Defendants to upgrade his discharge is

nonjusticiable.  The United States Supreme Court has admonished lower courts to be extremely

reluctant to interfere with the military's exercise of discretion in internal military matters,

especially when adjudicating matters involving discipline, morale, composition of the force, and

personnel matters. See, e.g., Goldman v. Weinberger, 475 U.S. 503 (1986); Gilligan v. Morgan, 413 U.S. 1 (1973); Orloff v. Willoughby, 345 U.S. 83 (1953)(the military constitutes a separate discipline from that of the civilian: "Judges are not given the task of running the Army . . . . Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters."). Consequently, "[u]nless Congress specifically has provided otherwise, courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs." Department of the Navy v. Egan, 484 U.S. 518, 530 (1988). The federal courts "are ill-equipped to determine the impact upon discipline that any particular intrusion upon military authority might have." Chappell v. Wallace, 462 U.S. 296, 305 (1983). The Constitution entrusts regulation and control of the military to the legislative and executive branches of the Government.

In Baker v. Carr, 369 U.S. 186, 217 (1962), the Supreme Court held that federal courts lacked jurisdiction to decide issues reserved by the Constitution to the other branches of government. See also Goldwater v. Carter, 444 U.S. 996, 998 (1979). For the Court to order the Defendants to upgrade Plaintiff's discharge, the court would need to intervene in the management and control of the military, areas constitutionally reserved to the executive and legislative branches of government. Gilligan, 413 U.S. at 7, accord, Chappell v. Wallace, 462 U.S. 296, 301 (1983); See also Kreis v. Secretary of the Air Force, 866 F.2d 1508, 1511 (D.C. Cir. 1989). As such, Plaintiff's request for such an order is nonjusticiable.

Few decisions are more central to "running the Army" than determining how a soldier's service should be characterized. This Court should therefore refrain from directing the Army's

11

decision on how to characterize a soldier's service, which clearly involves the "complex, subtle and professional decisions as to the composition, training, equipping, and control of [the] military force." Gilligan, 413 U.S. at 10 .

Plaintiff's claim for an honorable or general discharge fails to state a claim upon which relief can be granted and should therefore be dismissed.

## B. The Decisions of the ABCMR were not Arbitrary Capricious or Contrary to Law and Defendants are entitled to Summary Judgment

### 1. Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984). Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing' - - that is, pointing out to the [Court] - - that there is an absence of evidence to support the non-moving party's case." Celotex, at 325. Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus to avoid

summary judgment, the Plaintiff must state specific facts or present some objective evidence that would enable the court to find he is entitled to relief.

In an opinion issued the same day as <u>Celotex</u>, the Supreme Court explained the circumstances in which summary judgment is appropriate:

> If the evidence is merely colorable . . . or is not sufficiently probative . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 252.  Unsupported speculation is not enough to defeat a summary judgment motion; the existence of specific material evidentiary facts must be shown. Fed. R. Civ. P. 56(e)(the nonmoving party may not rest on mere allegations but "must come forward with 'specific facts showing there is a genuine issue for trial.").  <u>See</u> <u>also</u> <u>Hayes v. Shalala</u>, 902 F.Supp. 259, 263 (D.D.C. 1995)(opposition to summary judgment must consist of more than mere unsupported allegations or denials); <u>Johnson v. Digital Equip. Corp.</u>, 836 F.Supp. 14, 18 (D.D.C. 1993)(evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment); <u>Batson v. Powell</u>, 912 F.Supp. 565, 578 (D.D.C. 1996) <u>aff'd</u> 203 F.3d 51 (D.C. Cir 1999).

In <u>Celotex</u>, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327, <u>quoting</u> Fed. R. Civ. P. 1.

**2.    <u>Review Is Limited Under the Administrative Procedure Act</u>**.

To prevail in this Court, plaintiff "must overcome the strong, but rebuttable, presumption

that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith." Frizelle v. Slater, 111 F.3d 172, 177 (D.C. Cir. 1997)(quoting Sanders v. United States, 594 F.2d 804, 813 (Cl. Ct. 1979).  To rebut this presumption, plaintiff must establish through "cogent and clearly convincing evidence" that the ABCMR's findings were arbitrary, capricious, unsupported by substantial evidence, or contrary to law or regulations. McDougall v. Widnall, 20 F.Supp. 2d 78, 82 (D.D.C. 1998).  Due to this very high standard, only the most egregious agency decisions do not satisfy this very deferential standard of review.  Kreis v. Air Force, 866 F.2d 1508, 1515 (D.C. Cir. 1989).

        In reviewing an agency's action under the APA's standard, a Court "will not disturb the decision of an agency that has 'examined the relevant data and articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made." MD Pharmaceutical, Inc. v. D.E.A., 133 F.3d 8, 16 (D.C. Cir. 1998).  The explanation for its action "does not mean that an agency's decision must be a model of analytic precision to survive a challenge." Dickson v. Secretary of Defense, 68 F.3d 1396, 1404 (D.C. Cir. 1995).  A reviewing court will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." Id.  Even if reasonable minds might reach differing conclusions, the Court is not empowered to substitute its judgment for that of the agency.  U.S.P.S. v. Gregory, 534 U.S. 1, 6-7 (2001).

        "When reviewing a decision by a military Correction Board, a Court must do so under an 'unusually deferential application of the arbitrary or capricious standard of the APA.'" Lebrun v. England, 212 F. Supp. 2d 5, 14 (D.D.C. 2002) (quoting Musengo v. White, 286 F.3d 535, 538 (D.C. Cir. 2002)).  See also Piersal v. Winter, 435 F.3d 319 (D.C. Cir. 2006) (Review of military

14

corrections board decision is to be under a particularly deferential standard of review).

## 2. The ABCMR's Decision Was Rational And Not Arbitrary, Capricious, Unsupported By Substantial Evidence, Or Contrary To Law Or Regulations

The administrative record establishes that defendants are entitled to summary judgment. Pursuant to 10 U.S.C. § 1552, the Secretary has implemented Army Regulation 15-185, Exhibit A, to consider corrections to military records. The regulation states with specificity that a request for reconsideration must be both within one year of the ABCMR's original decision and not previously reconsidered. Ex. A, para. 2-15a. In short, applicants to the ABCMR have two opportunities to apply to correct their records, the initial application and then one request for reconsideration, provided the request for reconsideration is within the one year limitation contained in paragraph 2-15a of Army Regulation 15-185.

### a) The Initial ABCMR Decision, Dated September 6, 2001, was not arbitrary, capricious, unsupported by substantial evidence, or contrary to law or regulations

Plaintiff's original application, dated May 29, 2001, requested that his discharge be upgraded to Honorable. AR 93. Plaintiff included in his application references to his 1969 discharge, AR 94, and 1971 discharge, AR 96. Also included in his application was a letter from Captain Jose R. Vazquez. AR 96-97. In this letter, Captain Vazquez referred to several events that apparently Plaintiff told him occurred back in Vietnam and his service during his initial enlistment. AR 96-97. Specifically, Captain Vazquez states Plaintiff "sustained injuries to the facial and neck areas" during the Tet 1 Offensive. AR 96. He continues with references to "a

15

blasting cap [blowing] up in his hand while being shot in his lower back by a sniper bullet." AR
96. He continued by stating that Plaintiff was "Air Evacuated from the field and flown to a
medical unit at Tan Su Nut." AR 97.

However, as stated by the ABCMR, a review of the records did not find any evidence that
Plaintiff was wounded in action or medically evacuated in the Republic of Vietnam. AR 87.

Upon review of Plaintiff's records, the ABCMR found a copy of his DD Form 214 that
was issued to him on July 22, 1969. AR 86. This document showed that he was discharged by
reason of unfitness with a reentry code of RE-4 under conditions other than honorable. AR 86,
94. The awards listed on this form included National Defense Service Medal (NDSM), Vietnam
Service Medal (VSM), Air Medal (AM) and Combat Infantryman's Badge (CIB). AR 86, 94.

However, in addition to this form, the ABCMR also reviewed a similar form with the
same date. AR 86, 188. This photo copy was derived from an unknown source and contained
unsubstantiated data, such as a service characterization as Honorable, reentry code of RE-1,
various awards with no evidence to support them, and other discrepancies from the first DD
Form 214 referenced above. AR 86, 188. The awards listed on this alternate DD-214 include the
Distinguished Service Cross, and the Silver Star. AR 89. These awards are given for heroism or
gallantry in combat actions. Army Regulation 600-8-22 ¶¶ 3-7 and 3-9.. Additionally the
alternate DD-214 shows the plaintiff having received the Purple Heart (AR 89), awarded to
service members wounded in action. Army Regulation 600-8-22 ¶ 2-8. The reentry Code, RE-1
indicates a service member is eligible to reenter the service, whereas a reentry code RE-4
indicates a service member who was separated from his or her last period of service with a
nonwaivable disqualification. Army Regulation 601-210 Table 3-1.

16

The ABCMR was required to determine which DD-214, found in plaintiff's records, was the accurate one. Plaintiff's application alleged that he was wounded in Vietnam, a claim supported by the alternate DD-214 because of the awards for heroism and gallantry, as well as the Purple Heart. However, the original DD-214 provided no support for this claim. Additionally, the reentry code on the alternate DD-214 would have allowed plaintiff to reenter the service while the original had a reentry code barring plaintiff from doing so. Plaintiff alleges that the ABCMR "obviously believed this document to be spurious and could only have concluded that plaintiff had something to do with it." Compl ¶ 18. However, there is no evidence in the administrative record that the ABCMR made any conclusions regarding the alternate DD-214, other than that it was invalid. *See* AR 83-89.

The ABCMR also reviewed the paperwork related to his second enlistment and determined that he signed the form that indicated he never served before. AR 86, 199-200. Per Plaintiff's request, the Army discharged him and mistakenly issued another DD Form 214. Based on the previous incorrect paperwork, this form for his 1971 discharge also included erroneous remarks and awards. AR 87, 95.

Despite Plaintiff's argument that the ABCMR's denial was contrary to the record, the facts clearly indicate the ABCMR had ample evidence to warrant the denial. As shown in the record and outlined by the ABCMR, Plaintiff received nonjudicial punishment on multiple occasions prior to his tour in Vietnam. On March 1, 1968, Plaintiff was punished for being disrespectful to his superior noncommissioned officer and for disobeying an order. Just six weeks later, on April 13, 1968, he received another NJP for misconduct. Less than 6 weeks after his second NJP, on May 8, 1968, Plaintiff was convicted by a special court-martial for

disobeying an order again.  AR 85-86.

After being assigned on June 17, 1968 for a short time to a unit in the RVN, Plaintiff was reassigned to Korea on September 4, 1968.  Less than four months after arriving in Korea, Plaintiff again was punished via NJP for misconduct.  Due to his misconduct during his first 18 months of service, Plaintiff's commander administratively barred him from reenlisting.  AR 265.

Plaintiff's misconduct continued, as the ABCMR found in the record.  Plaintiff was convicted on May 7, 1969 by a special court-martial again, this time for a variety of crimes.  AR 85.  Based on plaintiff's record, the ABCMR found that plaintiff's character of service was not significantly different after his service in Vietnam than it had been before.  AR 89.  This finding, together with the lack of evidence to support plaintiff's contention that he was wounded in Vietnam gave the ABCMR ample basis for the denial of relief.  AR - 89.  Clearly, after reviewing his record in its entirety, the ABCMR's decision to deny Plaintiff's request was far from arbitrary, capricious, or contrary to law, but in fact the absolute correct decision.

**b) The ABCMR Decision, Dated May 16, 2002, was not arbitrary, capricious, unsupported by substantial evidence, or contrary to law or regulations**

Plaintiff applied to the ABCMR for reconsideration on December 26, 2001 requesting an upgrade of his discharge to Honorable.  AR 71. The ABCMR reviewed the request for reconsideration on the merits and denied the request.  AR 68-69.  As stated in the ABCMR memorandum, AR 68-69, the ABCMR held that the new evidence, meaning his statement of reconsideration, AR 72-74, was insufficient as a basis to change its previous decision.  The ABCMR highlighted that while Plaintiff alleges that he was a victim of racism, which he alleged

was a "practice in the military to bar all black veterans from any benefits," his record supported

the characterization of service he earned.  AR 68.

The ABCMR noted again that his record of misconduct in Korea, where he alleges he

was discriminated against, was very similar to his earlier record of misconduct.  AR 68.  The

administrative record clearly show that the May 16, 2002 denial of Plaintiff's request for

reconsideration was correct.

**c)  The ABCMR decision, dated March 17, 2005, was not arbitrary, capricious, unsupported by substantial evidence, or contrary to law or regulations.**

Plaintiff filed three subsequent requests for reconsideration with the ABCMR.  Plaintiff's

second and third requests are discussed below.  His fourth request was filed on June 4, 2004.  AR

1-40.  Army Regulation 15-185 ¶2-15a allows a single request for reconsideration within one

year of the original denial.  As plaintiff's request had previously been reconsidered, as well as

being more than one year from the decision, the ABCMR denied the request.  AR-1.  On March

17, 2005, the ABCMR announced the denial and stated it will not consider any further requests

for reconsideration on this matter.  AR 1.

**d) The ABCMR Decisions, dated January 21 and July 15, 2003, were not arbitrary, capricious, unsupported by substantial evidence, or contrary to law or regulations and any challenge to them have been rendered moot**

Plaintiff applied for a second and third reconsideration.  The ABCMR denied each

application without going to the merits of the case because the staff determined it was not

appropriate.  At the time of the decisions, pursuant to paragraph 2-15b of Army Regulation 15-

185, requests for reconsideration received more than 1 year after the original consideration or

after the ABCMR has already reconsidered the case would be assessed by the staff of the

ABCMR "to determine if substantial relevant evidence has been submitted that shows fraud,

mistake in law, mathematical miscalculation, manifest error, or if there exists substantial relevant

new evidence discovered contemporaneously or within a short time after the Board's original

decision."  AR 47.

Based on the Army's application of its regulation at the time, the denials were clearly

appropriate.  However, in 2004 this Court held that the review by the staff, pursuant to paragraph

2-15b violated 10 U.S.C. § 1552.  Lipsman v. Sec'y of the Army, 335 F.Supp. 2d 48 (D.D.C..

2004).  Pursuant to the decision in Lipsman, paragraph 2-15b was removed from the regulation.

Thus, now an individual may only request reconsideration of an earlier ABCMR decision

pursuant to ¶ 15a.  As stated above ¶ 15a allows reconsideration only if the request is within one

year of the original decision and it has not been previously reconsidered.  Here, prior to the

January and July 2003 denials, the ABCMR had already reviewed and denied Plaintiff's request

for reconsideration.

Plaintiff erroneously alleges that Defendants violated the provisions of 10 U.S.C. § 1552.

Specifically, Plaintiff states that the staff and not the Board decided to deny Plaintiff's requests

and therefore violated the law as the Court found in Lipsman.  Even assuming the staff did apply

the standards that existed prior to the decision in Lipsman, this argument is moot.  First, Plaintiff

previously applied to the ABCMR on December 26, 2001 with a request for reconsideration, and

the ABCMR considered the application on the merits and denied the request by holding that

Plaintiff "failed to submit sufficient relevant evidence to demonstrate the existence of probable

error or injustice."  AR 67-70.

20

Second, Plaintiff's fourth request for reconsideration was decided consistent with the

Lipsman decision[3] and the regulation. As stated above, the ABCMR denied the June 4, 2004

request by letter dated March 17, 2005 because plaintiff previously submitted a request for

reconsideration (December 26, 2001) which the Board previously considered on the merits. AR

1. Pursuant to the regulation which allows for one request for reconsideration if it is submitted

within one year of the decision on the original application, there is no entitlement to submit

another request for reconsideration.

### e) Summary of the ABCMR denials

The unusually deferential application of the arbitrary or capricious standard of the APA

extends to the ABCMR's interpretation and application of Army regulations. Cargill v. Marsh,

902 F.2d 1006, 1008 (D.C. Cir. 1990) (de novo judicial review of challenge to the Army's

interpretation of its regulation governing tuition reimbursement is inconsistent with the

heightened deference Congress intended the courts to accord determinations of the Correction

Board in proceedings under 10 U.S.C. § 1552 (a)). The ABCMR may rely on a reasonable

interpretation of an Army regulation to suport its decision denying relief. *See* Musengo v. White,

286 F.3d 535 (D.C. Cir. 2002). The plaintiff in Musengo, a major in the United States Army

Reserves, challenged the ABCMR's refusal to alter the senior rater's portion of his OER. Id. at

539. Mr. Musengo, like plaintiff, argued that the ABCMR acted arbitrarily and capriciously by

denying his application for relief. Mr. Musengo's senior rater wrote a letter and gave a deposition

stating that he had made a mistake in issuing Mr. Musengo's rating, and that he had intended to

---

[3] The paragraph in question, 2-15b, is no longer applied, consistent with the Lipsman
decision.

place him "center of mass." Id. The appellate court concluded that the ABCMR's citation to Army Regulation 623-105,[4] was a "reasonable basis for the Correction Board's decision to reject [the senior rater's] statements as insufficient to overcome the presumption of regularity." Musengo, 286 F.3d at 540. Because the appellate court concluded that the regulation was a reasonable basis for the ABCMR's decision, it refused to overturn the ABCMR's findings. Id. at 540-41; See also Cone v. Caldera, 223 F.3d 789, 794-95 (D.C. Cir. 2000).

Both the facts contained in the AR and the Board's interpretation of Army Regulation 15-185 support the ABCMR's decisions. The ABCMR decisions were not arbitrary or capricious or contrary to law. Thus, the Court should not overturn the Board's decision in this regard and should grant defendants summary judgment.

## V.   CONCLUSION

For the foregoing reasons, defendants respectfully requests that the Court grant defendants' motion to dismiss, in part, and for summary judgment.

Respectfully submitted,

_____/s/_____

KENNETH L. WAINSTEIN., D.C. Bar #451058
United States Attorney

---

[4] Army Regulation 623-205 sets forth the policies and procedures for the Officer Evaluation Reporting System. Like noncommissioned officers, commissioned officers receive evaluations. Officer Evaluation Reports (OER) are periodic ratings of an officer's performance and promotion potential. Thus, the analysis should be the same in the case at bar.

_____/s/_____

RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney


_____/s/_____

KEVIN K ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 353-9895


Of Counsel:

LT. COL. JOSEPH C. FETTERMAN
MAJOR CHRISTOPHER P. SOUCIE
U.S. Army Legal Services Agency
901 North Stuart Street
Arlington, Virginia 22203-1837
Attorneys for Defendant