UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                      )
THOMAS ROBERTS,                       )
                Plaintiff             )
                                      )
v.                                    )
                                      )   Civil Action No. 05-2430 (ESH)
Hon. FRANCIS J. HARVEY,               )
Secretary of the Army, et al.,        )
                                      )
                Defendants            )
_____)
```

PLAINTIFF'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to LCvR 7(h) and 56.1, Plaintiff respectfully submits the following statement of material facts as to which there is no genuine issue. This statement is submitted in support of Plaintiff's Opposition to Defendants' Motion to Dismiss, in part, and for Summary Judgment. It is also submitted in support of Plaintiff's Cross-Motion for Summary Judgment. Although Plaintiff does not dispute the Defendants' statement of material facts, the list below is more complete. A glossary of technical terms appears at the end of the list.

    1.   Thomas Roberts' three year enlistment in the U.S. Army began on July 13, 1967. AR 302.

2. On June 17, 1968, he was ordered to Vietnam as a scout observer. AR 249.

3. On August 28, 1968, he was ordered to Korea under the provisions of Army Regulation 614-17, which provided deferments of Vietnam service for soldiers with family members already serving in Vietnam. AR 318. See Army Regulation 614-17 (April 4, 1968) attached as Exhibit C to Plaintiff's Memorandum of Points and Authorities.

4. On March 28, 1969, Mr. Roberts was placed in pre-trial confinement in the Eighth Army Stockade in Seoul, Korea. AR 34, 60.

5. On April 17, 1969, while still in confinement, Mr. Roberts was tried by special court-martial for the following offenses occurring between December 25, 1968, and March 18, 1969: leaving his place of duty without proper authority, violating curfew, stealing Army property, wrongfully appropriating an Army truck, wrongful possession of marijuana, and breaking restriction. AR 251, 323-325. The specification of Charge IV and Charge IV and specification 4 of Charge V were dismissed for lack of sufficient evidence. AR 325. On May 7, 1969, he was sentenced to six months confinement at hard labor. AR 34, 60, 323-325.

6. Mr. Roberts recalls being told by the defense counsel at his court-martial, which Mr. Roberts believed was a special court- martial that did not have the authority to discharge him, that a discharge proceeding would be recommended and that most likely he would receive a General Discharge. AR 34.

7. On May 13, 1969, Mr. Roberts waived his right to counsel, a hearing, and the right to submit statements in his own behalf and submitted to a proceeding to discharge him from the Army for unfitness under the provisions of Army Regulation 635-212. The

- 3 -

waiver specifically recited that he could receive either a General or a Discharge Under Conditions Other Than Honorable ("UCOTH").  See Complaint, Attach. I, Ex. D, (document not in AR).

      8.  Mr. Roberts' field medical file reflects that on May 18, 1969, he may have attempted suicide.  AR 327.

      9.  The Army Board for the Correction of Military Records ("ABCMR" or "the Board") Memorandum of September 6, 2001, points out that because Mr. Roberts was discharged under paragraph 6a(1) of Army Regulation 635-212 a "UD" (undesirable or UCOTH discharge) "was normally considered appropriate."  AR 88.

      10.  Paragraph 4a of Army Regulation 635-212, in effect at the time, provided that "an individual separated by reason of unfitness will be furnished an undesirable discharge" except in special situations for which Mr. Roberts could not qualify.  See Complaint, Attach. I, Ex. G (document not in AR).

      11.  On June 6, 1969, a Military Police correctional officer, Lt. Raymond Reass, recommended Mr. Roberts' discharge under AR 635-212 to the Commanding General, stating: "In view of this soldier's record of disciplinary actions, request waiver of counseling and (further) transfer for rehabilitation" AR 254 - 257 (256 and 257 are transposed).

      12.  In an undated "Action," the Commander of the Eighth Field Army Support Command, noting the correctional officer's recommendation that the counseling and further rehabilitation required by Army Regulation 635-212 be waived, ordered an Undesirable Discharge.  AR 228.

13. Paragraph 7a of Army Regulation 635-212, in effect at the time, required that service members discharged under paragraph 6a(1) must receive counseling, and a specific memorandum made of that fact. Paragraph 7b(2) required rehabilitation through reassignment. Paragraph 7c(2) and (3) provided that counseling and rehabilitation can only be waived by the general court-martial authority "when he determines that further duty of the individual will, in his best judgment, create serious disciplinary problems or a hazard to the military mission or to the individual." See Complaint, Attach. I, Ex. G (document not in AR).

14. No waiver containing the specific finding described in paragraph 7c(2) and (3) of Army Regulation 635-212, in effect at the time, appears in the Administrative Record or in any other part of the record of this case.

15. Paragraph 10 of AR 635-212, in effect at the time, required the individual's unit commander to initiate the discharge process: "The unit commander of the individual will recommend action under this regulation ...." Paragraph 12 requires the individual's commander to forward a "Commanding officer's report" through the appropriate intermediate commander, if appropriate, to the general court-martial convening authority. See Complaint, Attach. I, Ex. G (document not in AR).

16. The discharge recommendation prepared by Correctional Officer Reass is not labeled a "commanding officer's report and is signed by Lt. Reass as Mr. Roberts' "correctional officer," not "commanding." AR 254 - 257 (256 and 257 are transposed). There is no indication in the record that Lt. Reass ever commanded a unit to which Mr. Roberts was assigned or that the recommendation ever reached the general court-martial authority through the appropriate intermediate commander.

17. Correctional Officer Reass's recommendation to General Holm was reviewed by Gen. Holm's Staff Judge Advocate, Lt. Col. George Taylor, Jr., who appended records of two separate non-judicial punishments under UCMJ Article 15 that Mr. Roberts received on March 5 and April 22, 1968, while in basic airborne training at Ft. Benning, Georgia.  AR 256 (AR 256 and 257 are transposed).

18. Mr. Roberts had been transferred several times subsequent to the imposition of these two separate non-judicial punishments more than one year earlier.  AR 249.

19. Army Regulation 27-10, in effect at the time, specifically forbade the mention of one-year-old or older non-judicial punishments in a proceeding against him if the individual had been subsequently transferred and one year had elapsed.[1]

20. The September 6, 2001, Board decision recites that "On 10 February 1969, the applicant's commander initiated a recommendation to bar him from reenlistment and cited the applicant's conviction by a special court-martial and three NJPs [non-judicial punishments] as the basis for the action.  On 25 March 1969, the appropriate authority approved the imposition of the bar to reenlistment."  AR. 85.

21. The Administrative Record contains a March 25, 1969, approval of what appears to be a February 10, 1969, recommendation (AR 265), and Defendants' Material Fact No. 8 refers to a February 10, 1969, recommendation.  However no February 10, 1969, recommendation appears in the Administrative Record.  The Administrative Record does

---

[1] Army Regulation 27-10 (26 Nov. 1968) was amended twenty-one times between its Jan. 1, 1969, effective date and 1981.  At least one change, Change 17, incorporated all prior changes.  Because Mr. Roberts has been unable to locate a copy of the version in force in early 1969, he must rely on the text as reprinted in U.S. v. Cohan, 43 C.M.R. 309, 311 (1971).  The facts of that case indicate that the version quoted therein, which also was applicable to the facts in Martin v. Secretary of the Army, 455 F.Supp. 634, 637 (D.D.C. 1977), remained unchanged as late as September 1969, which would easily include the period applicable to Mr. Roberts' case.

contain a February 5, 1969, recommendation, but that recommendation only mentions one non-judicial punishment. AR 320.

22. The February 5, 1969, commander's recommendation for a bar to re-enlistment that does appear in the Administrative Record (AR 320) relies on a "pending court-martial" that is, at this point, more than two months in the future.

23. On July 22, 1969, Mr. Roberts received a UCOTH discharge by reason of unfitness under the provisions of Army Regulation 635-212. He was properly awarded the National Defense Service Medal, the Vietnam Service Medal, the Air Medal and the Combat Infantryman Badge. AR 49.

24. On May 10, 1971, Mr. Robert applied to the Army Discharge Review Board ("ADRB") for an upgrade to his discharge. AR 237.

25. On July 28, 1971, Mr. Roberts re-enlisted in the Army for another three-year period. AR 199.

26. On August 19, 1971, Mr. Roberts was discharged from his second enlistment with an Honorable Discharge on the basis of erroneous enlistment. AR 187.

27. On December 18, 1972, the ADRB denied Mr. Roberts' May 10, 1971, request for an upgraded discharge. AR 231.

28. On May 29, 2001, Mr. Roberts applied to the ABCMR. AR 93. His application attached Department of Veterans Affairs ("VA") medical records indicating that he had been diagnosed as suffering from combat-related post-traumatic stress disorder ("PTSD"). He also attached a letter from the Coordinator of his VA PTSD Clinical Team, who noted that Mr. Roberts' condition was overlooked or misdiagnosed at the time and that

his lack of treatment resulted in "his incarceration, mistreatment and discharged with other than an honorable discharge, instead of a medical due to combat related PTSD." AR 96-97.

29. In a September 6, 2001, Memorandum of Consideration the Board rejected Mr. Roberts' request for an upgrade of his discharge, finding that he failed to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice. AR 83-90. The Board's decision referred to a second version of Plaintiff's July 22, 1969 DD Form 214, Report of Discharge, that indicated Plaintiff received an Honorable discharge and additional decorations that the ABCMR could not substantiate. The Board noted that it received this version of his DD Form 214 "from an unknown source" (AR 86).

30. Although Mr. Roberts' requested copies of his military records from the National Personnel Records Center ("NPRC") on February 13, 2004, (AR 36, 37), on April 9, 2004 (AR 38), and on May 6, 2004 (AR 39), the so-called alternate version of Mr. Roberts' 1969 discharge that is described in the Board's September 6, 2001, decision (AR 188) was not produced for Mr. Roberts until the Administrative Record was filed in this litigation.

31. The September 6, 2001, Memorandum of Consideration relied upon a DD Form 398, Statement of Personal History, that Mr. Roberts signed in connection with his second enlistment. This document has never been made available to Mr. Roberts (AR 33-35) and is not part of the Administrative Record.

32. On May 16, 2002, the ABCMR, noting its decision of September 6, 2001, determined that Mr. Roberts had "failed to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice." AR 67-69. The Board's decision lists only Mr.

Roberts' military records and his May 8, 1968, court-martial and not his statement of reconsideration, under "New Evidence or Information." AR 68.

33. On January 21, 2003, the Board wrote to Mr. Roberts stating that his original application was denied on September 6, 2001, and that the Board staff had reviewed Mr. Roberts' June 10, 2002, application and determined that his case should not be reopened. AR 47.

34. On July 15, 2003, the Board wrote again to Mr. Roberts stating that his original application was denied on September 6, 2001, that Plaintiff's first request for reconsideration was "administratively denied" by the staff on January 21, 2003, and that his December 27, 2002, request did not contain evidence sufficient to re-open the September 6, 2001 decision. AR 45.

35. On June 4, 2004, Mr. Roberts filed by counsel a Request for Reconsideration reciting that it was the first request that he had filed with the direct assistance of legal counsel. AR 2. The request noted that the accompanying twenty-nine page memorandum (AR 3-32) and fifty-four pages of exhibits (Complaint Attach. I) in support of his request raised a number of issues and facts that had never been presented to or considered by the Board.

36. On March 17, 2005, the Board returned the June 4, 2004, memorandum and exhibits filed by Mr. Roberts' counsel directly to Mr. Roberts. AR 1. The Board's letter noted that Mr. Roberts' case was considered on September 6, 2001, that no further ABCMR action is contemplated, that he had exhausted all of his administrative remedies, and that Mr. Roberts had the option of seeking "relief in a court of appropriate jurisdiction."

- 9 -

## GLOSSARY

| | |
|---|---|
| ABCMR | Army Board for the Correction of Military Records |
| ADRB | Army Discharge Review Board |
| APA | Administrative Procedure Act, 5 U.S.C. §§ 701-706 |
| AR | The Administrative Record |
| Board | Army Board for the Correction of Military Records |
| DD Form 214 | Armed Forces of the US Report of Transfer or Discharge |
| DD Form 398 | Statement of Personal History |
| PTSD | Post-traumatic stress disorder |
| UCOTH | Under Conditions Other Than Honorable |
| VA | Department of Veterans Affairs |

Respectfully submitted,

/S/

Michael W. Dolan, Esq.
    D.C. Bar No. 3384
2021 L Street, N.W.
Suite 204
Washington, D.C.  20036
202/293-2776
*Attorney for Plaintiff*