IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **THOMAS ROBERTS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case Number: 05-02430** |
| | ) | |
| | ) | |
| **SECRETARY OF THE ARMY,** | ) | |
| **et al,** | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS, IN PART,
AND FOR SUMMARY JUDGMENT**

Pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure, Defendant, by his undersigned counsel, respectfully files this Reply to Plaintiff's Opposition to Defendant's Motion To Dismiss, In Part, And For Summary Judgment. On April 4, 2006, Defendants moved to dismiss, in part, Plaintiff's complaint based on lack of jurisdiction and failure to state a claim, and for summary judgment on the remaining claims. On May 15, 2006, Plaintiff filed two documents, 1) his opposition to Defendants' motions; and 2) essentially an identical document to his opposition titled Plaintiff's Cross-Motion For Summary Judgment.[1] Plaintiff's Opposition fails to show how the ABCMR was arbitrary, capricious, or otherwise contrary to law or regulation. This Reply follows.

**INTRODUCTION**

In his filings, Plaintiff clarified that he is not challenging his discharge in 1969, his

---

[1] Plaintiff's Opposition hereinafter "Pl. Opp., p. - ."

discharge in 1971, nor the 1973 decision of the Army Discharge Review Board. Pl. Opp., p. 12.

Plaintiff also clarified that he is only seeking review of the September 2001 and subsequent

ABCMR decisions. With regards to Plaintiff's challenge to the ABCMR decisions, Defendants

concede jurisdiction, but should this Court determine that the ABCMR's decision was arbitrary

and capricious, then the remedy should be to remand it to the ABCMR for further review

pursuant to this Court's opinion.

**ARGUMENT**

I.  Discretionary Decisions Regarding The Characterization Of Plaintiff's Service Should Remain
With The Military

With regards to the standard of review, Plaintiff relies on Homer v. Roche, 226 F.Supp 2d

222, 226 (D.D.C. 2002), and states that this Court's deference to the ABCMR's "decisions is

extremely limited." Pl. Opp., p. 19. However, as the Court in Homer stated, the Court's inquiry

is not "whether the [service] was substantively correct not to promote plaintiff, but rather on

whether the defendant's explanations for that choice demonstrate that defendant permissibly

exercised its discretion and made a choice that is supported by at least substantial evidence."

Homer at 226. Additionally, while Plaintiff cites to the D.C. Circuit opinion in Piersal v. Winter,

435 F.3d 319 (D.C. Cir. 2006), he ignores the Court's instruction that "the district court will be

applying a particularly deferential standard of review...." Id. at 325. Far from being limited, the

deference to the ABCMR is significantly greater than that accorded agencies generally under the

APA.

Plaintiff argues that he "is a civilian" and this Court "directing the Army to upgrade his

discharge will not interfere with military personnel decision-making." Pl. Opp., p. 17. Clearly

the characterization of a discharge from the Army is a military personnel decision.  If this Court

were to order the Army to upgrade his discharge, it would be intruding on the discretionary and

important determination on the type of service Plaintiff served.  As the Court did in Homer, on

which Plaintiff relies, even if this Court determines that there was no basis for the ABCMR's

decisions, then the proper corrective action is to remand to the ABCMR.  Homer at 227.

Additionally, even if remanded to the agency, an agency can reaffirm its previous unsupported

decision by articulating the reasons.  Id.

II.  The ABCMR's Decisions Were Supported By Substantial Evidence And Not Arbitrary Or
Capricious

The record far exceeds the requirement to support the ABCMR decisions.  In his

opposition, Plaintiff makes many vague statements that are unsupported.  For instance, Plaintiff

fails to provide any evidence that Defendants did not follow Army regulations in any substantive

manner.  Plaintiff's unsupported statements, such as that the command told him he would "most

likely [ ] receive a General Discharge," not only fails to support his argument that the ABCMR

decision was arbitrary, but it actually supports Defendants' position.  Pl. Opp., p. 22.  Even if the

statement was true, which there is no evidence to support this besides his self-serving statement

several decades later, the very words "most likely" not only allow the command to give him a

discharge other than a General but would also show that Plaintiff was informed of the possibility.

Plaintiff continues by mistakenly arguing that because an undesirable discharge was

normally appropriate, Pl. Opp., p. 23, a General Discharge was not an option.  The qualifier

"normally" supports the ABCMR's decision.

Unlike the situation in White v. Secretary of the Army, 878 F.2d 501 (D.C. Cir. 1989),

there is not undisputed evidence that the Plaintiff received erroneous advice or that the advice

Plaintiff claims he received was absolutely incorrect.  In <u>White</u>, the Plaintiff submitted a request

for discharge in lieu of Court-martial.  <u>Id</u>.  Such a discharge is available only if the soldier faces a

Court-martial at which a punitive discharge is authorized.  <u>Id</u>. White's case had been referred to a

Special Court-martial without a Court-reporter authorized which was not empowered to impose

either a Dishonorable or a Bad Conduct Discharge.  <u>Id</u>.  The Court in <u>White</u> stated:

> It is likewise not disputed that, on this basis, the advice appellant received from
> his appointed military counsel regarding the possible consequences of the court
> martial proceeding was in error: appellant did  [*504]  not face a dishonorable or a
> bad conduct discharge. Finally, the parties agree that appellant would not have
> requested the undesirable discharge had he not been given the erroneous advice.

<u>White v. Secretary of Army</u>, 878 F.2d 501, 503-504 (D.C. Cir. 1989).  Unlike in this case, the

Plaintiff in <u>White</u> had clearly overcome the presumption of regularity of administrative actions

and the sole issue before the Court was whether the ABCMR could rely on a pattern of

misconduct to determine that Plaintiff likely would have repeated his offense and thus would

have received an undesirable discharge in a future action.  <u>Id</u>. at 504.  In contrast, Plaintiff here

provides no proof of the allegedly erroneous advice other than his own testimony, alleges merely

that he was told a General Discharge was "most likely" and the evidence overwhelmingly shows

that an undesirable discharge was appropriate given all the circumstances of the case.  AR 89.

Despite Plaintiff's allegation, the Army, pursuant to Army Regulation 635-212, waived

the rehabilitation and counseling requirements correctly.  AR 228.  Plaintiff's opinion that he

should be given an Honorable Discharge is not entitled to any weight.  The Army, through sound

process and analysis, exercised its discretion in granting Plaintiff an Undesirable Discharge based

on his misconduct and performance.  "The ABCMR begins its consideration of each case with

the presumption of administrative regularity.  The applicant has the burden of proving an error or

injustice by a preponderance of the evidence."  Army Regulation 15-185, Army Board for

Corrections of Military Records, paragraph 2-9.  Plaintiff failed to provide evidence to overcome

the presumption of regularity.  AR 89.

Plaintiff makes two arguments based on a statement of personal history (DD Form 398)

filled out by Plaintiff prior to his second enlistment.  In response to Plaintiff's statement

regarding the missing DD Form 398, Pl. Opp., p. 29, see Exhibit A,[2] the signature of Plaintiff and

a date of 1971 appear on page four of the document.  As shown on page one of the form, Plaintiff

indicated in section 8 that he had not served in the military.  Plaintiff also failed to provide notice

in section 13 that he previously served in the military.

As indicated, there clearly was evidence in the record that the ABCMR considered which

supported the denial of Plaintiff's request for an upgrade of his discharge.  Plaintiff does not

dispute that he was found guilty on several occasions of violating the Uniform Code of Military

Justice through both non-judicial punishment and through courts-martial.

Plaintiff incorrectly states Defendants' position when he states "the Board's decision (AR

89) and the Defendants' Memorandum (p. 18) stressed that Mr. Roberts could not have suffered

PTSD as the result of his Vietnam experience because the character of his service was not

significantly different after his Vietnam service than it had been before."  Pl. Opp., p.32.  What

the ABCMR actually stated was "the Board finds no evidence to suggest that the character of

---

[2] Defendant requested the records holder search for the missing form.  However, the
documents were in the custody of the Veteran's Support Branch in St. Louis.  Defendant
contacted the Veteran's Support Branch and requested a search for the missing DD Form 398,
which produced said form.

hisx service was significantly different before or after his tour of duty in the RVN and that would

support the theory that his misconduct was the result of suffering from a PTSD due to his combat

experiences in the RVN." AR 89. Clearly, the ABCMR never stated he could not have suffered

from PTSD. This is indicative of Plaintiff's misunderstanding and misapplication of who bears

the burden of showing an error or injustice. Plaintiff bears the burden of showing that his

discharge was the result of an error or an injustice. The diagnosis of PTSD does not explain

Plaintiff's pattern of misconduct as that pattern began before any possibility of his having combat

related PTSD.

With regards to the ABCMR decisions after the first reconsideration, the ABCMR

initially followed its regulatory requirement in processing requests for reconsideration. However,

after the Court in Lipsman v. Sec'y of the Army, 335 F.Supp. 2d 48 (D.D.C.. 2004), issued its

opinion, Defendants complied with the decision by removing paragraph 2-15b. Thus, consistent

with the regulation, and as outlined in Defendants' Motion for Summary Judgment, the only

requirement to process requests for reconsideration pertained to those requests that were made

within one year of the original decision and the limit for said reconsideration requests is one.

This is entirely consistent with the decision in Lipsman.

Plaintiff appears to argue that it would not matter if he had applied for reconsideration an

infinite number of times and the ABCMR complied completely with the statute and regulations.

See Pl. Opp., p. 35. Plaintiff implies that as soon as Plaintiff has the assistance of counsel, the

ABCMR must treat the request for reconsideration as an original application. Id. Clearly this is

not the case and Plaintiff cites no authority for this extraordinary proposition.

### CONCLUSION

The ABCMR had more than enough evidence to decide that no error or injustice

occurred.  The Board's decision was not arbitrary or capricious or contrary to law.  Thus, the

Court should not overturn the Board's decision in this regard and should grant defendant

judgment upon the administrative record.

Respectfully submitted,

_____/s/_____
KENNETH L.  WAINSTEIN, D.C.  Bar #451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney

_____/s/_____
KEVIN K. ROBITAILLE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W., 10th Floor
Washington, D.C.  20530
(202) 353-9895

Of Counsel:
LT. COL. JOSEPH C. FETTERMAN
MAJOR CHRISTOPHER P. SOUCIE
U.S. Army Legal Services Agency
901 North Stuart Street
Arlington, Virginia  22203-1837
Attorneys for Defendant