UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


_____
                                        )
THOMAS ROBERTS,                         )
                        Plaintiff       )
                                        )
v.                                      )
                                        )        Civil Action No. 05-2430 (ESH)
Hon. FRANCIS J. HARVEY,                 )
Secretary of the Army, <u>et al</u>.           )
                                        )
                        Defendants      )
_____)


**<u>PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT</u>**


**<u>I.  INTRODUCTION</u>**

        Plaintiff, Thomas Roberts, by and through undersigned counsel, respectfully

submits this Reply to Defendant's Opposition to Plaintiff's Cross-Motion for Summary

Judgment.  On May 15, 2006, Plaintiff filed in a single document his Memorandum of Points

and Authorities (1) in Opposition to Defendants' Motion to Dismiss, in Part and for

Summary Judgment, and (2) in Support of Plaintiff's Cross-Motion for Summary Judgment

[hereinafter Plaintiff's Memorandum] .  Although styled as "Defendant's Reply to Plaintiff's

Opposition to Defendant's Motion to Dismiss, in Part, and for Summary Judgment," this

document was filed as (1) Defendants' Reply to Plaintiff's Opposition to Defendants' Motion

to Dismiss, in Part, and for Summary Judgment and (2) Defendants' Opposition to Plaintiff's

Cross-Motion for Summary Judgment [hereinafter "Defendants' Reply and Opposition]."

See Docket Entry for Documents Number 12 and 13.


## II.  ARGUMENT

1.  Three specific comments in Defendants' Reply and Opposition require a reply.

   First, Whether an administrative agency complies with the Administrative

Procedure Act (APA) is simply not a matter of agency discretion as Defendants' Reply and

Opposition suggests at p. 2.  Although Defendants assert at p. 2 that Plaintiff relies on Homer

v. Roche, 226 F.Supp. 2d, 222 (D.D.C. 2002), Homer is only one of a number of decisions

cited by Plaintiff for the proposition that the Army is not entitled to unlimited deference

when decisions of the Army Board for the Correction of Military Records (ABCMR) are

reviewed under the APA.  See citations in Plaintiff's Memorandum at pp. 15-20, 28, 37-39.

As Plaintiff's Memorandum noted at p. 19, the court in Homer was reviewing a promotion

decision under 10 U.S.C. § 628(g)(2) of an active duty Air Force officer, not a discharge

given an enlisted man 37 years earlier.

   Second, Defendants' Reply and Opposition states at p. 3 that an "undesirable

discharge was normally appropriate, arguing that the "qualifier 'normally' supports the

ABCMR's decision."  Of course, Plaintiff used the word "normally" in a quote from the

Board's decision:  it is the Board's word, not Plaintiff's.  The word "normally" does not

appear in section 4 of Army Regulation 635-212.  See Complaint, Attach. I, Ex. G (document

not in AR).

Third, Defendants' Reply and Opposition asserts at p. 4 that the Army waived the rehabilitation and counseling requirements of Army Regulation 635-212 "correctly," but as Plaintiff's Memorandum points out at pp. 24 - 25, the regulation prescribes that specific findings must be made before counseling and rehabilitation can be waived, and these findings were never made.  See AR 228.

2.  The heretofore missing DD Form 398, Statement of Personal History, produced only after Plaintiff moved for Summary Judgment, indicates Army assistance with the very entries that the Board used against Plaintiff.

An applicant to the ABCMR should not have to file a lawsuit seeking review of an agency decision and then wait until a Motion for Summary Judgment is filed to gain access to a document described in the agency's decision.  The Board's September 2001 decision relied upon (AR 86) a DD Form 398, Statement of Personal History, prepared for Mr. Roberts' second enlistment that mentions no prior service and states that Mr. Roberts was self-employed during the period of his first enlistment.  The Board erred in failing to produce both this document and the so-called alternate DD-214, or Report of Discharge (AR 188).  In Van Bourg v. Nitze, 388 F.2d 557, 564 (D.C. Cir. 1967), this Circuit noted that absent overriding public interest, even classified documents used against a review board applicant should be declassified and made available to the applicant.

Moreover, now that the missing DD-Form 398, Statement of Personal History, has been produced, it appears that the Army had a direct hand in producing the very information that the Board used against Mr. Roberts.  Specifically, the Board's September 6, 2001, decision, noted at p. 4 (AR 86) that "The Statement of Personal History (DD Form 398) he prepared in connection with his 28 July 1971 enlistment, which he signed on 23 July 1971, indicated that he had no prior service [section 8]; that he did not graduate from high

school [section 9]; and that he was self-employed as a taxi driver from 1966 through 1971 [section 13]." Defendants' Reply and Opposition notes at p. 5 that "Plaintiff indicated in section 8 that he had not served in the military. Plaintiff also failed to provide notice in section 13 that he previously served in the military." However, neither the Board nor Defendants' Reply and Opposition mention, and Plaintiff was not aware until Defendants filed the missing document with their Reply Brief, that the suddenly produced DD Form 398, Statement of Personal History, contains two distinct types of handwriting. One type of handwriting appears in sections 1 through 8, 11 through 13, 15 and 16, 18, and parts of sections 10 and 14. It is a rather bold stroke that is easy to read, and it appears to be identical with that of the Army Recruiter, Staff Sergeant Ramon J. Martino, who obviously wrote and signed the Application for Verification of Birth Certificate (AR 209) and the Police Records Check (AR 205) in connection with Mr. Roberts' second enlistment.

The Board's failure to produce the alternate version of the DD Form 214, Report of Discharge, and the DD Form 398, Statement of Personal History, has not only hampered Mr. Roberts ability to make effective arguments to the Board, it has also affected his ability to argue effectively before this court. Plaintiff's Memorandum noted on page 31 that the so-called "alternate DD-214," Report of Discharge (AR 188), which was also produced only after this suit was filed, contained references to arcane Army recruitment regulations and SPN, or so-called "spin," codes, and speculated that only an Army recruiter would know about these items. But earlier speculation approaches certainty now that the "missing" DD Form 398 has surfaced, and Plaintiff can say with reasonable assurance that the Army recruiter was responsible for entering the very information on the DD Form 398 that the Board used against Mr. Roberts thirty years later. To be sure, Mr. Roberts apparently

signed the form that his recruiter produced, but surely the ABCMR should have addressed

the obvious issue of the degree of culpability the Army should assign to the enlisted man

when its own agent played such a major role in producing the very documents used against

the enlisted man in his subsequent application to upgrade his discharge.

3.  That Plaintiff had to file a lawsuit and wait until the Defendants' reply brief to review
documents relied upon by the agency is an additional reason why this Court should rule
directly rather than remand the this case to the Board.

        Plaintiff accepts Defendants' explanation of the missing document (see, p. 5,

n.2 of Defendants' Reply and Opposition), and is not arguing at this point that Defendants

purposefully concealed documents helpful to Plaintiff.  However, the history of Mr. Roberts'

struggle to have the Board review his discharge is replete with evidence of an agency that is

not attentive to discharging its statutory responsibilities.   The Board returned Plaintiff's June

4, 2004, submission apparently without reading it, in spite of the fact that the cover letter

(AR 2) recited that none of the arguments contained in the eighty-three page submission had

previously been made to the Board and that a number of facts were being called to the

Board's attention for the first time.  Plaintiff's Memorandum had to reference attachments to

the Complaint because relevant documents such as Mr. Roberts' waiver of his right to

counsel and a hearing and copies of Army Regulations dating back to the period of Mr.

Roberts' service were never placed in the administrative record.  See Plaintiff's

Memorandum, pp. 1-3.  The "alternate" DD Form 214, Report of Discharge, relied upon by

the Board, and containing information helpful to Plaintiff was not produced until Defendants'

filed their Motion for Summary Judgment, and the missing DD Form 398, Statement of

Personal History, was not produced until Plaintiff filed his Cross-Motion for Summary

Judgment.

The Conclusion of Plaintiff's Memorandum notes that a number of cases remanded to the ABCMR have returned to the remanding court and argues for the court to rule directly or at least retain jurisdiction over Mr. Roberts' application for an upgrade of his discharge. That Plaintiff has had to alter his arguments before this Court in response to the delayed production of exculpatory documents relied upon by the Board is an additional reason why this Court should be wary of returning this case to the Board without at least retaining jurisdiction.

## III. CONCLUSION

For the reasons set forth in Plaintiff's Memorandum and this Reply Brief, Plaintiff respectfully asks this Court to deny Defendants' Motion to Dismiss, in Part, and for Summary Judgment and to grant Plaintiff's Cross-Motion for Summary Judgment. Should the Court determine not to direct the Board to upgrade Mr. Roberts' discharge and instead remand to the Board for further action, Plaintiff respectfully asks this Court to retain jurisdiction over the action.

Respectfully Submitted,

/S/
_____
Michael W. Dolan, Esq.
    D.C. Bar No. 3384
2021 L Street, N.W.
Suite 204
Washington, D.C.  20036
202/293-2776
*Counsel for Plaintiff*