UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THOMAS ROBERTS,              )<br>            Plaintiff         )<br>                              )<br>v.                            )<br>                              )   Civil Action No. 05-2430 (ESH)<br>Hon. FRANCIS J. HARVEY,       )<br>Secretary of the Army, et al.,)<br>                              )<br>            Defendants        )  | |

APPLICATION FOR AWARD OF ATTORNEYS FEES AND
EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT
(28 U.S.C. § 2412)

Pursuant to 28 U.S.C. § 2412(d), Plaintiff Thomas Roberts, by his attorney, respectfully submits this Application for Award of Attorneys Fees and Expenses in the amount of $28,961.48. The undersigned is the attorney of record for Plaintiff Roberts in this case.

Plaintiff is a Prevailing Party.

"[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978).

Applicant is the prevailing party in this action and as such is entitled to an award of attorneys fees and allowable expenses under 28 U.S.C. § 2412(d). On June 4, 2004, the undersigned, on behalf of Mr. Roberts, submitted to the Army Board for Correction of Military Records ("ABCMR" or the "Board") a Request for Reconsideration of four separate applications and requests for reconsideration that Mr. Roberts had previously submitted to the Board. The request noted that it was the first request that Mr. Roberts had filed with the direct assistance of legal counsel and that the accompanying twenty-nine page memorandum and fifty-four pages of exhibits raised a number of issues and facts that had never been presented to or considered by the Board. On March 17, 2005, the Board returned the June 4, 2004, memorandum and exhibits filed by Mr. Roberts' counsel directly to Mr. Roberts. In an accompanying letter, the Board states that Mr. Roberts' case was considered on September 6, 2001, that no further ABCMR action was contemplated, that he had exhausted all of his administrative remedies, and that Mr. Roberts had the option of seeking "relief in a court of appropriate jurisdiction."

Mr. Roberts, by counsel, brought this action on December 20, 2005, alleging that the Board's actions of September 6, 2001, May 16, 2002, January 21, 2003, and July 15, 2003, violated the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) ("APA") .

On February 22, 2006, counsel for the Board indicated in a telephone call that the Board would by filing a motion to dismiss or a motion for summary judgment, or both. On April 4, 2006, the Board submitted a Motion to Dismiss in Part and for Summary Judgment. Counsel for Mr. Roberts responded by filing on May 15, 2006, a Cross-Motion for Summary Judgment and a forty-page Memorandum of Points and Authorities (1) in Opposition to Defendants' Motion to Dismiss, in Part, and for Summary Judgment and (2) in

Support of Plaintiff's Cross-Motion for Summary Judgment. Both the Board's and Plaintiff's pleadings were accompanied by statements of material facts not in dispute. Both the Plaintiff and the Board submitted reply briefs.

On August 3, 2006, this Court ordered the matter remanded to the ABCMR for further proceedings consistent with the Court's Memorandum Opinion. That Memorandum Opinion determined that the Board's May 16, 2002, decision violated the APA because the Board failed to address Plaintiff's argument that his 1969 discharge proceeding was fatally defective because he was under duress when he waived his right to counsel and a hearing and because he waived these rights on the erroneous advice of Army counsel. See Memorandum Opinion at 15.

Position of the United States was Not Substantially Justified.

"Position of the United States" is defined by subsection 2412(d)(2)(D) to include both the Government's position in the civil action as well as "the action or failure to act by the agency upon which the civil action is based." As the Court of Appeals noted in Role Models America, Inc. v. Brownlee, 353 F.3d 962, 967 (D.C. Cir. 2004): "The Government, however, must demonstrate the reasonableness not only of its litigation position, but also of the *agency's* actions, e.g. Halverson v. Slater, 206 F.3d 1205, 1208 (D.C. Cir. 2000) (emphasis in original)."

Measured by any standard, the Board's position, and the Government's support of that position in this litigation, was decidedly not substantially justified. As the Court noted in its August 3, 2006, opinion, the Board's decision was arbitrary because it "failed to grapple with what appears to be a substantial issue." Memorandum Opinion at 16,

17.  Specifically, the Court determined that Board's May 16, 2002, decision violated the APA because the Board failed to address Plaintiff's argument to the Board that his 1969 discharge proceeding was fatally defective because he was under duress when he waived his right to counsel and a hearing and because he waived these rights after being misled by his Army counsel.  See Memorandum Opinion at 15.   The Court underscored the fact that Plaintiff's argument -- the argument ignored by the Board -- was "far from frivolous." Memorandum Opinion at 16.

The Court's opinion documents Mr. Roberts' pro se efforts to get the Board to consider his arguments that he should have his discharge upgraded.  However, it was only after Mr. Roberts obtained counsel and brought this lawsuit that he prevailed in his attempts to get the Board to listen to him.  This, of course, is the type of situation that the Equal Access to Justice Act was designed to address.  See, Scarborough v. Principi, 541 U.S. 401, 406 (2004) ("Congress' aim ... was 'to ensure that certain individuals, partnerships, corporations ... or other organizations will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involve.'" (quoting H.R.Rep. No. 99-120)).

Plaintiff is an individual whose net worth does not exceed $2 million.

Plaintiff Roberts has certified to counsel that his net worth is less than $2 million.

- 5 -

Statement of Services and Expenses.

A Statement of Services and Expenses is attached as Appendix A. From the Plaintiff's standpoint, this case had several aspects that were particularly challenging. For example, the Administrative Record did not include a number of documents that the Plaintiff had submitted to the Board, nor did it include documents that the Board referenced in its decisions below, necessitating the expenditure of addition time searching for the missing documents in the record and complicating Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss and in support of Plaintiff's Cross-Motion for Summary Judgment. Also, Plaintiff's argument, and the Court's opinion, depended upon the application of thirty-five-year-old Army regulations that were difficult to obtain.

On the other hand, in the exercise of his billing judgment (see Hensley, 461 U.S. at 434), the undersigned has made a number of deductions, including the time spent preparing this fee application, as well as the time spent on services that could have been performed by paralegal personnel such as court filings, preparing items for pleadings such as tables of contents, tables of cases, and the like. Time spent on almost all telephone calls has been excluded, as has time spent preparing motions for enlargement of time to file pleadings. Time spent on services that are not included in the total hours is indicated by "n/c."

Plaintiff Roberts had been working on Veterans Administration matters with Mr. John E. Howell, Esq., a member of the bar of this Court. Mr. Howell asked the undersigned to advise Mr. Roberts with respect to Mr. Roberts' inability to get the Board to give serious consideration to his requests for an upgraded discharge from his Army service. Time spent with Mr. Howell has not been included in the total hours, and Mr. Howell is not applying for any fees for the small amount of time that he has spent on this matter.

Hourly Rate.

Effective March 29, 1996, the hourly rate under the Equal Access to Justice Act is $125 per hour plus an increase in the cost of living.  As of March 1996, the CPI-U from the Department of Labor Bureau of Labor Statistics was 155.7; as of March, 2006, the CPI-U was 199.8 -- a 28% increase.  Applying this increase to the $125 hourly rate produces a current hourly rate of $160.  Applying this rate to the 178.75 hours in the Statement of Services equals a fee of $28,600.00. As detailed in the Statement of Services, expenses totaled $361.48.

WHEREFORE, Applicant respectfully requests this Court award attorneys fees and reimbursement for expenses in the amount of $28,961.48.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 1, 2006.

                                        Respectfully Submitted,

                                          /S/
                                      Michael W. Dolan, Esq.
                                      Attorney at Law
                                      2021 L Street, N.W.,   Suite 204
                                      Washington, D.C.  20036
                                      Tel:  202/293-2776

                                      *Attorney for Plaintiff Thomas Roberts*