**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **THOMAS ROBERTS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case Number: 05-02430 (ESH)** |
| | ) | |
| | ) | |
| **SECRETARY OF THE ARMY,** | ) | |
| **et al,** | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION
FOR ATTORNEY'S FEES**

Defendants respectfully oppose plaintiff's application for attorney's fees under the Equal Access for Justice Act, 28 U.S.C. § 2412 ("EAJA"). As set forth below, plaintiff is not eligible for attorney's fees because he cannot demonstrate that he has "substantially prevailed" in this case. Further, plaintiff is not entitled to any fees under EAJA because the position of the government in this case was substantially justified. Although this Court ultimately ordered a remand of plaintiff's case to the Army Board for Correction of Military Records (ABCMR) for reconsideration on one point, the Secretary's defense of the ABCMR's decision was both reasonable and justified.

In the alternative, any award granted should be substantially limited, because the amount requested – nearly $29,000.00 – is unreasonable. The fees sought are disproportionately high in relation to the limited success (if any) plaintiff actually obtained in the case. Defendants rely upon the record, the Court's August 3, 2005 order, and the following brief.

## STATEMENT OF THE ISSUES

1.  Whether plaintiff is eligible and/or entitled to recover fees and expenses under EAJA.

2.  Whether the fees requested are excessive under EAJA.

## ARGUMENT

Plaintiff's request for fees and costs arises under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), which is a limited waiver of the government's sovereign immunity that is to be narrowly construed.  Ardestani v. INS, 502 U.S. 129, 137 (1991).  The EAJA authorizes an award of fees to a "prevailing party," but only if the position of the United States was not "substantially justified."  28 U.S.C. § 2412(d)(1)(A).  Even if the Court determines that the plaintiff is entitled to fees and expenses, the Court must determine whether the fees are reasonable and whether the expenses claimed are compensable under EAJA.  28 U.S.C. § 2412(d)(2)(A).

## I.  Plaintiff Is Not Eligible For EAJA Fees Since He Is Not A "Prevailing Party."

As a preliminary matter, as plaintiff admits, in order to obtain EAJA fees, he must be considered the prevailing party. Application for Award of Attorneys Fees and Expenses Pursuant to the Equal Access to Justice Act, p. 1; Farrar v. Hobby, 506 U.S. 103, 111-112 (1992).  Under the EAJA, a party is a "prevailing party" entitled to attorney's fees if he is entitled to enforce a judgment, consent decree, or court-approved settlement against the United States.  "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties."  Farrar, 506 U.S. at 111.  "Prevailing party" is a term of art meaning someone who has been awarded some relief by the court.  See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598 (2001).  Here,

2

plaintiff has not been awarded any "judicial relief" that "meaningfully alter[ed] the legal relationship of the parties," either by a judgment on the merits or by a consent decree.

The prevailing party inquiry is properly a pragmatic one.  Plaintiff avers that since this Court ordered a remand to the ABCMR, he is the prevailing party.  Application for Award of Attorneys Fees and Expenses Pursuant to the Equal Access to Justice Act, p. 3.  An order remanding to the agency is insufficient to make Plaintiff a prevailing party.

Plaintiff received nothing in this case other than an order from this Court that the ABCMR must address an argument plaintiff raised, however inartfully, in his request for reconsideration to the ABCMR.  Opinion at 16. Notwithstanding plaintiff's claim, a plaintiff who has obtained a remand for further proceedings is generally not at that point a "prevailing party" for the purpose of collecting attorney's fees.[1]  Only if the terms of a remand are such that a substantive victory will obviously follow or if a plaintiff ultimately succeeds on the merits of his underlying claim may he be awarded the attorney's fee incurred in obtaining the remand .  See Sullivan v. Hudson, 490 U.S. 877, 886 (1989); Hanrahan v. Hampton, 446 U.S. 754 (1980); Waterman Steamship Corp. v. Maritime Subsidy Bd., 901 F.2d 1119, 1122 (D.C. Cir. 1990);

---

[1] The vast majority of the Courts of Appeals have reached this same conclusion.  See, e.g. Paulson v. Bowen, 836 F.2d 1249, 1252 (9th Cir. 1988); Brown v. Secretary of Health and Human Services, 747 F.2d 878, 882 (3rd Cir. 1984), and Swedberg v. Bowen, 804 F.2d 432, 434 (8th Cir. 1986).  This Court's decision in National Coalition Against the Misuse of Pesticides v. Thomas, 264 U.S. App. D.C. 192, 828 F.2d 42 (D.C.Cir. 1987), though involving the Environmental Protection Agency and a rulemaking, is to the same effect.  See also McGill v. Secretary of Health and Human Services, 712 F.2d 28, 31 (2d Cir. 1983); Von Luetzow v. Director, Office of Personnel Management, 562 F. Supp. 684, 685-86 (D.D.C. 1983); cf. Brewer v. American Battle Monuments Comm'n, 814 F.2d 1564, 1567 (Fed. Cir. 1987); H.R. Rep. No. 99-120 (I), 99th Cong., 1st Sess., reprinted in 1985 U.S. Code Cong. & Admin. News 132, 148 (in explanation of 1985 reenactment and amendment of EAJA, committee states that "the court will usually decline to make an award upon the remand decision because the remand order did not yet make the applicant a 'prevailing party' and therefore eligible under the EAJA").

3

National Coalition Against Misuse of Pesticides v. Thomas, 264 U.S. App. D.C. 192, 828 F.2d

42, 44 (D.C. Cir. 1987); Austin v. Department of Commerce, 742 F2d 1417, 1420 (Fed Cir

1984).  The rationale for this rule is that "the award of [attorneys'] fees for corrective efforts that

yield no real world benefit would reduce the normal deterrent to litigative nitpicking."

Waterman, 901 F.2d at 1122.

    In Sullivan, 490 U.S. 877 (1989), the Court held that a plaintiff's status as a prevailing

party is "often completely dependent on the successful completion of the remand proceedings

before [the agency]."  Id. at 887.  Plaintiff in this case merely obtained a remand order in his

APA challenge.  Such rulings are quite common in APA litigation and are not a basis for

awarding fees.  See Waterman, 901 F.2d at 1120 (mere fact that remand to agency was required

did not render plaintiffs "prevailing parties" entitled to attorney fees under EAJA).  As noted by

the Court of Appeals in Waterman:

> Both an agency and a trial court may make missteps along the way to a perfectly
> lawful conclusion, and parties certainly have the right to use reviewing courts to
> correct the missteps.  From a party's viewpoint, however, **correct procedures and
> use of correct substantive standards are largely (if not entirely) instruments to
> a desired end** – a change in someone's primary conduct in the real world:  relief
> from a restriction, grant of a benefit, imposition of a restriction on others, etc.  **To
> treat the ultimately fruitless quest for such relief as making the litigant a
> "prevailing party" assumes a peculiarly litigation-centered notion of human
> purpose.**

Waterman, 901 F.2d at 1122 (emphases added).

    A litigant may be a prevailing party based solely on an order remanding the action to an

agency only if the remand "necessarily dictate(s) the receipt of benefits." Sullivan 109 S. Ct. at

2255.  In other words, "the terms of a remand may be such that a substantive victory will

obviously follow."  Waterman at 1123.  The order in this case, as in most "remand" cases, does

not dictate the receipt of benefits nor does substantive victory obviously follow.  This Court

readily acknowledged that plaintiff may ultimately not prevail on remand.  Opinion at 17.

In short, in order to be eligible for attorney's fees, a litigant must achieve "something

more than an enhanced legal position in a proceeding that ultimately fails to supply any material

relief."  Waterman, supra.  Because plaintiff has not satisfied that standard, he is not eligible for

fees in this case.

## II.  The Government's Position was Substantially Justified and thus Plaintiff is not Entitled to Fees Under EAJA.

Even if the court were to find that plaintiff is a prevailing party, he is not entitled to fees

under EAJA, because the position of the government with respect to this matter was

"substantially justified."  Award of attorney fees in this action is governed by 28 U.S.C. §

2412(d)(1)(A), which provides:

> Except as otherwise specifically provided by statute, a court shall award to a
> prevailing party other than the United States fees and other expenses . . . unless
> the court finds that the position of the United States was **substantially justified** or
> that special circumstances make an award unjust.

Id. (emphasis added).  Thus, attorney fees are not available under EAJA if the position of the

United States was substantially justified.  In resolving the meaning of the abstract phrase

"substantially justified," the Supreme Court reasoned that a position articulated by the

Government is substantially justified if it is "justified in substance or in the main -- that is,

justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552,

565 (1988).  In its formulation, the Supreme Court rejected higher standards such as "justified to

a high degree." Id.[2]

In defining "substantially justified," the D.C. Circuit has adopted the standard articulated by the vast majority of other Courts of Appeals, concluding that "where the Government can show that its case had a reasonable basis in both law and fact, no award will be made." Cinciarelli v. Reagan, 729 F.2d 801, 805 (D.C. Cir. 1984) (emphasis in the original). A position may be justified, even if it later proves incorrect, if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact at the time it was taken. Pierce, 487 U.S. at 566 n. 2; accord Trahan v. Brady, 907 F.2d 1215, 1217-18, 1220 (D.C. Cir. 1990). An agency's actions may satisfy this standard even if the agency has been held to have violated its governing statute or regulations, because "there will be instances in which an agency might take a position about its own statute or regulation, which, while incorrect, might appear correct to a reasonable person." Trahan, 907 F.2d at 1220; see also S. Rep. No 96-253 at 6 ("the test of whether or not a

_____

[2] In construing the EAJA in Pierce, the Court likened the term "substantially justified" to the term "substantial evidence." "Substantial evidence," the Court held,

> does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." . . . In an area related to the present case in another way, the test for avoiding imposition of attorney's fees for resisting discovery in district court is whether resistance was "substantially justified," . . . . To our knowledge, that has never been described as meaning "justified to a high degree," but rather has been said to be satisfied if there is a "genuine dispute," . . . or "if reasonable people could differ [as to the appropriateness of the contested action]" . . . .

> We are of the view, therefore, that as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main" -- that is, justified to a degree that could satisfy a reasonable person. . . .

Id. at 565 (citations omitted).

6

government action is substantially justified is essentially one of reasonableness"). As the Court

of Appeals has noted, the government need not establish that the defense of its action was based

on a "substantial probability of prevailing." Spencer v. NLRB, 712 F.2d 539, 557 (D.C. Cir.

1983) *superceded by statute on other grounds*, (quoting H. R. Rep. No. 96-1418, 96th Cong., 2d

Sess. 11 (1980) and S. Rep. No. 96- 253, 96th Cong., 1st Sess. 6-7 (1979)). And, as Congress

has noted, "[t]he standard should **not** be read to raise a presumption that the government position

was not substantially justified **simply because it lost the case**." H.R. Rep. No. 96-1418, 96th

Cong., 2d Sess. 10-11, reprinted in 1980 U.S.Code Cong. & Admin. News 4989-90 (emphasis

added).

    In Natural Resources Defense Council, Inc. v. Lujan, 815 F. Supp. 451, 453 (D.D.C.

1992), the Court, in referring to the state of EAJA precedent, noted that "the untenable is not

necessarily unreasonable. More precisely, 'a position can be justified even though it is not

correct.'" Pierce, 487 U.S. at 556 n.2. The Court in Natural Resources, further commented that

"[t]his determination of what a reasonable [person] might think correct is a mixed question of

law and fact, to be made on the existing record of the agency and the litigation." Id. (quoting

Pierce, 487 U.S. at 559-60); see also F. J. Vollmer Co., Inc. v. Magaw, 102 F.3d. 591, 595 (D.C.

Cir. 1996). Moreover, the determination of whether the government's position was substantially

justified is left to the discretion of the Court. Trahan, 907 F.2d at 1218.

    The Government's failure to prevail outright at this juncture does not raise the

presumption that its position was not substantially justified so as to allow award of attorney's

fees under the Act. Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988). As this Court stated in

Calloway v. Brownlee:

> It is well settled that the government's position may be "substantially justified" even if it had acted "arbitrarily and capriciously because it failed to provide an adequate explanation or failed to consider some relevant factor in reaching a decision . . . ." F.J. Vollmer Co. v. Magaw, 322 U.S. App. D.C. 193, 102 F.3d 591, 596 (D.C. Cir. 1996); see Rose, 806 F.2d at 1089-90; Lake Pilots Ass'n v. United States Coast Guard, 310 F. Supp. 2d 333, 339 (D.D.C. 2004).

Calloway v. Brownlee, 400 F. Supp. 2d 52, 56 (D.D.C. 2005). Thus, the fact that the Court remanded this matter to the ABCMR for consideration or reconsideration on one issue does not automatically result in a grant of attorney fees and expenses. Rather, as observed in Luciano Pisoni Fabbrica Accessori Instrumenti Musicali v. United States, 837 F.2d 465, 467 (Fed. Cir.), cert. denied, 488 U.S. 819 (1988), EAJA was not intended to be an automatic fee-shifting device in cases where a plaintiff prevails. "The mere fact that the United States lost the case does not show that its position in defending the case was not substantially justified." Broad Ave. Laundry and Tailoring v. United States, 693 F.2d 1387, 1391 (Fed. Cir. 1982 ), superceded by statute on other grounds. The decision on an award of attorney fees is a judgment independent of the result on the merits, and is reached by examination of the government's position and conduct through the EAJA prism, see Federal Election Comm'n v. Rose, 806 F.2d 1081, 1090 (D.C. Cir. 1986), not by redundantly applying whatever substantial rules governed the underlying case. Luciano Pisoni Fabbrica Accessori Instrumenti Musicali, 837 F.2d at 467.

The D.C. Circuit Court noted in Federal Election Comm'n v. Rose that the government's "failure to consider a relevant factor may be understandable, even though the failure contravenes the . . . standard of avoiding 'arbitrary and capricious' conduct." Finally, the Court reasoned that the government's "neglect of a relevant factor . . . does not invariably doom the decision itself to the ranks of unreasonableness, as it is clear from the oft-stated principle that an agency may

8

lawfully reach the same conclusion after taking the omitted factor into account." 806 F.2d at 1088.

This case is analogous to Calloway v. Brownlee, supra. In that case, like this one, a pro se petitioner raised an issue, with less than ideal clarity, before the ABCMR and then, with the aid of counsel, raised the issue at the District Court. Calloway v. Brownlee, 366 F. Supp. 2d 43, 55 (D.D.C. 2005). In denying an application for attorney's fees under EAJA, the Court in Calloway, concluded that

> Here, while this Court concluded that the defendant's actions were "arbitrary and capricious" because he did not address the plaintiff's argument that the two contested NCOERs were improperly classified when the case was before the agency, his position was still "substantially justified" within the context of the standard applicable to the EAJA since it was not absolutely clear that the plaintiff had raised the argument at the agency level.

Calloway v. Brownlee, 400 F. Supp. 2d 52, 57 (D.D.C. 2005).

As in Calloway, the facts surrounding plaintiff's claim clearly indicate that the Government's position was substantially justified. Plaintiff sought to have his discharge upgraded to honorable by the ABCMR. The agency's decision to deny the request was made pursuant to the broad discretion granted to it by Congress over military appeals and its own evaluation of the propriety of plaintiff's characterization of service. This Court considered and rejected several arguments put forth by Plaintiff in his original application to the ABCMR for upgrading his discharge.

Although the ABCMR's decision has been determined to have warranted reconsideration to ensure it considered one argument raised by plaintiff in his request for reconsideration, however vaguely, at the administrative level, the Government's defense of the decision of the

Board was substantially justified.  The standard for judicial review of ABCMR decisions is
extremely narrow.  In light of the deference accorded ABCMR decisions, the Government's
defense of the ABCMR's detailed decision before this court had a reasonable basis in law and
fact.  The case was remanded to the ABCMR to consider plaintiff's claim that he waived his
rights under duress or was misled by counsel into agreeing to be discharged from the Army by
reason of unfitness under the provisions of Army Regulation 635-212 based on the mistaken
belief that he would be honorably discharged.  Opinion at 16.  Defendants argued that the
ABCMR was not arbitrary or capricious in denying his request for reconsideration.  The primary
issue raised in the reconsideration was Plaintiff's claim that he was "a victim of racism," which
he alleged was a "practice in the military to bar all black veterans from any benefits." The
ABCMR concluded that his character of service prior to the alleged racism was consistent with
the character of his service during the time of the alleged racism. Dkt entry 12 pp 17-18.
Defendants also argued that the ABCMR was entitled to rely on the presumption of regularity to
uphold the decision.  Dkt entry 15, pp. 2-3.  This Court recognized that Plaintiff's raising the
issue of duress was "not a model of clarity." Opinion at 15.   "While this Court concluded that
the ABCMR's ultimate decision required reconsideration, the fact that this court remanded the
ABCMR decision does not make the Government's position in defending the action of the
ABCMR any less justified."  Luciano Pisoni Fabbrica Accessori Instrumenti Musicali, 837 F.2d
at 467, quoting Broad Ave. Laundry & Tailoring v. United States, 693 F.2d 1387, 1391 (Fed. Cir.
1982).  Accordingly, because the position of the United States was substantially justified,
plaintiff's claim for attorney fees and expenses should be denied.

**III.  The Hours and Expenses Claimed by Plaintiffs Are Excessive.**

Even if this were a case where plaintiff was eligible and entitled to fees, which defendants contest, not all elements of time spent by plaintiff's counsel would be compensable under EAJA. The Supreme Court cautioned in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), that its "generous" definition of prevailing party "brings the plaintiff only across the statutory threshold" that allows the trial court to consider what fee would be reasonable.  Once past that threshold, the critical factor is the degree of success obtained.  Id. at 437; see also Farrar, 506 U.S. at 105-07; Goos v. National Ass'n of Realtors, 997 F.2d 1565, 1568 (1993).  Here, the fees sought by plaintiff are disproportionately high in relation to the marginal success that he obtained in the case, if the Court deems it a success at all.

Plaintiff asked this Court for six items of relief:

1. Holding unlawful and setting aside the September 6, 2001, decision of the ABCMR, and subsequent decisions on May 16, 2002, January 21, 2003, and July 15, 2003, denying Plaintiff's application for an upgraded discharge.

2. Holding unlawful and setting aside the March 17, 2005, ABCMR refusal to consider Plaintiff's Request for Reconsideration.

3. Issuing a writ of mandamus directing the Secretary of the Army to re-characterize Plaintiff's July 22, 1969 discharge as either Honorable or General.

4. In the alternative, remanding this cause to the ABCMR with instructions to consider the new issues and the new and material evidence supplied by the Plaintiff in his June 4, 2004, Request for Reconsideration.

5. Awarding Plaintiff his costs and attorneys fees.

6. Granting such other relief as the Court deems just and proper.

Complaint, pp. 13-14.  The Court did not grant any of the requests.  Rather the Court concluded that the agency must respond to the argument plaintiff raised, however inartfully, in his May 16,

11

2002 request for reconsideration.  The Court specifically rejected Plaintiff's challenges to the

September 6, 2001 decision.  Opinion at 12-15.  The Court did not reach Plaintiff's arguments

regarding the remaining requests for reconsideration or Plaintiff's request for a Writ of

Mandamus.  Opinion at 17 n. 14.  Further the Court noted that "On remand, the Board is of

course free to decline to consider plaintiff's claim on the merits, but if it continues to follow that

course, it will have to articulate its reasons for doing so. Opinion at 17.

When a party has obtained no favorable results in a particular aspect of a litigation, the

party may receive no fees for work for that part of the case.  Thus, even though a District Court

generally has discretion in calculating an appropriate fee, no fee may be granted for work done on

claims on which the party did not prevail, unless the unsuccessful claims were submitted as

alternative grounds for a successful outcome that the plaintiff did actually achieve.  See, e.g.,

Anthony v. Sullivan, 982 F.2d 586, 589 (D.C. Cir. 1993); Martin v. Lauer, 740 F.2d 36, 47 (D.C.

Cir. 1984) (plaintiff not entitled to fees for time spent on unsuccessful claims that are distinct

from successful claims); see also Willoughby v. Chater, 930 F. Supp. 1466, 1469 (D. Utah 1996)

(plaintiff awarded 50% of requested fees because he was successful on only one of two main

claims); Groves v. Heckler, 599 F. Supp. 830, 834 (M.D. Pa. 1984) (same).

Further, even aside from the fact that plaintiff failed to prevail on his claims, the amount

of hours that his attorney expended on this case was excessive.  A fee award under the EAJA

must be reasonable.  See 28 U.S.C. § 2412(d)(2)(A).  Although, where EAJA fees are payable,

counsel are typically entitled to compensation for their efforts, "[i]t does not follow that the

amount of time actually expended is the amount of time reasonably expended."  Copeland v.

Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc).  Careful scrutiny of the amount of time

claimed is critical in EAJA cases because the normal incentive to exercise billing judgment -- the desire to maintain a continuing relationship with a client -- is absent when fees are being paid by the government.  In such cases, the prevailing party's counsel "need fear no future loss of business to the firm if the fees they seek . . . are unreasonable."  Copeland, 594 F.2d at 255 n.59.  Consequently, "[s]pecial caution is required because of the incentive which the [federal agency's] 'deep pocket' offers to attorneys to inflate their billing charges and to claim for more as reimbursement then would be sought or could possibly be recovered from most private parties."  Id. at 250.

Here, plaintiff seeks nearly $29,000.00 in fees, which include over 178 hours by attorney Michael Dolan.  This is a very large sum for what was really a simple case regarding a decision by the ABCMR.  It would be one thing if this were a contentious case, with depositions, discovery disputes, and multiple hearings.  But, this was a straight-forward APA case.  In short, because the amount of fees sought by plaintiff is unreasonable, it should be substantially reduced, in the unlikely event the Court deems plaintiff is eligible and entitled to fees in the first instance.  See Cooper v. U.S. R.R. Retirement Bd., 24 F.3d 1414, 1417-18 (D.C. Cir. 1994).

Plaintiff filed a forty page opposition and cross motion for summary judgement of which three pages are legal arguments related to the allegedly improper waiver signed by Plaintiff.  Dkt entry 10 pp. 30-33.  Plaintiff also filed a six-page reply that dealt primarily with an argument rejected by the Court.  Pages three through six of the reply deal with Plaintiff's argument that the ABCMR's decision was arbitrary and capricious because it relied on documents that were not in the record or were not available to plaintiff.  The Court held this argument to be unavailing, as the Board did not rely on the documents at issue.  Opinion at 13,14.

13

For filing a complaint and drafting forty six pages of a brief and reply Plaintiff's counsel expended more than 178 hours.  Given the narrowness of the issue on which Plaintiff claims to have prevailed and the lack of complexity of this case, the Court should award no more than $4,000.   Given the lack of complexity of the case, fifty hours to draft a complaint, opposition and cross-motion and reply is more than generous.[3]   Fifty hours at the $160/hour rate is $8,000. Given the narrowness of the Court's remand decision, Plaintiff cannot be said to have prevailed on half of his claim.  Thus, the $4,000 figure would more than compensate Plaintiff at the prevailing EAJA rate.

## CONCLUSION

For the reasons set forth above, the Court should deny plaintiff's application for fees pursuant to the EAJA in their entirety.

Respectfully submitted,

_____/s_____
 KENNETH L.  WAINSTEIN, D.C.  Bar #451058
United States Attorney

_____/s_____
 RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney

---

[3] Plaintiff's inclusion of time spent preparing an application for the ABCMR is puzzling. The Court never addressed the ABCMR's decision rejecting this fourth request for reconsideration.

14

_____/s_____

KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895

15