UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS ROBERTS,<br>　　　　Plaintiff<br><br>v.<br><br>Hon. FRANCIS J. HARVEY,<br>Secretary of the Army, et al.,<br><br>　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-2430 (ESH)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S
APPLICATION FOR ATTORNEYS FEES AND EXPENSES PURSUANT TO
THE EQUAL ACCESS TO JUSTICE ACT (28 U.S.C. § 2412)**

　　　　Plaintiff, Thomas Roberts, by the undersigned counsel, respectfully submits this Reply to Defendants' Opposition to Plaintiff's Application for Attorneys Fees and Expenses Pursuant to The Equal Access to Justice Act (28 U.S.C. § 2412) ("EAJA"). Defendants' Opposition Memorandum argues that Plaintiff is not the prevailing party in this case, that Defendant's position before the court was substantially justified, and that Plaintiff's fees and expenses are unreasonable. Plaintiff will address each of Defendants' arguments separately.

# **I. ARGUMENT**

**I. Plaintiff is the Prevailing Party.**

"It is well established that a party "prevails" under EAJA's first [prevailing party] inquiry even if success is only partial." Jacobs v. Schiffer, 204 F.3d 259, 261 (D.C. Cir. 2000) (citing Farrar v. Hobby, 506 U.S. 103, 111 (1996) and Texas State Teachers Ass'n v. Garland Indep. Sch. Dist. 489 U.S. 782, 791 (1989)).

The Government argues that because this Court ordered a remand to the Army Board for Correction of Military Records ("ABCMR"), the Plaintiff cannot be a "prevailing party," citing Sullivan v. Hudson, 490 U.S. 877, 886 (1989). However, as the Court pointed out in Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991):

> The issue in Hudson was whether, under § 2412(d), a "civil action" could include administrative proceedings so that a claimant could receive attorneys' fees for work done at the administrative level following a remand by the district court. We explained that certain administrative proceedings are "so intimately connected with judicial proceedings as to be considered part of the 'civil action' for purposes of a fee award." [citing Hudson at 892]  We defined the narrow class of qualifying administrative proceedings to be those "where 'a suit (has been) brought in a court,' and where a 'formal complaint within the jurisdiction of a court of law' *remains pending and depends for its resolution upon the outcome of the administrative proceedings*." ... [emphasis in original] Hudson thus stands for the proposition that in those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings, a claimant may collect EAJA fees for work done at the administrative level. ... "*We did not say that proceedings on remand to an agency are 'part and parcel' of a civil action in federal district court for all purposes....*" Sullivan v. Finkelstein [496 U.S. 617, 630-631 (1990)][emphasis added].

In Shalala v. Schaefer, 509 U.S. 292, 300 (1993), the Court continued to clarify and limit its holding in Hudson: "We specifically noted in Melkonyan that Hudson was limited to a 'narrow class of qualifying administrative proceedings' where 'the district court retains jurisdiction of the civil action' pending the completion of the administrative

- 2 -

proceedings. 501 U.S. at 97." Of course, if the instant case did fall into the "narrow class of qualifying administrative proceedings," and Hudson were applicable here, the only issue would be the timing of Plaintiff's attorneys fees and expenses application, and the Government would be obliged to argue that the Court's August 3, 2006, order was not a final order. If this were a Hudson-type case, and the Government's unitary view of the judicial and administrative proceedings in this case were correct, then, should Plaintiff prevail on remand, the Government would have to extend Plaintiff's attorneys fees and expenses application to the earlier ABCMR proceeding as well as to any subsequent proceeding on remand. Moreover, if this were a Hudson-type case and the Court's August 3, 2006, Order were some type of inchoate, pendente lite directive rather than a final order, Plaintiff's EAJA application would be merely premature.

Another case cited by the Government for the proposition that a party awarded a remand cannot be a "prevailing party," Hanrahan v. Hampton, 446 U.S. 754 (1980), addresses interlocutory appeals of district court decisions, not remands to administrative agencies. As the Court in Hudson pointed out (490 U.S. at 952), Hanrahan is limited to "procedural and evidential rulings" between the district court and the court of appeals. See Hanrahan, 446 U.S. at 759. "Hanrahan ... rejected an assertion of prevailing party status, not by virtue of having secured a remand, but by virtue of having obtained a favorable procedural ruling (the reversal on appeal of a directed verdict) during the course of judicial proceedings." Shalala v. Schaefer, 509 U.S. 292, 301 (1993).

Waterman Steamship Corp. v. Maritime Subsidy Board, 901 F.2d 1119 (D.C. Cir. 1990), another case cited by the Government, is not helpful because of its heavy reliance upon Hudson before that decision was clarified and limited by Finkelstein, Melkonyan , and

- 3 -

Shaefer. National Coalition Against The Misuse of Pesticides v. Thomas, 828 F.2d 42 (D.C. Cir. 1987), a case that has not been cited by any court in the last thirteen years, is similarly unhelpful because it concerned an agency rulemaking and characterized the merits decision as "amount[ing] at best to a procedural victory for petitioners." Lastly, the Government relies on Austin v. Department of Commerce, 742 F.2d 1417 (Fed. Cir. 1984), a twenty-year old Federal Circuit decision that was cited by the D.C. Circuit only once (in a dissenting opinion eighteen years ago) and by this Court only once (in support of the Court's finding that the plaintiff *was* the prevailing party).[1]

## II. Defendants Have Failed to Carry Their Burden of Showing That the Position of the ABCMR was Substantially Justified.

"Once the prevailing party is established, 'the burden is on the government to show that its litigation position was substantially justified on the law and the facts.'" Air Transport Association of Canada v. FAA, 156 F.3d 1329, 1332 (D.C. Cir. 1998) (quoting Cinciarelli v. Reagan, 729 F.2d 801, 806 (D.C. Cir. 1984).

The Government's Opposition Memorandum quotes at p. 7 the House Judiciary Committee report on the bill, which ultimately became the EAJA statute, for the proposition that the fact that the Government lost the case should create no presumption that its position was substantially unjustified. However, another case cited by the Government, Pierce v. Underwood, 487 U.S. 552, 566 (1988), dismisses such use of EAJA's legislative history ("[I]t is the function of courts and not the Legislature, much less a Committee of one House of the Legislature, to say what an enacted statute means.").

---

[1] Union of Concerned Scientists v. U.S. Nuclear Regulatory Comm'n, 840 F.2d 957, 959 (D.C. Cir. 1988) (dissent); Fleming v. Bowen, 637 F.Supp. 726, 730 (D.D.C. 1986).

The instant case is one of those cases described in F. J. Vollmer Co., Inc. v. Magaw, 102 F.3d 591, 595 (D.C. Cir. 1996), in which "the court's merits reasoning may be quite relevant to the resolution of the substantial justification question. In some cases, the standard of review on the merits is so close to the reasonableness standard applicable to determining substantial justification that a losing agency is unlikely to be able to show that its position was substantially justified."

Here, the Court found that the Board "failed to grapple with what appears to be a substantial issue." Memorandum Opinion at 17. This is not a case in which the agency's action represented a "reasonable policy choice but suffer[ed] from some defect in crafting or execution." Federal Election Comm'n v. Rose, 806 F.2d 1081, 1087 (D.C. Cir. 1986). Nor is it a case in which the Plaintiff's position was supported by "no controlling Supreme Court authority or D.C. Circuit precedent." Cf. Taucher v. Brown-Hruska, 396 F.3d 1168, 1178 (D.C. Cir. 2005). Nor is it a case that "the government lost because an unsettled question was resolved unfavorably." Id. at 396 F.3d 1174. Moreover, this case does not involve "complicated determinations of statutory construction, as well as the reasonableness of the Agency's" rulemaking. Cf. Back Country Horsemen of America v. Johanns, 438 F. Supp.2d 1, 3 (D.D.C. 2006).

The Government relies upon another non-adjudication case, Trahan v. Brady, 907 F.2d 1215, 1220 (D.C. Cir. 1990), where the Court noted that an agency position (IRS release of tax return information to the Social Security Administration), while wrong, "might appear correct to a reasonable person." But would a reasonable person agree that the ABCMR could ignore both the applicant and the Administrative Procedure Act and simply

refuse to consider an argument supporting the applicant's claim, as the agency did in this case?

In Air Transport Association of Canada v. FAA, 156 F.3d 1329, 1332 (D.C. Cir. 1998), the Plaintiff was awarded attorneys fees after it was found to have prevailed on only one of the five issues it raised, the court noting: "it cannot be the case that Congress intended that a party who prevails on an essential ground of a petition to set aside government action cannot recover the congressionally contemplated fees because the government's action was substantially unjustified on only one of several possible bases."

The Government relies on Luciano Pisoni Fabbrica Accessori Instrumenti Musicali v. U.S., 837 F.2d 465 (Fed Cir. 1988), citing it three times.[2]  But this Federal Circuit case, concerning an appeal of a Court of International Trade decision regarding an antidumping order, has never been cited by a court in this circuit, and the facts and circumstances of the litigation in that case are far afield from those of a veteran successfully challenging an ABCMR decision.

A cased cited by the Government that does involve the ABCMR is Calloway v. Brownlee, 400 F. Supp. 2d 52, 54 (2005), where the court held that the Government's position was substantially justified because, although there was some evidence that the plaintiff had raised his argument at the agency level, "it was not 'explicitly clear' that the issue was actually raised."[3]  400 F.Supp. 2d at 56.  This Court's Memorandum Opinion at p. 16 quoted the Calloway merits decision 366 F.Supp. 2d at 55 n.4: "The [Calloway] Court

---

[2] One citation, at the bottom of page 10 of Defendants' Opposition Memorandum, appears to be in error. Neither Luciano nor Broad Avenue Laundry would be describing an ABCMR decision.
[3] Interestingly, the Calloway EAJA decision skipped the prevailing party issue and then struggled with the substantially justified issue, something the court seemingly would have avoided if Mr. Calloway, who was similarly situated to Mr. Roberts, were not the prevailing party.

concluded that the Board had acted arbitrarily in failing to respond to an argument, squarely presented to the district court by plaintiff's counsel, even though it was 'not explicitly clear that the plaintiff raised [the] argument at the agency level.'"

In the Calloway merits decision, "the Court, *according the plaintiff the benefit of the doubt* because he did not have legal counsel when the matter was before the agency, found that there was *some* evidence in the record, in the form of *obscure phrases buried in the interior of various papers* submitted to the defendant at the agency level, that *plausibly* raised the issue below." 400 F.Supp. 2d at 57 (emphasis added). Mr. Roberts' argument was not "in the form of obscure phrases buried in the interior of various papers." He submitted a forthright three-page, typewritten "Statement of Reconsideration" (AR 72-74) accompanied by the required application form (AR 71), also typewritten, and three pages of typewritten medical information (AR 75-77). There is nothing "obscure" about declarations in Plaintiff's Statement of Reconsideration that "I was under duress" and "the JAG lawyer said that I most likely received a General Discharge" -- statements that clearly related to his argument to the Board that his discharge proceeding was fatally defective because he waived his rights under duress and in the mistaken belief that he would not receive an undesirable discharge. Roberts Memorandum Opinion at 4, 15, 16. This Court's Memorandum Opinion at p. 15 notes that it "is clear from the entire record [that Plaintiff's statements to the Board] relate to his argument." This Court's decision was based on much more than merely giving the plaintiff "the benefit of the doubt."

In Calloway, the Government argued from the beginning of the merits litigation that "the issue was not raised at the administrative level and therefore is not properly before the Court." 366 F.Supp. 2d at 54-54; 400 F.Supp. 2d at 57. The

Government made no such argument in the merits phase of Mr. Roberts' litigation. Moreover, the Calloway merits decision noted that on remand the agency might conclude that the applicant's argument was never properly raised before the agency (366 F.Supp. 2d at 55, n. 9), a possibility not mentioned in this Court's Memorandum Opinion in Roberts.

Defendants' Opposition Memorandum declares at page 10 that the Board "concluded that his character of service prior to the alleged racism was consistent with the character of his service during the time of the alleged racism." Although Defendants' reference is unclear, what is clear, as the Court noted on page 7 of its Memorandum Opinion, is that the Board's September 6, 2001, statement (Admin. R. at 89) referred not to Plaintiff's claim of racism, but to his claim of post-traumatic stress disorder based on his combat service in Vietnam.

### III. The Hours and Expenses Claimed by Plaintiff are Reasonable.

Although, Part III of Defendant's Opposition Memorandum claims that "The Hours and Expenses Claimed by Plaintiff are Excessive," the memorandum points to no unreasonable expense claimed by Plaintiff. Also, footnote 3 at page 14 of the Opposition Memorandum to the contrary notwithstanding, Plaintiff's EAJA application did not include "time spent preparing an application for the ABCMR." The initial entry on counsel's time sheet (Appendix A to EAJA Application) is for March 20, 2005, three days after the Board's letter of rejection (Memorandum Opinion at 9).

Defendants' Opposition Memorandum claims at p. 11 that none of the six elements of Plaintiff's Prayer for Relief were granted. However, by finding that the Board's May 16, 2002, decision was arbitrary because it failed to address a substantial issue and

remanding the case to the Board, the Court clearly granted Plaintiff's requested relief. Accordingly, this Court declined to address the Board's three subsequent decisions and the issue of the Court's power to direct the Secretary to upgrade Plaintiff's discharge.  See Memorandum Opinion at n. 14, p. 17.

The Government's argument that somehow Plaintiff's attorney should be paid on a claim-by-claim basis is not realistic.  As the Court noted in Hensley v. Eckerhart, 461 U.S. 424, 435 (1983):

> Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims.  Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.  ... Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.

In Goos v. Nat'l Ass'n of Realtors, 68 F. 3d 1380, 1386 (D.C. Cir. 1995), clarified on denial of reh'g, 74 F.3d 300 (1996), the court observed:  "The key question is whether the work was reasonably done in pursuit of the ultimate result ... a lawyer may not be able to meet her ethical obligations if she does not pursue reasonable, alternative claims."  See also Davis County Solid Waste Mgt. and Energy Recovery Special Service Dist. v. U.S.E.P.A., 169 F.3d 755, 760 n. 8 (D.C. Cir. 1999) ("[T]he time [plaintiff's] attorneys spent on alternative grounds should not be used to reduce its award.") (citing Hensley and Goos).

Setting aside whatever appeal the Government finds in litigating against lawyer-less indigents and whatever salutary effect the courts receive from assistance of counsel in otherwise pro se cases, the Congress, in enacting EAJA, has determined that "certain individuals ... may be deterred from seeking review of ... unreasonable government action because of the expense involved in securing the vindication of their rights ..." and that

"it is the purpose of [EAJA] to diminish the deterrent effect of seeking review of ... governmental action ...." Sec. 202(a) and (c)(1), Pub. L. 96-481, 94 Stat. 2325.  See Commissioner v. Jean, 496 U.S. 154, 163 (1990) ("[T]he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions."). This case is exactly the type of case that EAJA contemplated.

Plaintiff, a penniless PTSD patient, had tried and failed to have the ABCMR consider his arguments as to why his discharge proceeding was defective. The Board's final refusal advised Plaintiff that no further Board action was contemplated, that plaintiff had exhausted his administrative remedies, and that his only option was to seek relief from the courts. Memorandum Opinion at 9. Although Plaintiff could have filed this case pro se, and, unfortunately a number of veterans do appear before the Board[4] and this court pro se, it is doubtful that Plaintiff could have secured the Court's remand without the assistance of counsel. For example, counsel sorted out a difficult, complicated administrative record, which lacked a number of key documents, including a document relied upon by the Court, the Plaintiff's waiver of rights, (Memorandum Opinion at 3). Plaintiff's counsel produced, and the Court's decision relied upon, difficult-to-obtain, thirty-five-year-old Army Regulations (Memorandum Opinion at p. 4, 16). Admittedly, there are cases that are more complex than Mr. Roberts' lawsuit; but this was, nevertheless, a case that required a careful and thoughtful presentation to the Court, and the notion that Plaintiff's counsel, who decidedly lacked the "greater resources and expertise of the United States,"[5] could have

---

[4] Plaintiff's counsel can argue, but can cite absolutely no authority, for the proposition that the ABCMR -- an administrative agency theoretically no different from other Government agencies -- would conduct its proceedings with more care if more of its applicants were represented by counsel.
[5] EAJA, Sec. 202(b), Pub. L. 96-481, 94 Stat. 2325.

prepared the necessary pleadings worthy for presentation to this Court in a total of twenty-five hours[6] is neither right nor reasonable.

## IV.  Conclusion

        For the reasons set forth above and in Plaintiff's Application for Award of Attorneys Fees and Expenses Pursuant to the Equal Access to Justice Act Plaintiff has shown that he is the prevailing party and that the hours and expenses claimed are reasonable. Defendants have failed to show that the position of the ABCMR was substantially justified.

        Respectfully Submitted,

        /S/
Michael W. Dolan, Esq.
   D.C. Bar # 3384
2021 L Street, N.W.,  Suite 204
Washington, D.C.  20036
Tel:  202/293-2776

*Attorney for Plaintiff Thomas Roberts*

---

[6] Defendants' Opposition Memorandum at p. 5 uses a figure of $4,000, which, if divided by $160 per hour, would yield 25 hours.