# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**THOMAS ROBERTS,**                          )
                           **Plaintiff**     )
                                            )
**v.**                                       )
                                            )    **Civil Action No. 05-2430 (ESH)**
**Hon. FRANCIS J. HARVEY,**                  )
**Secretary of the Army, <u>et al.</u>,**    )
                                            )
                           **Defendants**    )
_____)


## <u>SUPPLEMENT TO PLAINTIFF'S APPLICATION FOR ATTORNEYS FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT</u>

Pursuant to 28 U.S.C., § 2412(d), Plaintiff Thomas Roberts, by his attorney, respectfully requests this Court for permission to supplement his Application for Attorneys Fees and Expenses Pursuant to the Equal Access to Justice Act ("EAJA") filed on September 1, 2006.  The additional attorney's time reflected in the attached Supplemental Statement of Services Rendered represents the time Plaintiff's attorney expended in preparing the Reply to Defendants' Opposition to his Application for Award of Attorneys Fees and Expenses Pursuant to EAJA.  The addition of twenty hours of attorney time at the current hourly rate of $160 (the computation of which is described in the original application) increases the original total of $28,961.48 by $3,200.00 for a new total of $32,161.48.

Because Plaintiff's counsel does not charge his clients for time spent on billing matters, neither the original EAJA fee application, nor this supplement includes

time spent on preparing the fee application.   However, Plaintiff's counsel should be reimbursed for time spent litigating the fees issue.  "[H]ours reasonably devoted to litigating attorney's fees are compensable."  Environmental Defense Fund v. Reilly, 1 F.3d 1254, 1257 (D.C. Cir. 1993) (quoting Grano v. Barry, 783 F.2d 1104, 1113-14 (D.C. Cir. 1986) ("It is of course a long-standing rule that hours reasonable devoted to litigating attorneys' fees are compensable.").  See also Commissioner v. Jean, 496 U.S. 154, (1990) (("The Government concedes that fees for time and expenses incurred in applying for fees are appropriate ...." (496 U.S. at  157) and "The purpose and legislative history of the statute reinforce our conclusion that Congress intended EAJA to cover the cost of all phases of successful civil litigation addressed by the statute." (154 U.S. at 166-167)); Cinciarelli v. Reagan, 729 F.2d 801, 809 (D.C. Cir. 1984) ("Cases in this circuit applying other fee-shifting statutes have routinely awarded reasonable fees incurred in the course of obtaining fees.").

WHEREFORE, Plaintiff's attorney respectfully requests this Court to supplement the previously requested amount of $28,961.48 by awarding additional attorney's fees in the amount of $3,200.00 for twenty hours spent responding to the Defendants' Opposition to Plaintiff's Application for Attorney's Fees.

Respectfully Submitted,


_____/S/_____
Michael W. Dolan, Esq.
     D.C. Bar # 3384
2021 L Street, N.W.,  Suite 204
Washington, D.C.  20036
Tel:  202/293-2776


*Attorney for Plaintiff Thomas Roberts*

Michael W. Dolan
Attorney at Law

<u>Roberts v. Harvey</u>, CA No. 05-2430 (ESH)

<u>SUPPLEMENTAL STATEMENT OF SERVICES RENDERED</u>

| Date | Time | Nature of Service Rendered |
|------|------|----------------------------|
| Sep. 26, 2006 | n/c | Reviewed Gov't opposition to EAJA application; checked local rules, re: reply brief. |
| Sep. 30, 2006 | 2.75 | Research, re: cases cited by part I of Gov't opposition brief (<u>Sullivan</u>, <u>Hanrahan</u>, and cases cited therein), adding material to parts I & II of draft reply brief. |
| Oct. 1, 2006 | 2.00 | Cont'd review of cases cited in part I of Gov't opposition, adding material to part I of draft reply brief (1.50). Judge-specific ECF search of district court EAJA cases (.50). |
| Oct. 2, 2006 | 1.25 | Drafted and filed Motion for Enlargement of time to file reply brief; telephone conference w/ Gov't counsel (n/c). Researched cases in part II of Gov't opposition, re: "substantially unjustified." (1.25). |
| Oct. 4, 2006 | .75 | Researched <u>Pierce</u> line of cases, adding material to part II of draft memo. |
| Oct. 5, 2006 | 1.00 | Researched <u>Trahan</u>, <u>Cincerrelli</u> & <u>ATA Canada</u> line of cases, adding material to part II of draft reply brief. |
| Oct. 10, 2006 | .50 | Drafted material for parts II and III of draft reply brief. |

Oct. 12, 2006    .25    Added more material to parts II & III of draft reply brief.

Oct. 13, 2006    2.75    Research, re: EAJA, stat at large cite; prepared material for part II of reply brief (.50); researched <u>Back Country Horsemen</u> (1.50); researched pro-se cases for value of counsel quotes (.75).

Oct. 14, 2006    1.50    Research, re: more "substantial justification" cases, adding more material to parts II & III of draft reply brief.

Oct. 15, 2006    2.75    Researched <u>Calloway</u> and other cases cited in Gov't brief (2.25); tried to find misquote on p. 10 of Gov't brief (.50)

Oct. 16, 2006    1.00    Researched <u>Calloway</u> merits decision, adding material to part II of reply brief (.50); reviewed other cases, searching for misquoted language in Gov't brief (.50).

Oct. 17, 2006    .50    Researched more cases cited in Gov't brief, adding material to part II of draft reply brief.

Oct. 22, 2006    1.75    Researched fees for fees cases, creating part IV of draft reply brief (1.00); researched cases, re: alternate ground for "prevailing" (.75).

Oct. 23, 2006    1.00    More research, re: fees for fees cases, <u>Comm'r v. Jean</u> line of cases, adding more material to part IV of draft brief (.50); edited and cite checked draft brief (.50).

Oct. 24, 2005    .25    Cont'd final edit of reply brief.

========================================================
Total Hours = 20.00 x $160.00 = $3,200.00