UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THOMAS ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2430 (ESH) |
| ) | |
| FRANCIS J. HARVEY, ) | |
| Secretary of the Army, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Thomas Roberts seeks to recover attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  Plaintiff, a Vietnam veteran, previously brought an action under the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, for judicial review of the denial by the Army Board for Corrections of Military Records ("ABCMR") of his *pro se* application to upgrade his other than honorable discharge from the Army to an honorable or general discharge, and subsequent ABCMR decisions denying his repeated requests for reconsideration.  On cross motions for summary judgment, the Court denied plaintiff's challenges to the ABCMR's decision denying plaintiff's application for upgraded discharge, but remanded the case to the ABCMR to reconsider the denial of one of plaintiff's applications for reconsideration because the ABCMR failed to address a potentially meritorious argument raised by plaintiff.  The Court noted that "[o]n remand, the [ABCMR] is of course free to decline to consider plaintiff's claim on the merits, but . . . it will have to articulate its reasons for doing so." *Roberts v. Harvey*, 441 F. Supp. 2d 111, 122 (D.D.C. Aug. 3, 2006).  The facts of this case were exhaustively discussed in this Court's prior Memorandum Opinion and need not be repeated

here.

The EAJA provides, in relevant part, that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To be considered a "prevailing party" under the EAJA, a plaintiff must have succeeded on a significant issue in litigation "which achieve[d] some of the benefit [he] sought in bringing suit." *Waterman S.S. Corp. v. Mar. Subsidy Bd.*, 901 F.2d 1119, 1122 (D.C. Cir. 1990) (quoting *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782 (1989)) (first alteration in original); *see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 604 (2001). The D.C. Circuit has explained that the benefit achieved must "mean something more than an enhanced legal position in a proceeding that ultimately fails to supply any material relief," or an "interim victor[y] on the way to ultimate defeat . . . ." *Waterman*, 901 F.2d at 1122, 1123. This is so because while parties may use reviewing courts to correct an agency's "missteps" over the course of litigation, correct procedures "are largely . . . instruments to a desired end -- a change in someone's primary conduct in the real world: relief from a restriction, grant of a benefit, . . . etc.," and the "award of EAJA fees for corrective efforts that yield no real-world benefit would reduce the normal deterrent to litigative nit-picking." *Id.* Accordingly, in general "a plaintiff that has obtained a remand for further proceedings is not at that point a 'prevailing party' for the purpose of collecting its attorney's fee. Only if it ultimately succeeds on the merits of its underlying claim

may it be awarded the attorney's fee it incurred in obtaining the remand." *Envtl. Def. Fund, Inc. v. Reilly*, 1 F.3d 1254, 1257 (D.C. Cir. 1993) (citing *Waterman*, 901 F.2d at 1122).[1]

In this case, plaintiff has only secured the opportunity for the ABCMR to reconsider one of several applications for reconsideration. Nothing in the Court's previous opinion dictates, or even suggests, that a substantive victory for plaintiff will follow from the reconsideration. *See Waterman*, 901 F.2d at 1123. To the contrary, the Court's opinion explicitly recognizes that the ABCMR may reach the exact same conclusion on remand, so long as it articulates its reasons for doing so. In short, this outcome by itself is too attenuated from the actual "benefit in the real world, outside the judicial/administrative process," *id.*, sought by plaintiff in filing this claim --

---

[1] Plaintiff argues that *Waterman*, the primary case in the D.C. Circuit on the issue of whether attorney's fees may be awarded under the EAJA based on remand to an administrative agency, is no longer good law because it relies heavily on *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989), a Social Security benefits case which was subsequently limited by the Supreme Court in *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993), and *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). In *Hudson*, the Supreme Court noted in dicta that where the remand of a Social Security benefits action to the agency for further proceedings "does not necessarily dictate the receipt of benefits, the claimant will not normally attain 'prevailing party' status . . . until after the result of the administrative proceedings is know." *Hudson*, 490 U.S. at 2255. *Schaefer* and *Melkonyan* then limited the applicability of *Hudson* to Social Security cases in which the court remanded to the agency but retained jurisdiction over the administrative proceedings under specific provisions of the Social Security Act. *See Schaefer*, 509 U.S. at 299-300; *Melkonyan*, 501 U.S. at 96. *Waterman*, however, acknowledged that the *Hudson* dicta was not directly on point because it was decided in the context of a remand under the Social Security Act, but nonetheless adopted its reasoning. *Waterman*, 901 F.2d at 1122. *Waterman* also continues to be good law in this Circuit even after *Schaefer* and *Melkonyan*. It was cited by the D.C. Circuit as recently as 2004 for the proposition that where a remand to an administrative agency yields no "change in someone's primary conduct in the real world," the plaintiff who attained the remand is not at that point a "prevailing party" for the purpose of collecting attorney's fees. *Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 966 (D.C. Cir. 2004) (quoting *Waterman*, 901 F.2d at 1122); *see also Reilly*, 1 F.3d at 1257; *Ridgely v. Marsh*, 1996 WL 525316, at *1 (D.D.C. Sept. 10, 1996) (relying on *Waterman* to deny attorney's fees under the EAJA to a plaintiff who obtained a remand to the ABCMR for reconsideration but who ultimately lost on the merits of his claim). Therefore, plaintiff cannot succeed in the face of this binding circuit precedent.

*i.e.*, the upgrading of his discharge status -- to render him a "prevailing party" under the precedent of this Circuit.

## CONCLUSION

Accordingly, the plaintiff's application for attorney's fees and expenses [Dkt. 20] is **DENIED**.

**SO ORDERED**.

                                                    /s/
ELLEN SEGAL HUVELLE
United States District Judge

Dated: January 4, 2007