MICHAEL W. DOLAN, PLLC
ATTORNEY AT LAW
2021 L STREET, N.W. · SECOND FLOOR
WASHINGTON, D.C. 20036

September 28, 2006

DISTRICT OF COLUMBIA
VIRGINIA

TELEPHONE: (202) 293-2776
FACSIMILE: (202) 408-8910
E-MAIL: mwdolan@att.net

Hon. Carl W. S. Chun, Director
Board for Correction of Military Records
    ATTN: Walter Avery
1901 South Bell Street -- 2nd Floor
Arlington, Virginia  22202-4508

Re:  Thomas Roberts v. Francis J. Harvey, et al.
(Civil Action No. 05-2430)

Dear Mr. Chun:

        This letter is in response to a telephone request from Mr. Walter Avery,
the Chief of the Board's Case Management Division, to provide whatever items I thought
necessary for the Board to review before it considers the Court-ordered remand in the
above-referenced case.  Mr. Avery explained that his call was in response to my
September 1, 2006, inquiry as to how the Board intends to proceed with the remand
order.

        According, I am enclosing the following items for the Board to review in
connection with its remand of Roberts v. Harvey:

        1.  The complaint in Roberts v. Harvey, et al. , Civil Action No. 05-2430 with
attachments.  Attachment I is Mr. Roberts June 4, 2004, submission to the Board, Re:
AR2003085187; AR2002075295; AR2002067525; AR2001058201 with cover letter and
exhibits.  Attachment II is the Board's March 17, 2005, response.

        2.  Plaintiff's Memorandum of Points and Authorities (1) in Opposition to
Defendants' Motion to Dismiss, in Part, and for Summary Judgment and (2) in Support of
Plaintiff's Cross-Motion for Summary Judgment with Exhibits ("Plaintiff's Opposition
Memorandum").

        3.  Plaintiff's Statement of Material Facts as to Which There is No Genuine Issue.

        4.  Plaintiff's Supplemental Statement of Material Facts as to Which There is No
Genuine Issue.

        5.  Judge Huvelle's August 3, 2006 Memorandum Opinion.

EXHIBIT A

Hon. Carl W. S. Chun, page 2 of 3

     6. Judge Huvelle's August 3, 2006 Order.

       Because I understand that you already have a copy of the Administrative Record ("AR") that was filed with the Court, I have not included a copy with this material. You should be aware however that, as explained in Part II of Plaintiff's Opposition Memorandum, the Administrative Record in this case is incomplete.

       As the Complaint noted, Mr. Roberts' latest submission to the Board, the June 4, 2004, memorandum, raised a number of issues that that had never been presented to or considered by the Board. For example, the June 4, 2004, memorandum:

    -- presented evidence showing that the September 6, 2001, ABCMR decision was based on documents such as the version of the DD Form 214 "obtained from an unknown source" and DD Form 398 that were not made available to Mr. Roberts or his attorney.

    -- noted that the ABCMR's September 6, 2001, finding that "there is sufficient evidence to conclude that the applicant more appropriately should have been processed for separation from his second enlistment by reason of fraudulent entry" was not only not supported by the record, but actually contradicted by evidence in the record. For his second enlistment, he received the same service number that he received for his first enlistment. His DA Form 20 records his prior enlisted service.

    -- showed that Mr. Roberts' May 13, 1969, waiver of counsel and a hearing was fatally defective because it was secured under misleading terms because he was told that he could receive either a General or a UCOTH Discharge when in fact Army regulations in effect at the time *required* a UCOTH discharge. A General Discharge was not an option.

    -- showed that the Army's 1969 UCOTH discharge must be set aside because it did not follow the requirements of Army Regulations in effect at the time for the discharge of soldiers. Namely, the discharge procedure failed (i) to make required findings with respect to the waiver of counseling and rehabilitation, (ii) to make the required recommendation by the unit commander, and (iii) to exclude records of prior non-judicial punishments.

       The arguments presented in the June 4, 2004, memorandum were expanded upon in Plaintiff's Opposition Memorandum and the Exhibits thereto. Plaintiff's Reply brief is also important because it raises several additional arguments not made earlier because two documents referred to in previous Board decisions were not produced until after the Complaint in the District Court was filed. Specifically, the Board's September 2001 decision referred to a so-called "alternate DD-214," Report of

Hon. Carl W. S. Chun, page 3 of 3

Discharge. As Plaintiff's Opposition Memorandum noted on page 31, the so-called
"alternate DD-214," Report of Discharge (AR 188), contained references to arcane Army
recruitment regulations and SPN, or so-called "spin," codes. Plaintiff's Opposition
Memorandum speculated that only an Army recruiter would know about these items.

        That speculation became more certain when Defendant's produced with
their reply brief a missing Statement of Personal History (DD Form 398) that Mr. Roberts
allegedly executed for his second enlistment. The Board's September 6, 2001, decision,
noted at p. 4 that "The Statement of Personal History (DD Form 398) he prepared in
connection with his 28 July 1971 enlistment, which he signed on 23 July 1971, indicated
that he had no prior service [section 8]; that he did not graduate from high school [section
9]; and that he was self-employed as a taxi driver from 1966 through 1971 [section 13]."
However, Mr. Roberts was not aware until Defendants produced the document that the
DD Form 398, Statement of Personal History, contained two distinct types of
handwriting. One type of handwriting appears in sections 1 through 8, 11 through 13, 15
and 16, 18, and parts of sections 10 and 14. It is a rather bold stroke that is easy to read,
and it appears to be identical with that of the Army Recruiter, Staff Sergeant Ramon J.
Martino, who obviously wrote and signed the Application for Verification of Birth
Certificate (AR 209) and the Police Records Check (AR 205) in connection with Mr.
Roberts' second enlistment. The Board should not ascribe to Mr. Roberts responsibility
for documents that his Army recruiter prepared.

        Because the DD Form 214 and DD Form 398, were missing when Mr.
Roberts filed his June 4, 2004, memorandum, it is necessary for the Board to read the
Complaint, Plaintiff's Opposition Memorandum, and Plaintiff's Reply Brief. To
understand how these documents affected the factual record in the case, the Board must
also examine Plaintiff's Statement and Supplemental Statement of Material Facts as to
Which There is No Genuine Issue.

        Read together and in their entirety, the documents enclosed herewith
provide more than enough justification for upgrading Mr. Roberts' 1969 discharge.
Please call me if I can provide any more information or answer any questions.

                                                Respectfully,

                                                Michael W. Dolan

Enclo.

cc: Thomas Roberts