UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
THOMAS ROBERTS,                     )
            Plaintiff               )
                                    )
v.                                  )
                                    )   Civil Action No. 05-2430 (ESH)
Hon. Pete GEREN, [1]                )
Secretary of the Army,              )
                                    )
Carl W.S. CHUN, Director, Board     )
for Correction of Military Records, and )
                                    )
DEPARTMENT OF THE ARMY              )
                                    )
            Defendants              )
_____)

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND PETITION FOR WRIT OF MANDAMUS

**Nature of Action**

1. This is an action seeking judicial review under the Administrative Procedure Act, 5 U.S.C. § 701, et seq. ("APA") of several final agency decisions of the Army Board for Correction of Military Records ("ABCMR" or "the Board").

---

[1] Pursuant to Fed.R.Civ.P. 25(d)(1), the Hon. Pete Geren, who became the Acting Secretary of the Army on March 10, 2007, is substituted for the prior defendant Francis J. Harvey.

**Introduction**

2. On December 20, 2005, Plaintiff Thomas Roberts filed the original complaint (R 1) [2] in this action seeking judicial review under the APA of five distinct Board decisions: (1) the September 6, 2001, initial decision denying Mr. Roberts' application for an upgraded discharge, (2) a May 16, 2002, decision denying Mr. Roberts' request for reconsideration, (3) a January 21, 2003, staff decision that his June 10, 2002 application did not warrant submission to the Board, (4) a July 15, 2003, staff decision that his December 27, 2002, application did not warrant submission to the Board, and (5) a March 16, 2005, refusal to consider a request for reconsideration filed by Mr. Roberts' attorney. Original Complaint (R 1) at 12, 13.

3. On August 3, 2006, this Court ordered the matter remanded to the Board for "further proceedings consistent with the Court's Memorandum Opinion." R 18. That Memorandum Opinion (R 19) determined that the Board's September 6, 2001, decision did not violate the APA. However, the Court ruled that the Board's second decision of May 16, 2002, did violate the APA in that it failed to address Mr. Roberts' arguments that his 1969 discharge proceeding was fatally defective because he was under duress when he waived his rights to a hearing, counsel, and to submit statements in his own behalf and because he was misled by his Army counsel into believing that he would receive a discharge under honorable conditions. The Court deferred its consideration of Mr. Roberts' remaining claims:

> Because the Court has concluded that the ABCMR's May 16, 2002 decision violated the APA and will therefore remand the case to the Board, it need not address plaintiff's claims regarding the ABCMR's subsequent decisions on January 21, 2003, July 15, 2003, and March 17, 2005. In addition, while the parties dispute whether the Court has the power to direct the Secretary to

---

[2] Where appropriate, Plaintiff will refer to documents in the existing docket and administrative record. "R" followed by a number refers to the document corresponding to that number in the docket sheet of the District Court. "AR" followed by a number refers to the page of the administrative record before the District Court.

> upgrade plaintiff's discharge, the Court need not address that issue at this
> time. The ABCMR must first be given an opportunity to address plaintiff's
> arguments.

R 19 at 17, n. 14.

  4. On September 1, 2006, Plaintiff's counsel wrote to the Board, asking it how it intended to proceed with respect to the remand and whether a hearing would be held.

  5. On September 15, 2006, Plaintiff's counsel received a telephone call from Walter Avery, Chief of the ABCMR Case Management Division, who said that there would be no hearing, only a records review, and that Plaintiff should submit whatever documents he wanted the Board to review.

  6. On September 28, 2006, Plaintiff's counsel submitted to the Board copies of:

> -- the Complaint, which attached Plaintiff's June 4, 2004, Memorandum in Support of Request for Reconsideration with attachments and exhibits (R 1; Original Complaint[3]),
>
> -- Plaintiff's Memorandum of Points and Authorities (i) in Opposition to Defendants' Motion to Dismiss, in Part, and for Summary Judgment and (ii) in Support of Plaintiff's Cross-Motion for Summary Judgment with Exhibits (R 10),
>
> -- Plaintiff's Statement of Material Facts as to Which There is No Genuine Issue (R 10, Ex. 6),
>
> -- Plaintiff's Supplemental Statement of Material Facts as to Which There is No Genuine Issue (R 15), and
>
> -- the Court's August 3, 2006, Memorandum and Order (R 19).

See Exhibit A.

  7. After several unsuccessful telephone calls to the Board, Plaintiff's counsel learned, from a March 9, 2007, telephone call from the Board, that the Board denied Mr.

---

[3] Exhibits C through J to Plaintiff's June 4, 2004, submission to the Board, a total of 51 pages, were never included in the Administrative Record. The exhibits are, however, attached to the original Complaint in this action, R 1.

Roberts' claim on December 5, 2006. Later that day, Plaintiff's counsel received a copy of the Board's decision by electronic mail. To date, this is the only document that either Mr. Roberts or his counsel has received from the Board regarding the remand. See Exhibit B.

**Jurisdiction and Venue**

8. Subject matter jurisdiction over this action is conferred by 28 U.S.C. § 1331. This action presents federal questions pursuant to the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq*. This Court has personal jurisdiction over the parties pursuant to 5 U.S.C. § 702.

9. Venue lies in this district under 28 U.S.C. § 1391(e). Relief may be awarded pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 703 and 706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the All-Writs Act, 28 U.S.C. § 1651.

**Parties**

10. Plaintiff Thomas Roberts is a Vietnam veteran who served in the U.S. Army from July 1967 until July 1969 and from July 1971 to August 1971. He has been diagnosed and treated by the Department of Veterans Affairs for chronic and severe post-traumatic stress disorder (PTSD) due to psychological trauma suffered during combat in Vietnam.

11. Defendant the Hon. Pete Geren is the Acting Secretary of the Army, and is a named defendant in his official capacity. Secretary Geren is authorized by 10 U.S.C. § 1552(a)(1) to correct any military record that is necessary to correct an error or remove an injustice.

12. Defendant Carl W. S. Chun is the Director for the Army Board for Correction of Military Records, and is a named defendant in his official capacity. Subsection 1552(a)(1) requires the Secretary to correct errors or injustices in military records by acting through boards of civilians. Mr. Chun is the Director of the ABCMR, which is an "agency" within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701(b)(1).

13. Defendant Department of the Army is the agency that has custody of the records of Plaintiff's military service. It is also the agency under which the Board for the Correction of Military Records operates.

## Statement of Facts

### Plaintiff's Military Service

14. On July 13, 1967, Plaintiff enlisted in the U.S. Army for a period of three years. AR 302. After completing his initial training as a light weapons infantryman, he was ordered to Vietnam as a scout observer on June 17, 1968. AR 249.

15. After seeing combat in Vietnam, Mr. Roberts was ordered to Korea early in September of 1968, under the provisions of Army Regulation 614-17, which authorized deferments of Vietnam service for soldiers with family members already serving in Vietnam (Mr. Roberts' brother was serving in the Air Force in Vietnam). See AR 318; R 10, Ex. C.

16. On March 28, 1969, Mr. Roberts was confined in Korea to the Eighth Army Stockade. AR 34, 60. On April 17, 1969, while still in confinement, he was convicted by a special court-martial of for various offenses occurring between December 25, 1968, and March 18, 1969. Although two specifications of two charges were dismissed for lack of sufficient evidence, he was convicted of leaving his place of duty without proper authority, violating curfew, stealing Army property, wrongfully appropriating an Army truck, wrongful

possession of marijuana, and breaking restriction.  On May 7, 1969, and he was sentenced to six months confinement at hard labor, reduction in grade to private, E-1, and a forfeiture of $73 per month for six months.  AR 34, 60, 323-325.

17. On May 13, 1969, after forty-eight days in pre-trial confinement, and awaiting another 132 days of confinement at hard labor, halfway around the world from home, he waived his right to counsel, a hearing, and the right to submit statements in his own behalf and agreed to be discharged from the Army for unfitness.  R 1, Attach.I, Ex. D; Mem. Op. at 3,  Five days later, on May 18, 1969, Mr. Roberts attempted to commit suicide.  AR 327; Mem. Op at 16, n.12.

18. On July 22, 1969, Plaintiff was discharged from the Army under conditions other than honorable.[4]  The document reflecting the Undesirable Discharge, Plaintiff's DD Form 214, indicated that he received the National Defense Service Medal, the Vietnam Service Medal, the Air Medal and the Combat Infantryman Badge.   AR 49.

19. On July 28, 1971, Plaintiff re-enlisted in the Army for another three-year period. AR 199.  Less than one month later, on August 19, 1971, he was discharged with an Honorable Discharge on the basis of erroneous enlistment.  AR 214.

Plaintiff's Attempts to Upgrade His Discharge

20. On May 10, 1971, Mr. Roberts applied to the Army Discharge Review Board for an upgrade to his discharge; his request was denied on December 18, 1971.  AR 237, 231.

---

[4] A discharge under conditions other than honorable constitutes an undesirable discharge. See Mem. Op. at 5, n.3.  This pleading will use both terms interchangeably.

21. On May 29, 2001, Plaintiff applied to the Defendant Department of the Army's Board for the Correction of Military Records. His application attached Department of Veteran's Affairs ("VA") medical records indicating that:

 (i) in September 2000, Plaintiff was diagnosed by VA Clinical Psychologist David L. Nash as suffering from "PTSD, with paranoid features";

 (ii) in October of 2000 Plaintiff was being treated by a VA physician, Dr. Lori L. Davis, for "PTSD, alcohol abuse, and psychosis (other than schizophrenia)"; and

 (iii) in May, 2001, a VA Psychiatrist, Elton L. Hurst, M.D., diagnosed and was treating Plaintiff for "chronic severe PTSD due to psychological trauma suffered in combat Vietnam War."

AR 90-143.

22. Plaintiff's May 29, 2001, application also attached a letter from the Coordinator of Plaintiff's VA PTSD Clinical Team, Jose R. Vazquez, LMSW/ACP, who noted that Plaintiff apparently suffered from the symptoms of war trauma and that his condition was overlooked or misdiagnosed in the Army and that "He was not treated for his illness and his condition worsen (sic), resulting in his incarceration, mistreatment and discharged with other than an honorable discharge, instead of a medical due to combat related PTSD." AR 96-97.

23. On September 6, 2001, the ABCMR rejected Plaintiff's request for an upgrade, finding that Plaintiff failed to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice. AR 83-90.

24. On December 26, 2001, Mr. Roberts submitted a pro se application for reconsideration of the Board's decision, attaching a three-page typewritten statement wherein he noted while in the Army stockade that he was under duress when he signed a waiver of his rights to a hearing, a lawyer, and to present evidence on his own behalf and agreed to be discharged from the Army for unfitness. Mr. Roberts also noted that an Army lawyer advised him that he most likely would receive a general discharge under honorable conditions. His December 26, 2001, application also asserted that while in Korea, he encountered racial prejudice and discrimination, an "oversight by the Doctors in their Physical, and Medical evaluation," and "a tremendous amount of psychological trauma that led to the classification of Unfitness." Furthermore, he asserted that "the charges [against him] were fabricated in order to promote racism, and to hinder all minorities by any means, because their (sic) was at the time a ongoing practice in the Military to bar all black veterans from any benefits." AR 72-74.

25. On May 16, 2002, the Board denied Mr. Roberts' December 26, 2001, request for reconsideration. It was this May 16, 2002, decision that was remanded by this Court's August 3, 2006, Memorandum Opinion that is described in paragraph 3 *supra*.

26. On June 10, 2002, Mr. Roberts submitted a second application for reconsideration (R 48) which attached copies of his discharge (R 49), the psychiatric clearance for his discharge proceeding (R 50), a copy of his court martial conviction (R 51), photos of various civilian master plumber licenses that he held subsequent to his discharge (R 52), an enrollment form from an Alabama community college indicating course enrollment (R 53), and a June 4, 2002, typewritten statement describing racial prejudice in the Army and indicating that he has heard nothing from the Board since he submitted his application six months previously (R 54).

27. On December 27, 2002, Mr. Roberts submitted a third request for reconsideration – a typewritten application with no attachments.  R 46.

28. On January 21, 2003, the Board responded to Mr. Roberts' June 10, 2002, request by advising him that the Board's staff had determined that his application did not warrant resubmission to the Board.  R 47.  The Board's January 21, 2003, decision cited paragraph 2-15(b) of Army Regulation 15-185, which, at the time of the decision, provided that requests for reconsideration received more than one year after the original decision would be reviewed by the Board's staff for evidence of certain criteria for re-opening a decision and if the staff does not find such evidence the application will be returned to the applicant without action.  See Mem. Op. at 8, n.8.

29. On July 15, 2003, the Board responded to Mr. Roberts' December 27, 2002, application with a letter similar to its January 21, 2002, letter advising him once again that the under the applicable version of paragraph 2-15(b) of Army Regulation 15-185, the "staff of the Board has determined that your current application does not contain evidence" that meets the cited criteria.  R 45.

30. On June 4, 2004, Mr. Roberts submitted a fourth application for reconsideration reciting that it was the first submission to the Board made with the direct assistance of legal counsel.  The request noted that the accompanying twenty-nine page memorandum and fifty-four pages of exhibits raised a number of issues and attached new and material evidence that had not been previously presented to or considered by the Board.  R 2-39.[5]

31. Mr. Roberts' June 4, 2006, submission to the Board raised a number of issues that have yet to be considered by either the Board or this Court.  For example,

---

[5] See note 3, *supra*.

Plaintiff's submission showed that the Army's 1969 undesirable discharge must be set aside because the procedure for Mr. Roberts' discharge did not follow the requirements of Army Regulation 635-212 in effect at the time for the discharge of soldiers.  For example, the discharge procedure failed (i) to make required findings with respect to the waiver of the required counseling and rehabilitation, (ii) to be initiated by the required recommendation by the unit commander, and (iii) to exclude records of prior non-judicial punishments as required by Army Regulation 27-10 in effect at the time.

    32.  On September 7, 2004, while Plaintiff's application was still pending at the ABCMR, Judge Ricardo Urbina of this Court issued a Memorandum Opinion in <u>Lipsman v. Sec'y of the Army</u>, 335 F.Supp.2d 48 (Sept. 7, 2004), finding that subsection 2-15(b) of Army Regulation (AR) 15-185 violated the provisions of 10 U.S.C. § 1552, the ABCMR's operating statute, because it permitted ABCMR staff and not the Board to make decisions identical with those made in Plaintiff's applications.  The Court specifically found that the Board's delegation of actions to its staff was arbitrary or capricious and not in accordance with law.

    33.  By letter dated March 17, 2005, the Board returned Mr. Roberts' June 4, 2004, application for reconsideration, noting that his case was considered on September 6, 2001, that no further ABCMR action was contemplated, that he had exhausted all of his administrative remedies, and that Mr. Roberts had the option of seeking "relief in a court of appropriate jurisdiction."   Without citing <u>Lipsman</u>, the Board referred to "a recent court decision" ordering the deletion of paragraph 2-15b of AR 15-185, and stated that the effect of the decision "now permits an applicant to request reconsideration of an earlier ABCMR decision if the request is received within one year of the ABCMR's original decision and it has not been previously reconsidered."  AR 1.

34. On December 20, 2005, Mr. Roberts filed the original complaint described in paragraph 2 *supra*.

35. On May 1, 2006, the post-<u>Lipsman</u> Army Regulation amending paragraph 2-15(b) of Army Regulation 15-185 become effective. In a March 31, 2006, "Summary of Change," Defendant Department of the Army described the purpose of the amendment: "This rapid action revision dated 31 March 2006 [u]pdates policies and procedures ... to comply with ... the decision [in <u>Lipsman</u>]." R 10, Ex. E, Army Regulation 15-185, dated 31 March 2006.

36. On August 3, 2006, this Court entered the remand order described in paragraph 3, *supra*.

37. On September 28, 2006, Mr. Roberts by counsel submitted to the Board the items described in paragraph 6, *infra*. The letter transmitting those items is attached hereto as Exhibit A.

38. On December 5, 2006, in response to the Court's remand, the Board denied Mr. Roberts' claim, in a decision attached hereto as Exhibit B. Neither Mr. Roberts nor his counsel learned of that decision until it was faxed to counsel on March 9, 2007.

39. The Board's December 5, 2006, decision on remand examined only the specific issue remanded by the Court relating to the Board's denial of Mr. Roberts' December 26, 2001, request for reconsideration. It did not address the Board's decisions of January 21, 2003, July 15, 2003, and March 17, 2005 which were not decided by the Court.

### First Claim for Relief
### Section 1552 of Title 10, U.S.C. and
### Administrative Procedure Act

40. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 39, as if fully set forth herein.

41. The ABCMR's decisions of January 21, 2003, July 15, 2003, and March 17, 2005, were made by staff and not the Board, and, accordingly, violate the provisions of 10 U.S.C. § 1552.

42. Because the ABCMR's decisions of January 21, 2003, July 15, 2003, and March 17, 2005, violate the provisions of 10 U.S.C. § 1552, they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, and in excess of statutory jurisdiction, authority, or limitations, or short of statutory right in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2).

### Second Claim for Relief
### Administrative Procedure Act

43. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

44. The ABCMR's March 17, 2005, refusal to consider Plaintiff's June 4, 2004, Request for Reconsideration, which was based on the submission of new issues and new and material evidence, was unsupported by substantial evidence or arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2).

### Third Claim for Relief
### Administrative Procedure Act

45. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 44, as if fully set forth herein.

46. The ABCMR's December 5, 2006, reconsideration on remand of Plaintiff's December 26, 2001, statement of reconsideration (i) addressed the specific issue remanded by this Court in an irrational, arbitrary fashion and (ii) failed to address all of the issues raised by Plaintiff, and therefore it was unsupported by substantial evidence, or arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2).

### Prayer For Relief

WHEREFORE, Plaintiff Thomas Roberts prays this Court to enter judgment in favor of the Plaintiff as follows:

1. Holding unlawful and setting aside the ABCMR's decisions of January 21, 2003, and July 15, 2003, denying Plaintiff's application for an upgraded discharge, or denying reconsideration of that application.

2. Holding unlawful and setting aside the March 17, 2005, ABCMR refusal to consider Plaintiff's June 4, 2004, request for reconsideration.

3. Holding unlawful and setting aside the December 5, 2006, decision that purportedly reconsidered Plaintiff's December 26, 2001, request for reconsideration.

4. Issuing a Writ of Mandamus directing the Secretary of the Army to re-characterize Plaintiff's July 22, 1969 discharge as either Honorable or General.

5. In the alternative, remanding this cause to the ABCMR with instructions to consider the new issues and the new and material evidence supplied by the Plaintiff in his June 4, 2004, Request for Reconsideration.

6. Awarding Plaintiff his costs and attorneys fees.

7. Granting such other relief as the Court deems just and proper.


/S/

_____
Michael W. Dolan, Esq.
　　D.C. Bar No. 3384
2021 L Street N.W.
Suite 204
Washington, D.C.  20036

*Attorney for Plaintiff*
*Thomas Roberts*