## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **THOMAS ROBERTS** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | )    **Civil Action No. 05-2430 (ESH)** |
|  | ) |
| **HON. PETE GEREN** | ) |
| **Acting Secretary of the Army, et al.** | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |

## DEFENDANTS' MOTION TO DISMISS IN PART AND FOR SUMMARY JUDGMENT

Defendants hereby move to dismiss Plaintiff's first and second claims for relief in his

Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) because

Plaintiff has failed to state a claim upon which relief can be granted and has sought relief that is

nonjusticiable.  Defendants also move for judgment as a matter of law under Federal Rule of

Civil Procedure 56 on those claims and on Plaintiff's remaining claims because there is no

genuine issue as to any material fact and the decisions of the Army Board of Correction of

Military Records ("ABCMR" or the "Board")[1] are supported by law and regulation, and are not

arbitrary or capricious.  In support of this motion, Defendants respectfully submit the attached

memorandum of points and authorities, statement of material facts not in genuine dispute,

proposed order, and an administrative record.

Respectfully submitted,

---

[1]    The Army Board for Correction of Military Records is composed of civilians appointed
by the Secretary of the Army, and has statutory authority to "correct any [Army] record" in order
to "correct an error or remove an injustice."  10 U.S.C. § 1552(a).

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895


Of Counsel:
MAJOR JERRETT W.  DUNLAP
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203-1837
703-696-1628

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **THOMAS ROBERTS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-2430 (ESH)** |
| ) | |
| **HON. PETE GEREN** ) | |
| **Acting Secretary of the Army, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS, IN PART, AND FOR SUMMARY JUDGMENT**

Defendants file this Memorandum in support of Defendants' Motion to Dismiss, in part,

and for Summary Judgment.  Plaintiff's Complaint should be dismissed in part, pursuant to Fed.

R. Civ. P. 12(b)(6) and 12(b)(1), as Plaintiff has failed to state a claim upon which relief can be

granted regarding his first and second claims for relief in his Amended Complaint, and because

the Court lacks jurisdiction to grant Plaintiff's mandamus relief.  Additionally, Defendants are

entitled to judgment as a matter of law on Plaintiff's remaining claims pursuant to Fed. R. Civ. P.

56 because there is no genuine issue as to any material fact and the Board's decisions are

supported by law and regulation.  Defendants' statement of material facts not in genuine dispute

and the Administrative Record ("AR") support this memorandum.

## I.  INTRODUCTION

Plaintiff, a former soldier of the United States Army, seeks to upgrade his undesirable

discharge to either an honorable or general under honorable conditions discharge.[1]  (Amend.

---

[1] A soldier separated from the service, other than by court-martial or during initial training,
receives one of three characterizations of service: Honorable, General Under Honorable

Compl., at 13, R. 31.) Summarized from prior filings and published opinions, the background of

this case is clear. Plaintiff enlisted in the United States Army in July 1967. (AR 302.) In March

1968, April 1968, and again in December 1968, he received nonjudicial punishment ("NJP"),

under Article 15, Uniform Code of Military Justice. (AR 239, 242.) In May 1968, and April

1969, he was convicted by special courts-martial and sentenced to thirty days restriction and six

months confinement, respectively. (AR 244, 251, 325.) Prior to completing his confinement,

Plaintiff agreed to be discharged from the Army by reason of unfitness; thereby waiving his right

to counsel, a hearing or personal appearance before a board of officers, and the right to submit

statements on his own behalf to the discharge authority. He was discharged in July 1969, with a

characterization of service as Under Other Than Honorable Conditions. (AR 49.) Plaintiff

enlisted for a second time in July 1971, but was discharged the following month. (AR 200, 216.)

His second term of service was classified as an erroneous enlistment and he received an

Honorable Discharge. (AR 214.)

     Plaintiff first applied to have the characterization of his first term of service upgraded

with the Army Discharge Review Board in 1972, but his request was denied in 1973. (AR 230-

7.) Almost 28 years later, Plaintiff applied to the ABCMR in May 2001. (AR 94.) The ABCMR

denied his application in September 2001, and found the following: 1) that there was no evidence

that he was under a medical profile due to wounds from combat or that he was suffering from a

diagnosed post traumatic stress disorder at discharge; 2) that there was no evidence that his

character of service was different after Vietnam than what it had been before, which was shown

by his conviction by a special court-martial and acceptance of two NJP's prior to his tour in

---

Conditions, or Under Other Than Honorable Conditions. Army Regulation 135-178, ¶ 1.

Vietnam and his conviction by another special court-martial and acceptance of another NJP after his tour in Vietnam; and 3) sufficient evidence that he probably should have been separated from his 1971 enlistment by reason of fraudulent entry and not given a characterization of service for this enlistment.  (AR 82, 89-90.)

Plaintiff applied to the ABCMR for reconsideration three times between December 26, 2001 to 2003, and the ABCMR denied each application.  (AR 46-48, 66-69, 71.)  In June 2004, Plaintiff requested a fourth reconsideration from the ABCMR, requesting an upgrade in his discharge, along with "back pay and restoration of all rights and privileges" for his two enlistments. (AR 31.)  In March 2005, the ABCMR denied Plaintiff's fourth request for reconsideration.  Plaintiff filed suit in December 2005, alleging that the ABCMR's September 6, 2001 decision, together with its subsequent decisions denying his reconsideration requests on May 16, 2002, January 21, 2003, and July 15, 2003 violated the Administrative Procedure Act, 5 U.S.C. §701 et seq. ("APA") (Compl., at 12 ¶ 31, R.1.)  Plaintiff also alleged that the ABCMR decisions denying his second, third and fourth requests for reconsideration violated 10 U.S.C. § 1552 because the decision was made by the ABCMR staff, not ABCMR members. (Id. at 13, ¶35.)

On August 3, 2006, this honorable Court denied Defendants' Motion to Dismiss and for Summary Judgment and granted, in part, Plaintiff's Cross-Motion for Summary Judgment, remanding the matter to the ABCMR.  (Order, R. 8; Memo. Opinion, at 2, R.19.)  The Court rejected Plaintiff's argument that the ABCMR's September 6, 2001, decision violated the APA, specifically finding "there is more than ample evidence in the record, and on which the board did rely, to support its decision to deny plaintiff's request for an upgraded discharge."  (Memo

5

Opinion, at 14, R. 19.)  However, the Court found that the ABCMR's May 16, 2002, denial of

Plaintiff's first reconsideration request violated the APA because the ABCMR failed to address a

potentially meritorious argument raised by Plaintiff "regarding the validity of his waiver of his

right to counsel, a hearing or personal appearance before a board of officers, and the right to

submit statements on his own behalf to the discharge authority."  (Id. at 15.)  The Court

specifically noted that because it concluded "the ABCMR's May 16, 2002 decision violated the

APA and will therefore remand the case to the Board, it need not address plaintiff's claims

regarding the ABCMR's subsequent decisions on January 21, 2003, July 15, 2003, and March

17, 2005."  (Id. at n.14.)  The Court also noted it did not need to address the issue of whether the

Court has the power to direct the Secretary to upgrade plaintiff's discharge.  (Id.)

On December 11, 2006, the ABCMR issued its record of proceedings regarding the

reconsideration of the issue raised in the Court's remand.  (AR 367.)  The ABCMR specifically

limited reconsideration "to the issues raised in [the Court's August 3, 2006 Order and

Memorandum Opinion] and [did] not address issues and relief requested from the applicant or

his counsel that were previously addressed by the Board with which the court took no issue."

(AR 367.)  The ABCMR further stated the reconsideration addressed Plaintiff's December 16,

2001 reconsideration request, "as clarified by his counsel in his July 2004 memorandum."  (AR

367.)  After reviewing the evidence provided by Plaintiff and contained in his military records,

the ABCMR addressed Plaintiff's contention that he was "under duress, and relied on erroneous

advice of counsel when he completed his waiver of rights in connection with his 1969

separations processing."  (AR 369.)  The ABCMR determined there is insufficient evidence to

support Plaintiff's claims and denied his reconsideration request.  (AR 369-71.)

The ABCMR specifically found there is no evidence of record supporting Plaintiff's allegations that he was unjustly confined, or that he was treated differently than other prisoners confined with him at that time. (AR 369.) Additionally, Plaintiff consulted with an attorney from the Army Judge Advocate General's Corps on May 13, 1969, who advised Plaintiff regarding his contemplated separation, including its effects and his available rights. (AR 369.) The ABCMR also found that after receiving legal counsel, Plaintiff elected to waive consideration of his case by a board of officers, personal appearance before the board of officers, representation by counsel before the board of officers, and the right to submit a statement on his own behalf. (AR 369.) In waiving these rights, the ABCMR found Plaintiff specifically acknowledged that he understood that he could encounter substantial prejudice in civilian life in the event he received a General, Under Honorable Conditions discharge. (AR 369.) The ABCMR also found that Plaintiff understood that he could be ineligible for benefits and encounter substantial prejudice in civilian life if he received a discharge Under Other Than Honorable Conditions. (AR 369.)

On June 18, 2007, Plaintiff filed an Amended Complaint, again seeking an upgrade in his discharge. (Amend. Compl., at 13, R. 31.) Plaintiff presents three claims for relief. First, that the ABCMR's decisions of January 21, 2003, July 15, 2003, and March 17, 2005, were made by the ABCMR staff and not the Board itself, allegedly in violation of 10 U.S.C. § 1552 and the APA. (Amend. Compl. at 12, ¶¶ 41-2, R. 31.) Second, Plaintiff alleges the ABCMR violated the APA in its March 17, 2005, refusal to consider Plaintiff's June 4, 2004 reconsideration request, "which was based on the submission of new issues and new and material evidence." (Id. at ¶ 45.) Finally, Plaintiff claims the ABCMR violated the APA in its denial of his

7

reconsideration request related to this Court's remand when it (1) addressed the specific issues "in an irrational, arbitrary fashion" and (2) "failed to address all of the issues raised by Plaintiff." (Id. at 13, ¶ 46.)   Plaintiff requests the Court to issue: judgment in his favor based on the three claims for relief; a Writ of Mandamus directing the Secretary of the Army to upgrade Plaintiff's 1969 discharge to either Honorable or General, Under Honorable Conditions; and, in the alternative, an order again remanding this Amended Complaint to the ABCMR to consider the "new material evidence supplied by the Plaintiff in his June 4, 2004, Request for Reconsideration. Additionally he requests an Award of attorneys fees and other relief the Court deems just. (Id. at 13-4.)

## II.  <u>SUMMARY OF ARGUMENT</u>

Plaintiff's request for mandamus is improper because Plaintiff does not have a clear right to the relief sought, and the Defendants do not have a clear, non-discretionary duty to provide Plaintiff the relief he seeks.  Morever, Plaintiff has other adequate remedies under the APA and the issuance of a discharge is a discretionary military decision which is nonjusticiable in the federal courts.  Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's mandamus claim, and it should be dismissed.  To the extent Plaintiff is challenging either his actual discharges in 1969 or 1971, or the decision by the ADRB denying plaintiff's request to upgrade his discharge in 1972, these claims must be dismissed due to the statute of limitations.

10 U.S.C § 1552 does not give Plaintiff the right to unlimited reconsideration requests before the ABCMR.  Because Army Regulations limit Plaintiff's right to one request for reconsideration before the ABCMR, the Board did not act arbitrarily or capriciously or in violation of law in refusing to consider plaintiff's second, third, and fourth requests for

8

reconsideration.  Finally, the ABCMR carefully addressed Plaintiff's duress claim on remand and rationally concluded that the evidence does not demonstrate the existence of probable error or injustice.  Accordingly, Defendants are entitled to judgment on their Motion.

## III.  STATEMENT OF FACTS

We respectfully refer the Court to Defendants' Statement of Material Facts to Which There is No Genuine Dispute filed simultaneously herewith.

## IV.  ARGUMENT

### A.      Standard Of Review

### 1.      Standard of Review on a Motion to Dismiss

A case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  The allegations in a plaintiff's complaint are presumed true at this stage and all reasonable factual inferences must be construed in plaintiff's favor.  Maljack Prods., Inc. v. Motion Picture Ass'n of Am., Inc., 311 U.S. App. D.C. 224, 52 F.3d 373, 375 (D.C. Cir. 1995). However, "the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Commc'ns Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atl., 127 S. Ct. at 1965.  Vance v. Chao, 2007 U.S. Dist. LEXIS 55971 (D.D.C. 2007).

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Plaintiff bears the burden

of establishing that the court has subject matter jurisdiction.  Dist. of Columbia Ret. Bd. v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987).  In considering a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all material factual allegations in the complaint.  Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987).  In addition, a court may consider such materials outside the pleadings as appropriate to resolve the question whether it has jurisdiction to hear the case.  See Herbert v. Nat'l. Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Borg-Warner Protective Servs. Corp. v. EEOC., 81 F. Supp. 2d 20, 23 (D.D.C. 2000).

### 2.    Standard of Review for Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984).  Where no genuine dispute exists as to any material fact, summary judgment is required.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation.  Id. at 247.  "The burden on the moving party may be discharged by 'showing' - - that is, pointing out to the [Court] - - that there is an absence of evidence to support the non-moving party's case." Celotex, at 325.  Once the moving party has met its burden, the non-movant may not rest on mere

allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus to avoid

summary judgment, the Plaintiff must state specific facts or present some objective evidence that

would enable the court to find he is entitled to relief.

In an opinion issued the same day as Celotex, the Supreme Court explained the

circumstances in which summary judgment is appropriate:

> If the evidence is merely colorable . . . or is not sufficiently probative . . .
> summary judgment may be granted . . . [T]he mere existence of a scintilla of
> evidence in support of the plaintiff's position will be insufficient; there must be
> evidence on which the jury could reasonably find for the plaintiff.

Anderson v. Liberty Lobby, Inc., 477 U.S. at 252.  Unsupported speculation is not enough to

defeat a summary judgment motion; the existence of specific material evidentiary facts must be

shown. Fed. R. Civ. P. 56(e)(the nonmoving party may not rest on mere allegations but "must

come forward with 'specific facts showing there is a genuine issue for trial.").  See also Hayes v.

Shalala, 902 F.Supp. 259, 263 (D.D.C. 1995)(opposition to summary judgment must consist of

more than mere unsupported allegations or denials); Johnson v. Digital Equip. Corp., 836

F.Supp. 14, 18 (D.D.C. 1993)(evidence that is merely colorable or not sufficiently probative is

insufficient to defeat summary judgment); Batson v. Powell, 912 F.Supp. 565, 578 (D.D.C.

1996), aff'd, 203 F.3d 51 (D.C. Cir 1999).

In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure

is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the

Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive

determination of every action.'" 477 U.S. at 327, quoting Fed. R. Civ. P. 1.

3.      **Review Is Limited Under the Administrative Procedure Act**.

To prevail in this Court, Plaintiff "must overcome the strong, but rebuttable, presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith." Frizelle v. Slater, 111 F.3d 172, 177 (D.C. Cir. 1997)(quoting Sanders v. United States, 594 F.2d 804, 813 (Cl. Ct. 1979).  To rebut this presumption, Plaintiff must establish through "cogent and clearly convincing evidence" that the ABCMR's findings were arbitrary, capricious, unsupported by substantial evidence, or contrary to law or regulations. McDougall v. Widnall, 20 F.Supp. 2d 78, 82 (D.D.C. 1998).  Due to this very high standard, only the most egregious agency decisions do not satisfy this very deferential standard of review.  Kreis v. Air Force, 866 F.2d 1508, 1515 (D.C. Cir. 1989).

In reviewing an agency's action under the APA's standard, a Court "will not disturb the decision of an agency that has 'examined the relevant data and articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made.'"  MD Pharmaceutical, Inc. v. D.E.A., 133 F.3d 8, 16 (D.C. Cir. 1998).  The explanation for its action "does not mean that an agency's decision must be a model of analytic precision to survive a challenge." Dickson v. Secretary of Defense, 68 F.3d 1396, 1404 (D.C. Cir. 1995).  A reviewing court will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned."  Id.  Even if reasonable minds might reach differing conclusions, the Court is not empowered to substitute its judgment for that of the agency.  U.S.P.S. v. Gregory, 534 U.S. 1, 6-7 (2001).  "When reviewing a decision by a military Correction Board, a Court must do so under an 'unusually deferential application of the arbitrary or capricious standard of the APA.'"  Lebrun v. England, 212 F. Supp. 2d 5, 14 (D.D.C. 2002) (quoting Musengo v.

12

White, 286 F.3d 535, 538 (D.C. Cir. 2002)).  See also Piersal v. Winter, 435 F.3d 319 (D.C. Cir.

2006) (Review of military corrections board decision is to be under a particularly deferential

standard of review).

### B.    The Court Lacks Subject Matter Jurisdiction to Award Plaintiff's Requested Mandamus Relief because Plaintiff's Claim For An Upgrade Of His Discharge is Nonjusticiable

As noted in Defendants' initial Motion to Dismiss, and in the Alternative Summary

Judgment, (R. 6), a "mandamus remedy is an extraordinary one, and it is to be utilized only under

exceptional circumstances." Haneke v. Secretary of Health, Education, and Welfare, 535 F.2d

1291 (D.C. Cir. 1976).  Plaintiff asks this Court to "re-characterize Plaintiff's July 22, 1969

discharge as either Honorable or General."  (Amend. Compl. at  14, R. 31.)  Plaintiff has failed to

set forth the necessary prerequisites for mandamus relief in his Complaint.  To qualify for

mandamus relief, a plaintiff must show: 1) a clear right to the relief sought; 2) the defendants

have a clear duty to act; and 3) the absence of any other adequate remedy.  Swan v. Clinton, 100

F.3d 973, 977 (D.C. Cir. 1996) (quoting American Cetacean Society v. Baldridge, 768 F.2d 426,

433 (D.C. Cir. 1985); Atlantic Tele-Network Inc. v. Inter-American Development Bank, 251 F.

Supp. 2d 126, 131 (D.D.C. 2003)).  Furthermore, the defendants' duty to act must be clear,

ministerial and non-discretionary.  NTEU v. Bush, 715 F.Supp. 405, 407 (D.D.C. 1989).

Mandamus is improper because Plaintiff has failed to establish a clear right to the relief sought,

or that the Defendants had a non-discretionary duty to provide the relief Plaintiff seeks.  In light

of Plaintiff's repeated acts of misconduct while in military service (AR 368), there is no real

dispute that the characterization of Plaintiff's discharge was inherently discretionary.

The characterization of a service member's discharge is the very essence of a

discretionary military decision, and as such is nonjusticiable.  See, e.g., Gilligan v. Morgan, 413 U.S. 1, 11 (1973) ("The complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments...").  The United States Supreme Court has admonished lower courts to be extremely reluctant to interfere with the military's exercise of discretion in internal military matters, especially when adjudicating matters involving discipline, morale, composition of the force, and personnel matters.  See, e.g., id.; Goldman v. Weinberger, 475 U.S. 503 (1986); Orloff v. Willoughby, 345 U.S. 83 (1953) (the military constitutes a separate discipline from that of the civilian: "Judges are not given the task of running the Army . . . . Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters.").  Consequently, "[u]nless Congress specifically has provided otherwise, courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs."  Department of the Navy v. Egan, 484 U.S. 518, 530 (1988).  The basis for this limitation is the belief that federal courts "are ill-equipped to determine the impact upon discipline that any particular intrusion upon military authority might have."  Chappell v. Wallace, 462 U.S. 296, 305 (1983).  The Constitution entrusts regulation and control of the military to the legislative and executive branches of the Government.

In Baker v. Carr, 369 U.S. 186, 217 (1962), the Supreme Court held that federal courts lacked jurisdiction to decide issues reserved by the Constitution to the other branches of government.  See also Goldwater v. Carter, 444 U.S. 996, 998 (1979).  For the Court to order the Defendants to upgrade Plaintiff's discharge, the Court would need to intervene in the

14

management and control of the military, areas constitutionally reserved to the executive and legislative branches of government.  Gilligan, 413 U.S. at 7, accord, Chappell v. Wallace, 462 U.S. 296, 301 (1983); See also Kreis v. Secretary of the Air Force, 866 F.2d 1508, 1511 (D.C. Cir. 1989).  Few decisions are more central to "running the Army" than determining how a soldier's military service should be characterized.  This Court should therefore refrain from directing the Army's decision on how to characterize a soldier's service, which clearly involves the "complex, subtle and professional decisions as to the composition, training, equipping, and control of [the] military force."  Gilligan, 413 U.S. at 10 .  As the characterization of a service member's discharge is a wholly discretionary military decision, this Court lacks authority to issue the relief requested.

The inappropriateness of using mandamus to upgrade Plaintiff's discharge is further bolstered by the fact that the Plaintiff has another adequate remedy, which precludes the availability of mandamus relief.  Plaintiff has the ability to obtain relief from this Court under the APA.  As this Court recently held  "the Court is powerless to act insofar as plaintiff asks that the Court order his promotion to the rank of colonel. The authority to make that decision lies exclusively with the [military]." Homer v. Roche, 226 F. Supp. 2d 222, 225 (2002).  Instead, as this Court noted in Homer, insofar as Plaintiff seeks another remedy this Court is charged under the APA with evaluating the military's explanation "in order to ensure that the military's decisions were reasonable." Id. at 225.  Given the existence of relief under the APA, mandamus relief is unavailable.  Swan, 100 F.3d at 977 (D.C. Cir. 1996).  Because Plaintiff's request for an honorable or general discharge fails to state a claim upon which relief can be granted, this claim should be dismissed.

**C.    To the Extent Plaintiff Challenges His Actual Discharges or The Denial By The Army Discharge Review Board, His Challenge is Barred By The Statute Of Limitations**

To the extent that Plaintiff's request for a writ of mandamus directing the issuance of an Honorable or General discharge is a challenge to his respective discharges or the 1973 ADRB decision, Plaintiff's claim must be dismissed because it falls outside the limitations period.  Title 28 U.S.C. § 2401(a) provides that every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.  The purpose of the statute of limitations is well-established in law.  It bars stale claims, protects defendants from the disadvantages of lost records and witnesses, poor memories, and provides finality to disputes.  United States v. Kubrick, 444 U.S. 111 (1979); Railroad Telegraphers v. Railway Express Agency, 321 U.S. 342, 3449 (1944 ).

The statute of limitations begins to run when a plaintiff is "armed with the facts about the harm done to him." United States v. Kubrick, 444 U.S. 111, 123 (1979); see Harris v. FAA, 353 F.3d 1006 (D.C. Cir. 2004); Walters, et al. v. Secretary of Defense, et al., 725 F.2d 107 (D.C. Cir. 1983).  Moreover, the statute of limitations may not be waived, but must be strictly construed.  Id.  "The principal purpose of statutes of limitations is to 'protect defendants and courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise.'"  Geyen v. Marsh, 775 F.2d 1303, 1308 (5th Cir. 1985), quoting Kubrick at 117.

_____ "If a service member brings a direct challenge to his or her discharge, the six-year statute of limitations of 28 U.S.C. § 2401(a) is the period of limitations that applies," Nihiser v. White,

211 F. Supp. 2d 125, 128 (D.D.C. 2002), and a plaintiff's cause of action accrues at the "time

when he began to suffer an alleged disadvantage–when he received his less-than-honorable

discharge."  Walters v. Secretary of Defense, 725 F.2d 107, 113 (D.C. Cir. 1983).  Therefore, any

challenge to Plaintiff's discharges was barred after six years passed from the date of each

discharge.  Specifically, any challenge to Plaintiff's July 22, 1969 discharge was barred after July

21, 1975.  Similarly, any challenge to his August 19, 1971 discharge was barred after August 18,

1977.  Plaintiff now brings this action more than 28 years after his most recent discharge.

Accordingly, his Complaint, as it relates to challenging his discharge, is time-barred by 28 U.S.C.

§ 2401(a) and should be dismissed. Similarly, because Plaintiff's application to the ADRB, was

denied on January 4, 1973, (AR 230-37) the accrual date for the ADRB decision was January 4,

1973, and must be dismissed.

>   D.    **Plaintiff's First and Second Claims for Relief Should be Dismissed Because
>         The ABCMR's Refusal to Hear His Second, Third, and Fourth Requests for
>         Reconsideration Did Not Violate 10 U.S.C. § 1552**

>   1.    **Plaintiff's Claim that the ABCMR's March 17, 2005 Decision Violates 10
>         U. S. C. § 1552 Should be Dismissed**

 Plaintiff filed a total of four requests for reconsideration with the ABCMR. He submitted

his fourth request on June 4, 2004, which was returned by the ABCMR on March 17, 2005. (AR

1-40.)  Army Regulation ("AReg")15-185 (February 29, 2000), Ex. A, which was in effect at the

time of the ABCMR's March 17, 2005 decision, set up two different categories of review for

requests for reconsideration.  The first category involved  those reconsideration requests within a

year of the initial ABCMR decision and where the ABCMR had not previously reconsidered the

action.  The second category involved those reconsideration requests that were either received

17

after one year of the ABCMR decision or that had been previously reconsidered by the ABCMR.

Requests in the first category were considered under AReg 15-185, ¶ 2-15(a) which stated:

> (a)  If the ABCMR receives the request within 1 year of the ABCMR's action and if the ABCMR has not previously reconsidered the matter, the ABCMR staff will review the request to determine if it contains evidence (including, but not limited to, any facts or arguments as to why relief should be granted) that was not in the record at the time of the ABCMR's prior consideration.  If new evidence has been submitted, the request will be submitted to the ABCMR for its determination of whether the new evidence is sufficient to demonstrate material error or injustice. If no new evidence is found, the ABCMR staff will return the application to the applicant without action. Id. at 9.

If a request had previously been reconsideration by the ABCMR or was over one year beyond the initial ABCMR decision, it was addressed under ¶ 2-15(b) which stated:

> (b) If the ABCMR receives the request more than 1 year after the ABCMR's action or after the ABCMR has already considered one request for reconsideration, the ABCMR staff will review the request to determine if substantial relevant evidence is submitted showing fraud, mistake of law, mathematical miscalculation, manifest error, or the existence of substantial relevant new evidence discovered contemporaneously or within a short time after the ABCMR's original consideration. If the ABCMR staff finds such evidence, it will be submitted to the ABCMR for its determination of whether a material error or injustice exists and the proper remedy. If the ABCMR staff does not find such evidence, the application will be returned to the applicant without action. Id. at10.

In Lipsman v. Sec'y of the Army, 335 F. Supp. 2d 48, 56 (D.D.C. 2004), this Court ordered the Army to strike paragraph 2-15(b) of AReg 15-185 because it allowed the ABCMR staff, rather than the ABCMR itself, to determine whether a reconsideration request contained sufficient evidence for reconsideration by the ABCMR.  Accordingly, as noted by the ABCMR in its March 17, 2005 letter to Plaintiff, following the Lipsman decision, only paragraph 2-15(a) of the February 29, 2000 version of AReg 15-185 applied to reconsideration requests sent to the ABCMR.  (AR 1.).  This meant that the ABCMR would only review a request for

reconsideration if it met the criteria in ¶2-15(a)–it was filed within 1 year of the ABCMR's

original decision, and it had not previously been reconsidered by the ABCMR.  Based on the

ABCMR's reading of Army Regulation 15-185 in light of <u>Lipsman</u>, on March 17, 2005, the

ABCMR returned Plaintiff's fourth reconsideration request without action and advised Plaintiff

because Plaintiff's request had previously been reconsidered, and was also more than one year

after the original decision, his next remedy was to appeal to a court of appropriate jurisdiction.

(AR 1.)

      The unusually deferential application of the arbitrary or capricious standard of the APA

extends to the ABCMR's interpretation and application of Army regulations.  <u>Cargill v. Marsh</u>,

902 F.2d 1006, 1008 (D.C. Cir. 1990) (de novo judicial review of challenge to the Army's

interpretation of its regulation governing tuition reimbursement is inconsistent with the

heightened deference Congress intended the courts to accord determinations of the Correction

Board in proceedings under 10 U.S.C. § 1552 (a)).   The ABCMR may rely on a reasonable

interpretation of an Army regulation to support its decision denying relief.  <u>See</u> <u>Musengo v.

White</u>, 286 F.3d 535 (D.C. Cir. 2002); <u>see</u> <u>also</u> <u>Cone v. Caldera</u>, 223 F.3d 789, 794-95 (D.C. Cir.

2000).  Not only was the ABCMR's interpretation of AReg 15-185 in light of <u>Lipsman</u> rationale,

it is the exact interpretation the Army adopted when it revised AReg 15-185 (March 31, 2006).[2]

_____

[2]    The current version of AReg 15-185 ¶2-15 states:

**Reconsideration of Army Board for Correction of Military Records decision**
An applicant may request the reconsideration of an ABCMR decision under the following
circumstances:

    a. If the ABCMR receives the request for reconsideration within 1 year of the
    ABCMR's original decision and if the ABCMR has not previously reconsidered
    the matter, the ABCMR staff will review the request to determine if it contains

Accordingly, the ABCMR's interpretation of Army Regulation 15-185 in light of <u>Lipsman</u> should be granted deference.

The ABCMR's action of returning Plaintiff's fourth reconsideration request is consistent with 10 U.S.C. § 1552 and this Court's decision in <u>Lipsman</u>. <u>Lipsman</u> recognized that "§1552 grants the Secretary discretion over whether or not to correct a military record." <u>Lipsman</u>, 335 F. Supp. at 54. <u>Lipsman</u> held that if the Secretary decides to exercise his discretion and correct a military record, he must follow the procedure prescribed by statute of acting "through a board of civilians." <u>Id.</u> Although 10 U.S.C. § 1552 requires that the correction of military records "shall be made by the Secretary [of the Army] acting through boards of civilians," ABCMR staff members may conduct a procedural review of applications to determine whether a previous reconsideration request had been considered. See <u>Lipsman</u>, 335 F. Supp at 54 ("If [AReg] 15-185 ¶2-15(b) were merely a procedural rule, ABCMR's actions would be permissible, because it would simply be following its own discretionary procedure.")[3] Under the ABCMR's interpretation of AReg15-185, ¶2-15(a) (subsequently adopted explicitly by the Army in the

---

evidence (including, but not limited to, any facts or arguments as to why relief should be granted) that was not in the record at the time of the ABCMR's prior consideration. If new evidence has been submitted, the request will be submitted to the ABCMR for its determination of whether the new evidence is sufficient to demonstrate material error or injustice. If no new evidence is found, the ABCMR staff will return the application to the applicant without action.

b. If the ABCMR receives a request for reconsideration more than 1 year after the ABCMR's original decision or after the ABCMR has already considered one request for reconsideration, then the case will be returned without action and the applicant will be advised the next remedy is appeal to a court of appropriate jurisdiction. See Ex. B.

[3] See <u>Id.</u> at 56 "[Staff members may] review initial applications for correction or any subsequent reconsideration requests for the presence of new evidence."

revision of AReg 15-185), if a previous reconsideration request has been filed, then the staff returns the reconsideration request to the applicant without taking any action. Army Reg. 15-185, ¶ 2-15(a). The only determination by the ABCMR staff in returning Plaintiff's reconsideration request was whether a previous reconsideration request had been filed, which is entirely consistent with the requirements of 10 U.S.C. § 1552.

Because the ABCMR's act of returning Plaintiff's fourth reconsideration request on March 17, 2005 was consistent with 10 U.S.C. § 1552, Plaintiff's first claim for relief should be dismissed, in part, and Plaintiff's second claim for relief should be dismissed, for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

As discussed in detail above, the ABCMR properly returned Plaintiff's fourth reconsideration request without action and advised Plaintiff his next remedy was to appeal to a court of appropriate jurisdiction on March 17, 2005. (AR 1.) Although Plaintiff alleges his June 4, 2004 reconsideration request contained "new issues and new and material evidence," (Amend. Compl. at 12, R. 31), that is irrelevant. Under controlling regulations the ABCMR could not look at the merits of Plaintiff's fourth reconsideration request, because his application had been previously reconsidered. AReg. 15-185, ¶ 2-15(a). The ABCMR staff acted within its authority and consistent with 10 U.S.C. § 1552 when it took the procedural step of returning Plaintiff's reconsideration request after the application had been previously reconsidered. See id. Accordingly, the Board's action was rationale, and not arbitrary, capricious, or contrary to law.

21

    **2.**    <u>Plaintiff's claim that the ABCMR's Denial of his Second and Third Reconsideration Requests Violates 10 U.S. C. § 1552 Should be Dismissed Because The Requests Are Not Required by Statute Or Permitted Under Army Regulations</u>

The ABCMR denied Plaintiff's second and third reconsideration requests on January 21, 2003, and July 15, 2003, respectively, without addressing the merits of the requests because the staff determined there was not sufficient evidence to warrant a reconsideration.  (AR 47.) However, as noted above, in 2004 this Court held that the review by the ABCMR staff, pursuant to paragraph 2-15(b) violated 10 U.S.C. § 1552.  <u>Lipsman v. Sec'y of the Army</u>, 335 F.Supp. 2d 48 (D.D.C. 2004).[4]  Pursuant to the decision in <u>Lipsman</u>, paragraph 2-15(b) was removed from the regulation.  Thus, under <u>Lipsman</u>, the only remaining authority for granting a reconsideration request is paragraph 2-15(a), which provides that an individual may only request one reconsideration of an earlier ABCMR decision.  As stated above, paragraph 2-15(a) allows reconsideration only if the request is within one year of the original decision and it has not been previously reconsidered.  Here, prior to the January and July 2003 denials, the ABCMR had already reviewed and denied Plaintiff's request for reconsideration.

Plaintiff erroneously alleges that Defendants violated the provisions of 10 U.S.C. § 1552. Specifically, Plaintiff states that the staff and not the ABCMR decided to deny Plaintiff's second and third reconsideration requests and therefore violated 10 U.S.C. § 1552.  (Amend. Compl. at 12, ¶ 41, R. 31.)  Even assuming the ABCMR staff improperly carried out the duties of the Board as the regulation existed pre-<u>Lipsman</u>, this argument is now moot.  Under current policy, consistent with 10 U.S.C. §1552, the ABCMR only considers one request for reconsideration.

---

    [4]   This issue was not confronted in <u>Lipsman</u> because in that case plaintiffs had submitted only one request for reconsideration to the ABCMR.  <u>Lipsman</u> at 355 F. Supp. at 51.

Plaintiff previously submitted a request for reconsideration to the ABCMR on December 26, 2001. The ABCMR considered the application on the merits and denied the request by holding that Plaintiff "failed to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice." (AR 67-70.)  Given those facts, under current Army Regulations, the ABCMR is not empowered to review Plaintiff's subsequent requests for reconsideration.

### 3.    Plaintiff's Second and Third Reconsideration Requests Did Not Present Evidence That Would Have Changed The ABCMR's Decision

Even if this Court were to find that notwithstanding  AReg 15-185, ¶2-15(a), 10 U.S.C. § 1552 somehow required the ABCMR to reconsider Plaintiff's second and third reconsideration requests, those reconsideration requests failed to present new evidence dealing with Plaintiff's characterization of service.  While the second and third reconsideration denial letters sent to Plaintiff do quote the portion of the regulation stricken by the Court in Lipsman, along with other pertinent parts of the regulation, the ABCMR denied Plaintiff's first request for reconsideration because he did not present sufficient relevant evidence.  (AR 69.)[5]

A review of the record clearly demonstrates that Plaintiff's pro se second and third reconsideration requests did not submit evidence to the Board related to his characterization of service that had not been previously considered by the ABCMR.  Plaintiff submitted six exhibits with his second request for reconsideration.  (AR 49-54.)  The first exhibit was a copy of Plaintiffs DD Form 214, which had already been considered by the board.  (AR 86.)  The second exhibit is a psychiatric clearance document that demonstrated Plaintiff was cleared for any

---

[5]     Although the Court determined the ABCMR failed to consider Plaintiff's argument raised in his first reconsideration request regarding duress, the ABCMR addressed that argument in its latest decision.  (AR 364-71.)

administrative action considered necessary by his command. (AR 50.) The third exhibit was a part of his court-martial result of trial, which had also been considered by the ABCMR. (AR 51, 85.) The fourth and fifth exhibits related to training and licences obtained subsequent to his discharge. (AR 52-3.) The sixth exhibit is a "typewritten statement describing racial prejudice in the Army and indicating that he has heard nothing from the Board since he submitted his application six months previously." (Amend. Compl. at 8, ¶ 26; AR 54.) Plaintiff's third request for reconsideration contained no exhibits. (AR 46.) Thus, all of the evidence presented by Mr. Roberts with his second and third requests for reconsideration had previously been considered by the ABCMR or was unrelated to his discharge. In denying Plaintiff's second and third reconsideration requests, the staff of the ABCMR were not weighing the relative merits of the submitted evidence, rather Plaintiff was denied reconsideration because he failed to present any evidence related to his discharge that had not been previously considered by the board.

Remand on the ABCMR's failure to reconsider Plaintiff's second or third (or fourth) reconsideration requests would serve no useful purpose. See Lasalle v. Geren 2007 U.S. Dist. LEXIS 31056, *17 (D.D.C. April 27, 2007) ("In the absence of any new evidence, there is no reason to believe that the Board would evaluate Plaintiff's entitlement to a waiver any differently than it did in response to his original application."). The fact that Plaintiff's first reconsideration request was already remanded to the ABCMR supports this conclusion that remand would serve no useful purpose. On remand, the ABCMR considered not only the military records and other documents considered by the ABCMR on September 6, 2001 and on May 16, 2002, but also considered the documents submitted by Plaintiff's counsel in his July 2004 memorandum,

submitted with Plaintiff's fourth reconsideration request.[6] (AR 367.)  After considering all of

this information submitted by Plaintiff, the ABCMR determined Plaintiff's discharge was

supported by his record of misconduct and that it accurately reflects his overall record of service.

(AR 371.) See also Part IVE infra. Because Plaintiff has not provided any evidence to change

that determination, there is "no reason to remand the matter as the outcome is clear." Lasalle,

2007 U.S. Dist. LEXIS 31056, *17-18.  Therefore, a judgment in favor of the Defendants Motion

for relief on the Plaintiff's first two claims for relief is proper.

E.    **The ABCMR Decision, Dated December 11, 2006, Was Not Arbitrary,
      Capricious, Unsupported By Substantial Evidence, Or Contrary To Law Or
      Regulations**

Plaintiff's Third Claim for Relief is that the ABCMR opinion on December 11,

2006–considering on remand, the ABCMR's May 16, 2002 denial of Plaintiff's first request for

reconsideration on December 26, 2001–was irrational, arbitrary and unsupported by substantial

evidence. (Amend. Compl. at 13, ¶ 46). The ABCMR denied Plaintiff's reconsideration on

remand only after carefully considering Plaintiff's contention that he completed his waiver of

rights in connection with his 1969 separation processing.  (AR 369.)  First, the ABCMR noted

there was no evidence of record that his confinement was unjust.  Rather the evidence indicated

that any duress, (which the Board noted did not appear extraordinary), resulted from his own

misconduct and was justifiably related to his lawful confinement. (Id.)  Second, the ABCMR

found that there was "*no evidence of record or credible independent evidence* that would support

a conclusion that the applicant was treated unfairly while in confinement, or that he was coerced

---

[6]    The ABCMR did note that its reconsideration was limited to the issue raised in the
Court's  August 3, 2006, remand order and memorandum opinion.  (AR 367.)

into waving his rights (Id. emphasis added.)  To the contrary, the ABCMR found that the evidence in the record shows that Plaintiff voluntarily elected to waive his rights to representation by counsel and to a hearing before a board of officers in order to avoid further confinement and to expedite his discharge, which were his goals at the time.[7]  (AR 370.)  This finding is supported by the separation documents signed by Plaintiff at the time of his discharge as well as by Plaintiff's own statements to the ABCMR.  (AR 370.)

Plaintiff's claim that he was mislead with regard to his characterization of service was also addressed and rejected by the ABCMR.  (AR 370.)  Plaintiff's statement that he was told the he would most likely receive a General Discharge, when considered with Plaintiff's election form makes clear that he knew or should have known that he could receive an Other Than Honorable characterization of service. (AR 370.)  Accordingly, the ABCMR's determination is supported by substantial evidence, is rational, and should be upheld by this Court.  The ABCMR found that nothing in the record rebuts the presumption that Plaintiff's election to waive his rights was made knowingly and intelligently.  (AR 371.)

The ABCMR also determined that a discharge Under Other Than Honorable Conditions was considered appropriate under the controlling regulations at the time of Plaintiff's discharge for members being separated for unfitness.  (AR 370.)  Plaintiff was counseled on the impact that such a characterization of service could have on him.  (AR 370-71.)  The ABCMR also

---

[7]    In its Memorandum Opinion this Court correctly points out that the Board did not appear to view the waiver in the Administrative Record. (Memo. Opinion, at 16, n. 13,  R. 19.)  It is not completely clear from the attached Administrative Record whether the ABCMR physically examined the waiver on remand or merely relied on Plaintiff's admission that he did in fact sign the waiver. Nonetheless, the issue Plaintiff raises is not whether he signed the waiver, but rather his motivation for signing the waiver (alleged duress). This reason was clearly rejected by the ABCMR.

determined that the characterization of service in Plaintiff's discharge was "clearly supported by his record of misconduct, and it accurately reflects his overall record of service."  (AR 371.) Plaintiff has failed to submit evidence to show his discharge was unjust.  Accordingly, the ABCMR's determination should not be overturned and Defendants are entitled to summary judgment on Plaintiff's third claim for relief.

As determined by the Court, the initial ABCMR decision, dated September 6, 2001, was not arbitrary, capricious, unsupported by substantial evidence, or contrary to law or regulations. Moreover, the ABCMR's decision not to rehear plaintiff's multiple requests for reconsideration on January 21, 2003, July 15, 2003, and March 17, 2005, are consistent with 10 U.S.C. § 1552 and the APA.  Pursuant to 10 U.S.C. § 1552, the Secretary has implemented AReg 15-185 to consider corrections to military records.  In short, applicants to the ABCMR have two opportunities to apply to correct their records, the initial application and then one request for reconsideration, provided the reconsideration request is made within the one year limitation contained in paragraph 2-15(a) of AReg 15-185.  Finally, the ABCMR carefully addressed Plaintiff's duress claim on remand and concluded that the evidence does not support the claim that Plaintiff's record was in error or unjust.  Because the ABCMR's opinion is not arbitrary, capricious, or contrary to law, the Defendant's motion should be granted.

## V.  **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that the Court grant Defendants' Motion to Dismiss, in part, and Motion for Summary Judgment.

_____Respectfully submitted,


_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895


Of Counsel:
MAJOR JERRETT W.  DUNLAP
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203-1837
703-696-1628
_____

28

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

THOMAS ROBERTS                          )
                                        )
              Plaintiff,                )
                                        )
       v.                               )        Civil Action No. 05-2430 (ESH)
                                        )
HON. PETE GEREN                         )
Acting Secretary of the Army, <u>et al</u>.  )
                                        )
              Defendants.               )
_____)

**STATEMENT OF MATERIAL FACTS**
<u>**TO WHICH THERE IS NO GENUINE DISPUTE**</u>

        Pursuant to LCvR 7(h) and in support of Defendants' Motion to Dismiss, in part, and for

Summary Judgment (hereafter "Def. Motion"), Defendants respectfully submit this statement of

material facts as to which there is no genuine dispute.

        1.  Plaintiff enlisted in the United States Army on July 13, 1967.  (AR 302.)

        2.  On March 1, 1968, he received nonjudicial punishment ("NJP"), under the provision

of Article 15, Uniform Code of Military Justice ("UCMJ"), for being disrespectful in language

and disobeying an order.  (AR 239.)

        3.  On April 13, 1968, he received another NJP for being absent without leave ("AWOL")

from 3-9 April 1968.  (AR 242.)

        4.  On May 13, 1968, he was convicted by a special court-martial for willfully disobeying

a lawful order from a superior commissioned officer and sentenced to 30 days restriction.  (AR

244.)

        5.  On December 27, 1968, he received a third NJP.  (AR 242.)

6.  Plaintiff's commander initiated the administrative action of barring Plaintiff from reenlisting on February 10, 1969 due to his court-martial and three NJPs.  (AR 265.)

7.  Plaintiff was convicted by a special court-martial again on April 17, 1969 for leaving his place of duty without proper authority, violating curfew, stealing Army property, wrongfully appropriating an Army truck, wrongful possession of marijuana, and breaking restriction.  (AR 251, 325.)

8.  After being recommended for discharge, (AR 254), Plaintiff was discharged on July 22, 1969 under the provisions of Army Regulation 635-212, by reason of unfitness, with an Under Conditions Other Than Honorable.  (AR 49.)

9.  Plaintiff first applied to have his undesirable discharge upgraded with the Army Discharge Review Board ("ADRB") in 1972, but his request was denied in 1973.  (AR 230-7.)

10.  Almost 28 years after the denial by the ADRB, Plaintiff applied to the Army Board for Correction of Military Records ("ABCMR")[1] on May 29, 2001.  (AR 94.)

11.  The ABCMR denied his application on September 20, 2001, (AR 82), and found the following: 1) no evidence that he was under a medical profile due to wounds from combat or that he was suffering from a diagnosed Post Traumatic Stress Disorder at discharge; 2) contrary to his allegation, no evidence that his character of service was different after Vietnam than what it was before, which is shown by his conviction by a special court-martial and acceptance of two NJP's prior to his tour in Vietnam and his conviction by another special court-martial and acceptance of another NJP after his tour in Vietnam; 3) sufficient evidence that he probably should have been

---

[1] The Army Board for Correction of Military Records is composed of civilians appointed by the Secretary of the Army, and has statutory authority to "correct any [Army] record" in order to "remove error or injustice."  10 U.S.C. § 1552(a).

separated from his 1971 enlistment by reason of fraudulent entry and not given a characterization of service for this second enlistment. (AR 89-90.)

12. On June 4, 2002, the ABCMR denied Plaintiff's December 26th application for reconsideration and held that his submissions and arguments were insufficient as a bases to reverse its previous decision. (AR 66-69.)

13. Plaintiff applied to the ABCMR for reconsideration again on June 10, 2002, December 27, 2002, and June 4, 2004, but these applications were also denied. (AR 1, 31, 46-8.)

14. On August 3, 2006, this Court denied Defendant's motion to dismiss and for summary judgment and granted in part Plaintiff's cross-motion for summary judgment, remanding the matter to the ABCMR. (Memo. Opinion, at 2, R. 19.)

15. The Court found that the ABCMR's May 16, 2002, denial of Plaintiff's first reconsideration request failed to address a potentially meritorious argument raised by Plaintiff "regarding the validity of his waiver of his right to counsel, a hearing or personal appearance before a board of officers, and the right to submit statements on his own behalf to the discharge authority." (Id. at 15.)

16. On December 11, 2006, the ABCMR issued its record of proceedings regarding the reconsideration of the issue raised in the Court's remand. (AR 367.)

17. The ABCMR's reconsideration addressed Plaintiff's December [2]6, 2001 reconsideration request, "as clarified by his counsel in his July 2004 memorandum." (AR 367.)

18. After reviewing the evidence provided by Plaintiff and contained in his military records, the ABCMR addressed Plaintiff's contention that he was "under duress, and relied on erroneous advice of counsel when he completed his waiver of rights in connection with his 1969

3

separations processing," and determined there is insufficient evidence to support Plaintiff's claims and denied his reconsideration request. (AR 369, 371.)

19. The ABCMR specifically found no evidence of record that his confinement was unjust. Rather the Board determined that the evidence indicated that any duress, resulted from his own misconduct and was justifiably related to his lawful confinement. (AR 369.)

20. The ABCMR also found that there was "no evidence of record or credible independent evidence that would support a conclusion that the applicant was treated unfairly while in confinement, or that he was coerced into waving his rights (AR 369-70).

21. The ABCMR found that after receiving legal counsel, Plaintiff elected to waive consideration of his case by a board of officers, personal appearance before the board of officers, representation by counsel before the board of officers, and the right to submit a statement on his own behalf. (AR 369.)

22. The ABCMR found that in waiving these rights, Plaintiff specifically acknowledged that he understood that he could encounter substantial prejudice in civilian life in the event he received a General, Under Honorable Conditions discharge. (AR 369.)

23. The ABCMR also found that Plaintiff understood that he could be ineligible for benefits and encounter substantial prejudice in civilian life if he received a discharge Under Other Than Honorable Conditions. (AR 369.)

24. The ABCMR also determined that a discharge Under Other Than Honorable Conditions was considered appropriate under the controlling regulations at the time of Plaintiff's discharge for members being separated for unfitness and that Plaintiff was counseled on the impact that such a characterization of service could have on him. (AR 370-71.)

25. Finally the ABCMR concluded that the characterization of service in Plaintiff's discharge was "clearly supported by his record of misconduct, and it accurately reflects his overall record of service."  (AR 371.)

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Of Counsel:
MAJOR JERRETT W.  DUNLAP
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203-1837
703-696-1628

5