Army Regulation 15-185

Boards, Commissions, and Committees

# Army Board for Correction of Military Records

Headquarters
Department of the Army
Washington, DC
29 February 2000

**UNCLASSIFIED**

**This page intentionally left blank**

**Headquarters**
**Department of the Army**
**Washington, DC**
**29 February 2000**

*****Army Regulation 15-185**

**Effective 29 March 2000**

**Boards, Commissions, and Committees**

**Army Board for Correction of Military Records**

*Louis Caldera*
*Secretary of the Army*

**History.** This printing publishes a revision of this publication. Because the publication has been extensively revised, the changed portions have not been highlighted.

**Summary.** This regulation provides Department of the Army policy, criteria and administrative instructions regarding an applicant's request for the correction of a military record.

**Applicability.** This regulation applies to the Active Army, the Army National Guard of the U.S., and the U.S. Army Reserve to the extent that each is subject to the authority of the Secretary of the Army under title 10 of the U.S. Code. It also applies to former soldiers of these organizations and their heirs or legal representatives and other individuals, military or civilian, who are affected by a military record. Further, it applies to the Defense Finance and Accounting Service in settling claims as a result of correction of an Army military record. This regulation remains in full effect during mobilization.

**Proponent and exception authority.** The proponent of this regulation is the Assistant Secretary of the Army (Manpower and Reserve Affairs).

The Assistant Secretary of the Army (Manpower and Reserve Affairs) has the authority to approve exceptions to this regulation that are consistent with controlling law and regulation. The proponent may delegate this approval authority, in writing, to a division chief within the proponent agency in the grade of colonel or the civilian equivalent.

**Army management control process.** This regulation contains management control provisions in accordance with Army Regulation 11-2 but does not identify key management controls that must be evaluated.

**Supplementation.** Supplementation of this regulation and establishment of command and local forms are prohibited without prior approval from the Department of the Army Review Boards Agency, ATTN: SFMR-RBR, 1941 Jefferson Davis Highway, Arlington, VA 22202-4508.

**Suggested improvements.** Users are invited to send comments and suggested improvements on DA Form 2028 (Recommended Changes to Publications and Blank Forms) directly to the Department of the Army Review Boards Agency, ATTN: SFMR-RBR, 1941 Jefferson Davis Highway, Arlington, VA 22202-4508.

**Distribution.** Distribution of this publication is made in accordance with initial distribution number (IDN) 093138, intended for command levels C, D, and E for Active Army, Army National Guard of the U.S., and U.S. Army Reserve.

---

*This regulation supersedes Army Regulation 15-185, dated 18 May 1977.

AR 15-185 • 29 February 2000         1

**UNCLASSIFIED**

*Table of Contents*

**Chapter 1** ............................................................................................................5
  **Introduction**......................................................................................................5
    *Section I General* ...............................................................................................5
      1-1.   Purpose ..................................................................................................5
      1-2.   References.............................................................................................5
      1-3.   Explanation of abbreviations and terms .................................................5
      1-4.   Statutory authority..................................................................................5
    *Section II Responsibilities*..................................................................................5
      1-5.   The Secretary of the Army .....................................................................5
      1-6.   The ABCMR Director .............................................................................5
      1-7.   The chair of an ABCMR panel...............................................................5
      1-8.   The ABCMR members...........................................................................5
      1-9.   The director of an Army records holding agency ...................................6
      1-10.  The commanders of Army Staff agencies and commands ...................6
      1-11.  The Director, Defense Finance and Accounting Service.......................6
**Chapter 2** ............................................................................................................6
  **General** ............................................................................................................6
    *Section I ABCMR Establishment and Functions* ...............................................6
      2-1.   ABCMR establishment...........................................................................6
      2-2.   ABCMR functions ..................................................................................7
    *Section II Application Procedures* .....................................................................7
      2-3.   Who may apply......................................................................................7
      2-4.   Time limits .............................................................................................7
      2-5.   Administrative remedies ........................................................................7
      2-6.   Stay of other proceedings .....................................................................7
      2-7.   Counsel..................................................................................................7
    *Section III Actions by the ABCMR Director and staff*........................................8
      2-8.   Criteria ...................................................................................................8
      2-9.   Burden of proof......................................................................................8
      2-10.  ABCMR consideration...........................................................................8
    *Section IV Hearings*............................................................................................8
      2-11.  ABCMR hearings ...................................................................................8
    *Section V Disposition of Applications* ................................................................8
      2-12.  ABCMR decisions..................................................................................8
      2-13.  ABCMR final action................................................................................8
      2-14.  Decision of the Secretary of the Army...................................................9
      2-15.  Reconsideration of ABCMR decision ....................................................9
**Chapter 3** ..........................................................................................................10
  **Claims/Expenses** ...........................................................................................10
      3-1.   Authority...............................................................................................10
      3-2.   Settlement of claims ............................................................................10
      3-3.   Payment of expenses ..........................................................................10
**Chapter 4** ..........................................................................................................10
  **Miscellaneous Provisions** ..............................................................................10
      4-1.   Special standards ................................................................................10
      4-2.   Public access to decisions ...................................................................11

**Appendix A** ...................................................................................................**12**
  **References** ..................................................................................................**12**
    *Section I Required Publications* ...................................................................... 12
    *Section II Related Publications* ....................................................................... 12
    *Section III Prescribed Forms*.......................................................................... 12
    *Section IV Referenced Forms* ........................................................................ 12
  **Glossary** .....................................................................................................**13**
    *Section I Abbreviations*.................................................................................. 13
    *Section II Terms* ............................................................................................ 14
    *Section III Special Abbreviations and Terms*.................................................. 14
  **Index** ..........................................................................................................**15**

# Summary of Change

AR 15-185, Army Board for Correction of Military Records

This revision—

- Updates information on the policy and procedures for the operation of the Army Board for Correction of Military Records.

- Implements Department of Defense (DOD) Instruction 1336.6, Correction of Military Records (para 2-2a).

- Implements that portion of section 1034 of title 10 of the U.S. Code and that portion of DOD Directive 7050.6, Military Whistleblower Protection, that pertain to actions by the Army Board for Correction of Military Records (para 2-2b).

- Prescribes DD Form 149 (Application for Correction of Military Record Under the Provisions of title 10, U.S. Code, section 1552) (para 2-3b).

# Chapter 1
# Introduction

## Section I
## General

### 1-1. Purpose
This regulation prescribes the policies and procedures for correction of military records by the Secretary of the Army, acting through the Army Board for Correction of Military Records (ABCMR).

### 1-2. References
Appendix A lists required and related publications and prescribed and referenced forms.

### 1-3. Explanation of abbreviations and terms
The glossary defines abbreviations and special terms.

### 1-4. Statutory authority
Section 1552 of title 10 of the U.S. Code (Correction of Military Records: Claims Incident Thereto) (10 U.S.C. 1552) is the statutory authority for this regulation.

## Section II
## Responsibilities

### 1-5. The Secretary of the Army
The Secretary of the Army will oversee the operations of the ABCMR. The Secretary will take final action on applications, as appropriate.

### 1-6. The ABCMR Director
The ABCMR Director will manage the ABCMR's day-to-day operations.

### 1-7. The chair of an ABCMR panel
The chair of a given ABCMR panel will preside over the panel, conduct a hearing, maintain order, ensure the applicant receives a full and fair opportunity to be heard, and certify the written record of proceedings in pro forma and formal hearings as being true and correct.

### 1-8. The ABCMR members
The ABCMR members will—
   a. Review all applications that are properly before them to determine the existence of error or injustice.
   b. If persuaded that material error or injustice exists and that sufficient evidence exists on the record, direct or recommend changes in military records to correct the error or injustice.
   c. Recommend a hearing when appropriate in the interest of justice.
   d. Deny applications when the alleged error or injustice is not adequately supported by the evidence and when a hearing is not deemed proper.
   e. Deny applications when the application is not filed within prescribed time limits and when it is not in the interest of justice to excuse the failure to file in a timely manner.

### 1-9. The director of an Army records holding agency
The director of an Army records holding agency will—
  a. Take appropriate action on routine issues that may be administratively corrected under authority inherent in the custodian of the records and that do not require ABCMR action.
  b. Furnish all requested Army military records to the ABCMR.
  c. Request additional information from the applicant, if needed, to assist the ABCMR in conducting a full and fair review of the matter.
  d. Take corrective action directed by the ABCMR or the Secretary of the Army.
  e. Inform the Defense Finance and Accounting Service (DFAS), when appropriate; the applicant; applicant's counsel, if any; and interested Members of Congress, if any, after a correction is complete.
  f. Return original records of the soldier or former soldier obtained from the Department of Veterans Affairs (VA).

### 1-10. The commanders of Army Staff agencies and commands
The commanders of Army Staff agencies and commands will—
  a. Furnish advisory opinions on matters within their areas of expertise upon request of the ABCMR, in a timely manner.
  b. Obtain additional information or documentation as needed before providing the opinions to the ABCMR.
  c. Provide records, investigations, information, and documentation upon request of the ABCMR.
  d. Provide additional assistance upon request of the ABCMR.
  e. Take corrective action directed by the ABCMR or the Secretary of the Army.

### 1-11. The Director, Defense Finance and Accounting Service
At the request of the ABCMR staff, the Director, DFAS, will—
  a. Furnish advisory opinions on matters within the DFAS area of expertise upon request.
  b. Obtain additional information or documentation as needed before providing the opinions.
  c. Provide financial records upon request.
  d. On behalf of the Army, settle claims that are based on ABCMR final actions.
  e. Report quarterly to the ABCMR Director on the monies expended as a result of ABCMR action and the names of the payees.

## Chapter 2
## General

### Section I
### ABCMR Establishment and Functions

### 2-1. ABCMR establishment
The ABCMR operates pursuant to law (10 U.S.C. 1552) within the Office of the Secretary of the Army. The ABCMR consists of civilians regularly employed in the executive part of the Department of the Army (DA) who are appointed by the Secretary of the Army and serve on the ABCMR as an additional duty. Three members constitute a quorum.

**2-2. ABCMR functions**
   a. The ABCMR considers individual applications that are properly brought before it. In appropriate cases, it directs or recommends correction of military records to remove an error or injustice.
   b. When an applicant has suffered reprisal under the Military Whistleblower Protection Act (section 1034, title 10, of the U.S. Code (10 U.S.C. 1034) and Department of Defense Directive (DODD) 7050.6), the ABCMR may recommend to the Secretary of the Army that disciplinary or administrative action be taken against any Army official who committed an act of reprisal against the applicant.
   c. The ABCMR will decide cases on the evidence of record. It is not an investigative body. The ABCMR may, in its discretion, hold a hearing (sometimes referred to as an evidentiary hearing or an administrative hearing in 10 U.S.C. 1034 and DODD 7050.6) or request additional evidence or opinions.

**Section II**
**Application Procedures**

**2-3. Who may apply**
   a. The ABCMR's jurisdiction under 10 U.S.C. 1552 extends to any military record of the DA. It is the nature of the record and the status of the applicant that define the ABCMR's jurisdiction.
   b. Usually applicants are soldiers or former soldiers of the Active Army, the U.S. Army Reserve (USAR), and in certain cases, the Army National Guard of the United States (ARNGUS) and other military and civilian individuals affected by an Army military record. Requests are personal to the applicant and relate to military records. Requests are submitted on DD Form 149 (Application for Correction of Military Record Under the Provisions of Title 10, U.S. Code, Section 1552). Soldiers need not submit applications through their chain of command.
   c. An applicant with a proper interest may request correction of another person's military records when that person is incapable of acting on his or her own behalf, missing, or deceased. Depending on the circumstances, a child, spouse, parent or other close relative, heir, or legal representative (such as a guardian or executor) of the soldier or former soldier may be able to demonstrate a proper interest. Applicants must send proof of proper interest with the application when requesting correction of another person's military records.

**2-4. Time limits**
Applicants must file an application within 3 years after an alleged error or injustice is discovered or reasonably should have been discovered. The ABCMR may deny an untimely application. The ABCMR may excuse untimely filing in the interest of justice.

**2-5. Administrative remedies**
The ABCMR will not consider an application until the applicant has exhausted all administrative remedies to correct the alleged error or injustice.

**2-6. Stay of other proceedings**
Applying to the ABCMR does not stay other proceedings.

**2-7. Counsel**
   a. Applicants may be represented by counsel, at their own expense.

  *b.* See DODD 7050.6 for provisions for counsel in cases processed under 10 U.S.C. 1034.

**Section III**
**Actions by the ABCMR Director and staff**

**2-8. Criteria**
The ABCMR staff will review each application to determine if it meets the criteria for consideration by the ABCMR. The application may be returned without action if—
  *a.* The applicant fails to complete and sign the application.
  *b.* The applicant has not exhausted all other administrative remedies.
  *c.* The ABCMR does not have jurisdiction to grant the requested relief.
  *d.* No new evidence was submitted with a request for reconsideration.

**2-9. Burden of proof**
The ABCMR begins its consideration of each case with the presumption of administrative regularity. The applicant has the burden of proving an error or injustice by a preponderance of the evidence.

**2-10. ABCMR consideration**
  *a.* A panel consisting of at least three ABCMR members will consider each application that is properly brought before it. One panel member will serve as the chair.
  *b.* The panel members may consider a case on the merits in executive session or may authorize a hearing.
  *c.* Each application will be reviewed to determine—
    (1) Whether the preponderance of the evidence shows that an error or injustice exists and—
      *a.* If so, what relief is appropriate.
      *b.* If not, deny relief.
    (2) Whether to authorize a hearing.
    (3) If the application is filed outside the statute of limitations and whether to deny based on untimeliness or to waive the statute in the interest of justice.

**Section IV**
**Hearings**

**2-11. ABCMR hearings**
Applicants do not have a right to a hearing before the ABCMR. The Director or the ABCMR may grant a formal hearing whenever justice requires.

**Section V**
**Disposition of Applications**

**2-12. ABCMR decisions**
The panel members' majority vote constitutes the action of the ABCMR. The ABCMR's findings, recommendations, and in the case of a denial, the rationale will be in writing.

**2-13. ABCMR final action**
  *a.* Except as otherwise provided, the ABCMR acts for the Secretary of the Army, and an ABCMR decision is final when it—

    (1) Denies any application (except for actions based on reprisals investigated under 10 U.S.C. 1034).
    (2) Grants any application in whole or in part without a hearing when—
        (*a*) The relief is as recommended by the proper staff agency in an advisory opinion; and
        (*b*) Is unanimously agreed to by the ABCMR panel; and
        (*c*) Does not involve an appointment or promotion requiring confirmation by the Senate.
  *b.* The ABCMR will forward the decisional document to the Secretary of the Army for final decision in any case in which—
    (1) A hearing was held.
    (2) The facts involve reprisals under the Military Whistleblower Protection Act, confirmed by the DOD Inspector General (DODIG) under 10 U.S.C. 1034 and DODD 7050.6.
    (3) The ABCMR recommends relief but is not authorized to act for the Secretary of the Army on the application.

**2-14. Decision of the Secretary of the Army**
  *a.* The Secretary of the Army may direct such action as he or she deems proper on each case. Cases returned to the Board for further consideration will be accompanied by a brief statement of the reasons for such action. If the Secretary does not accept the ABCMR's recommendation, adopts a minority position, or fashions an action that he or she deems proper and supported by the record, that decision will be in writing and will include a brief statement of the grounds for denial or revision.
  *b.* The Secretary of the Army will issue decisions on cases covered by the Military Whistleblower Protection Act (10 U.S.C. 1034 and DODD 7050.6). In cases where the DODIG concluded that there was reprisal, these decisions will be made within 180 days after receipt of the application and the investigative report by the DODIG, the Department of the Army Inspector General (DAIG), or other Inspector General offices. Unless the full relief requested is granted, these applicants will be informed of their right to request review of the decision by the Secretary of Defense.

**2-15. Reconsideration of ABCMR decision**
An applicant may request the ABCMR to reconsider a Board decision under the following circumstances:
  *a.* If the ABCMR receives the request within 1 year of the ABCMR's action and if the ABCMR has not previously reconsidered the matter, the ABCMR staff will review the request to determine if it contains evidence (including, but not limited to, any facts or arguments as to why relief should be granted) that was not in the record at the time of the ABCMR's prior consideration. If new evidence has been submitted, the request will be submitted to the ABCMR for its determination of whether the new evidence is sufficient to demonstrate material error or injustice. If no new evidence is found, the ABCMR staff will return the application to the applicant without action.

    *b.* If the ABCMR receives the request more than 1 year after the ABCMR's action or after the ABCMR has already considered one request for reconsideration, the ABCMR staff will review the request to determine if substantial relevant evidence is submitted showing fraud, mistake of law, mathematical miscalculation, manifest error, or the existence of substantial relevant new evidence discovered contemporaneously or within a short time after the ABCMR's original consideration. If the ABCMR staff finds such evidence, it will be submitted to the ABCMR for its determination of whether a material error or injustice exists and the proper remedy. If the ABCMR staff does not find such evidence, the application will be returned to the applicant without action.

**Chapter 3**
**Claims/Expenses**

**3-1. Authority**

    *a.* The Army, by law, may pay claims for amounts due to applicants as a result of correction of military records.

    *b.* The Army may not pay any claim previously compensated by Congress through enactment of a private law.

    *c.* The Army may not pay for any benefit to which the applicant might later become entitled under the laws and regulations managed by the VA.

**3-2. Settlement of claims**

    *a.* The ABCMR will furnish DFAS copies of decisions potentially affecting monetary entitlement or benefits. The DFAS will treat such decisions as claims for payment by or on behalf of the applicant.

    *b.* The DFAS will settle claims on the basis of the corrected military record. The DFAS will compute the amount due, if any. The DFAS may require applicants to furnish additional information to establish their status as proper parties to the claim and to aid in deciding amounts due. Earnings received from civilian employment during any period for which active duty pay and allowances are payable will be deducted. The applicant's acceptance of a settlement fully satisfies the claim concerned.

**3-3. Payment of expenses**
The Army may not pay attorney's fees or other expenses incurred by or on behalf of an applicant in connection with an application for correction of military records under 10 U.S.C. 1552.

**Chapter 4**
**Miscellaneous Provisions**

**4-1. Special standards**

    *a.* Pursuant to the 27 November 1979 order of the United States District Court for the District of Columbia in *Giles v. Secretary of the Army* (Civil Action No. 77-0904), a former Army soldier is entitled to an honorable discharge if a less than honorable discharge was issued to the soldier on or before 27 November 1979 in an administrative proceeding in which the Army introduced evidence developed by or as a direct or indirect result of compelled urinalysis testing administered for the purpose of identifying drug abusers (either for the purposes of entry into a treatment program or to monitor progress through rehabilitation or follow-up).

 *b.* Applicants who believe that they fall within the scope of subparagraph *a* above should place the term "CATEGORY G" in block 11b of DD Form 149. Such applications should be expeditiously reviewed by a designated official, who will either send the individual an honorable discharge certificate if the individual falls within the scope of subparagraph *a* above, or forward the application to the Discharge Review Board if the individual does not fall within the scope of subparagraph *a* above. The action of the designated official will not constitute an action or decision by the ABCMR.

### 4-2. Public access to decisions

 *a.* After deletion of personal information, a redacted copy of each decision will be indexed by subject and made available for review and copying at a public reading room at Crystal Mall 4, 1941 Jefferson Davis Highway, Arlington, Virginia. The index will be in a usable and concise form so as to indicate the topic considered and the reasons for the decision. Under the Freedom of Information Act (5 U.S.C. 552), records created on or after 1 November 1996 will be available by electronic means.

 *b.* Under the Freedom of Information Act and the Privacy Act of 1974 (5 U.S.C. 552a), the ABCMR will not furnish to third parties information submitted with or about an application unless specific written authorization is received from the applicant or unless the Board is otherwise authorized by law.

**Appendix A**
**References**

**Section I**
**Required Publications**
This section contains no entries.

**Section II**
**Related Publications**
A related publication is a source of additional information. The user does not have to read it to understand this publication.

**AR 15-130**
Army Clemency and Parole Board

**AR 25-55**
Freedom of Information Act

**AR 340-21**
The Army Privacy Program

**AR 600-8-104**
Military Personnel Information Management/Records

**DOD Directive 7050.6**
Military Whistleblower Protection

**DOD Instruction 1336.6**
Correction of Military Records

**5 U.S.C. 552**
Freedom of Information Act

**37 U.S.C. 551 et seq**
Missing Persons Act of 1942

**5 U.S.C. 552(a)**
Privacy Act of 1974

**10 U.S.C. 1034**
Protected Communications; Prohibition of Retaliatory Personnel Actions

**10 U.S.C. 1552**
Correction of Military Records: Claims Incident Thereto

**38 U.S.C. 5902**
Recognition of Representatives of Organizations

**Section III**
**Prescribed Forms**
This prescribed form is available through the normal supply channels and also through the Army Electronic Library (AEL) CD-ROM and the USAPA web-site, www.usapa.army.mil.

**DD Form 149**
Application for Correction of Military Record Under the Provisions of Title 10, U.S. Code, Section 1552 (Prescribed in para 2-3*b*).

**Section IV**
**Referenced Forms**
This section contains no entries.

**Glossary**

**Section I**
**Abbreviations**

**ABCMR**
Army Board for Correction of Military Records

**AR**
Army regulation

**ARNGUS**
Army National Guard of the United States

**ATTN**
attention

**CFR**
Code of Federal Regulations

**DA**
Department of the Army

**DAIG**
Department of the Army Inspector General

**DFAS**
Defense Finance and Accounting Service

**DOD**
Department of Defense

**DODD**
Department of Defense directive

**DODI**
Department of Defense instruction

**DODIG**
Department of Defense Inspector General

**HQDA**
Headquarters, Department of the Army

**IG**
Inspector General

**OMPF**
official military personnel file

**SA**
Secretary of the Army

**U.S.**
United States (of America)

**USAR**
U.S. Army Reserve

**U.S.C. and U.S. Code**
United States Code

AR 15-185 • 29 February 2000

**VA**
U.S. Department of Veterans Affairs

**Section II**
**Terms**

**Applicant**
A person who applies to the ABCMR for correction of an Army military record.

**Counsel**
Includes individuals in good standing of the Federal bar or the bar of any state, territory or the District of Columbia; accredited representatives of veterans' organizations recognized under 38 U.S.C. 5902; and other individuals determined by the ABCMR to be competent to represent the interests of the applicant. Army Judge Advocate General's Corps officers may assist in the preparation and submission of an application to the ABCMR. However, they may not represent an applicant at a hearing, if one is granted, without written approval of The Judge Advocate General of the Army.

**Official military personnel file**
The permanent, historical, and official record of a soldier's military service.

**Records holding agency**
The agency responsible for the safe storage, maintenance, and control of records.

**Secretary of the Army**
Includes the Secretary's designee to act on ABCMR matters.

**Section III**
**Special Abbreviations and Terms**
This section contains no entries.

**Index**

This index is organized alphabetically by topic and subtopic. Topics and subtopics are identified by paragraph number.

**ABCMR decisions**
    Action of the ABCMR, 1-8, 2-2, 2-8
    Decisional documents, 2-13
    Determinations, 1-8, 2-12
    Military Whistleblower Protection Act provisions, 2-12, 2-14

**ABCMR deliberations**
    ABCMR determinations, 2-14, 2-15
    Advisory opinions, 1-10, 1-11
    Denial of applications, 1-8, 2-12, 2-13
    Evidence considered, 2-10

**ABCMR hearings**
    Evidence considered, 2-10
    Executive session, 2-10
    Hearings, 2-10, 2-11
    Military Whistleblower Protection Act provisions, 2-2, 2-14
    No right to hearing, 2-11

**ABCMR information sources**
    Advisory opinions, 1-10, 1-11, 213
    Information from other Government sources, 1-9, 1-10
    Presumption of administrative regularity, 2-9
    Reports from IG, 2-14

**Access to records**
    Records access, 4-2
    Request for official records, 4-2

**Action after final decision**
    Filing of documentation, 1-9
    Notification to applicant, 1-9
    Notification to Army/Defense officials, 1-9, 3-2
    Notification to counsel/Members of Congress, 1-9

**Actions by the ABCMR staff**
    Administrative denial, 2-8
    Notification to applicant, 2-8
    Preview of applications, 2-8

**Application forms**
    Completion of forms, 2-3, 2-8

**Claims/expenses**
    Authority for payment, 3-1
    Payments not authorized, 3-1, 3-3

**Consideration by the ABCMR**
    Composition of ABCMR panel, 2-10
    Evidence considered, 2-10

**Counsel representation**
    Counsel at applicant's own expense, 2-7
    Definition of counsel, 2-7
    Representation by Army Judge Advocate General Corps officer, 2-7

**Decision of the Secretary of the Army**
    Military Whistleblower Protection Act provisions, 2-13, 2-14,
    Review by the Secretary of Defense, 2-14

Secretary of the Army's actions, 1-5, 2-13, 2-14

**Decisional documents**
Evidence considered, 2-13

**Explanation of abbreviations and terms, Glossary**

**Final action by the ABCMR**
Actions of the ABCMR, 2-12, 2-13
Decisional documents, 2-13

**Form prescribed**
Completion of form, 2-8, 4-1
Minority reports, 2-14

**Payment of expenses**
Payments not authorized, 3-1, 3-3

**Preparation before applying**
Applicant's actions before applying, 2-5

**Public access to decision**
Documents available to review, 4-2
Index of decisions, 4-2
Prohibitions on furnishing information, 4-2
Purpose paragraph, 1-1

**Reconsideration of applications**
Actions on requests for reconsideration, 2-15
Basis for reconsideration, 2-15
Notification to applicant, 2-15

**References**
Prescribed and referenced forms, appendix A
Related publications, appendix A

**Report of settlement**
The Army section of the DFAS action, 1-11

**Responsibilities**
ABCMR members, 1-8, 2-14
Applicant, 2-3, 2-4, 2-5, 2-6, 2-10, 2-11
2-12, 2-13, 3-2
Army records holding agency, 1-9, 4-2
DFAS, 1-11, 3-1, 3-2, 3-3
Army Staff agencies and/or commands, 1-10
Chair, 1-7
Director of the ABCMR, 1-6
Secretary of the Army, 1-1, 1-5, 1-9, 2-1, 2-13, 4-2

**Separate communications**
Comments/Recommendations to the Secretary of the Army, 2-14

**Settlement of claims**
Army section of the DFAS actions, 1-11, 3-1, 3-2, 3-3
Settlement report, 1-11

**Setup of the ABCMR**
Authority for ABCMR, 2-1
Composition of ABCMR, 2-1
Special Standards, 4-1

**Staff assistance**
Advisory opinions, 1-10, 1-11,
Compliance with requests, 1-10, 1-11, 1-14,
Information from other Government sources, 2-13,

    4-2
    Statutory authority, 1-4
    Stay on other proceedings, 2-6

**Time limits**
    Excusing a failure to timely file, 2-4, 2-10
    Failure to timely apply, 2-4, 2-10

**Who may apply**
    Applicants, 2-3
    ABCMR jurisdiction, 2-3