|  |  |
|---|---|
| THOMAS ROBERTS,<br>　　　　　Plaintiff<br><br>v.<br><br>Hon. PETE GEREN,<br>Acting Secretary of the Army, <u>et al</u>.,<br><br>　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-2430 (ESH)<br>)<br>)<br>)<br>)<br>) |

PLAINTIFF'S COUNTER-STATEMENT OF MATERIAL FACTS

　　　　Pursuant to LCvR 56.1, Plaintiff respectfully submits the following counter-statement of material facts as to which there is no genuine issue.  This counter-statement is submitted in response to Defendants' Statement of Material Facts to Which There is no Genuine Dispute, which was filed on August 17, 2007.

　　1.  Plaintiff enlisted in the United States Army on July 13, 1967.  (AR 302.)

　　　　Response: Agreed.

　　2.  On March 1, 1968, he received nonjudicial punishment ("NJP"), under the provision of Article 15, Uniform Code of Military Justice ("UCMJ"), for being disrespectful in language and disobeying an order. (AR 239.)

　　　　Response:  Agreed.

3. On April 13, 1968, he received another NJP for being absent without leave ("AWOL") from 3-9 April 1968. (AR 242.)

    Response: Agreed.

4. On May 13, 1968, he was convicted by a special court-martial for willfully disobeying a lawful order from a superior commissioned officer and sentenced to 30 days restriction. (AR 244.)

    Response: Agreed.

5. On December 27, 1968, he received a third NJP. (AR 242.)

    Response: Agreed.

6. Plaintiff's commander initiated the administrative action of barring Plaintiff from reenlisting on February 10, 1969 due to his court-martial and three NJPs. (AR 265.)

    Response: The Administrative Record contains a March 25, 1969, approval of what appears to be a February 10, 1969, recommendation (AR 265). However no February 10, 1969, recommendation appears in the Administrative Record. The Administrative Record does contain a February 5, 1969, recommendation from 1st Lt. Kenneth Hoover (AR 320), but that recommendation only mentions one non-judicial punishment and a "pending court-martial," a court-martial that had, at this point, not even occurred. Two "counts" -- the specification of Charge IV and specification 4 of Charge V -- were subsequently dismissed for lack of sufficient evidence on April 17, 1969. AR 325.

7. Plaintiff was convicted by a special court-martial again on April 17, 1969 for leaving his place of duty without proper authority, violating curfew, stealing Army property, wrongfully appropriating an Army truck, wrongful possession of marijuana, and breaking restriction.  (AR 251, 325.)

Response:  Agreed.

8. After being recommended for discharge, (AR 254), Plaintiff was discharged on July 22, 1969 under the provisions of Army Regulation 635-212, by reason of unfitness, with an Under Conditions Other Than Honorable [Discharge].  (AR 49.)

Response:  Agreed.

9. Plaintiff first applied to have his undesirable discharge upgraded with the Army Discharge Review Board ("ADRB") in 1972, but his request was denied in 1973. (AR 230-7.)

Response:  Disagree.  The Court found, and AR 237 appears to indicate, that Plaintiff applied to the ADRB on May 10, 1971.  See the Court's Memorandum Opinion, R 19, ("Memorandum Opinion") at 5.

10. Almost 28 years after the denial by the ADRB, Plaintiff applied to the Army Board for Correction of Military Records ("ABCMR") on May 29, 2001.  (AR 94) [93?].

Response:  Agreed.

- 3 -

     11. The ABCMR denied his application on September 20, 2001, (AR 82), and found the following: 1) no evidence that he was under a medical profile due to wounds from combat or that he was suffering from a diagnosed Post Traumatic Stress Disorder at discharge; 2) contrary to his allegation, no evidence that his character of service was different after Vietnam than what it was before, which is shown by his conviction by a special court-martial and acceptance of two NJP's prior to his tour in Vietnam and his conviction by another special court-martial and acceptance of another NJP after his tour in Vietnam; 3) sufficient evidence that he probably should have been separated from his 1971 enlistment by reason of fraudulent entry and not given a characterization of service for this second enlistment. (AR 89-90.)

     Response: Disagree. The Court found, and AR 83 appears to indicate, that the decision of the ABCMR ("Board") was made on September 6, 2001. See Memorandum Opinion at 6. The date reflected at AR 82 appears to be the date the ABCMR notified the U.S. Army Review Boards Agency Support Division of the Board's decision.

     With respect to the Board's second "finding," the Board did not find that the Plaintiff alleged that the character of his service was different "after Vietnam than what it was before," and Plaintiff has made no such allegation.

     Lastly, according to the Court's Memorandum Opinion, as for the 1969 discharge which was at issue before the Board, the Board did not rely on any finding that there was sufficient evidence that Plaintiff probably should have been separated from his 1971 enlistment by reason of fraudulent entry and not given a characterization of service for his second enlistment. (AR 89-90.) Instead this Court noted that the Board "discussed" Plaintiff's 1971 separation in connection with its separate conclusion about the

- 5 -

characterization of the 1971 separation, which has never been part of this lawsuit. *See* Memorandum Opinion at 14. This fact is not material.

12. On June 4, 2002, the ABCMR denied Plaintiff's December 26th application for reconsideration and held that his submissions and arguments were insufficient as a bases to reverse its previous decision. (AR 66-69.)

Response: Disagree. The Court found, and AR 67 appears to indicate, that the Board's decision was made on May 16, 2002. See Memorandum Opinion at 8. The date reflected at AR 66 appears to be the date the ABCMR notified the U.S. Army Review Boards Agency Support Division of the Board's decision. Although the Court found that the Board's May 16, 2002, decision considered the Plaintiff's December 26, 2001, application, that fact is not reflected in the Board's May 16, 2002, decision or the June 4, 2002, cover memorandum. (AR 66-69.)

13. Plaintiff applied to the ABCMR for reconsideration again on June 10, 2002, December 27, 2002, and June 4, 2004, but these applications were also denied. (AR 1, 31, 46-8).

Response: Disagree. Although the application dates are correct, the applications were not denied by the Board. Instead, they were reviewed by the Board's staff and returned without action by the Board. (AR 1, 45, 47.)

14. On August 3, 2006, this Court denied Defendant's motion to dismiss and for summary judgment and granted in part Plaintiff's cross-motion for summary judgment, remanding the matter to the ABCMR. (Memo. Opinion, at 2, R.19.)

Response: Agreed.

15. The Court found that the ABCMR's May 16, 2002, denial of Plaintiff's first reconsideration request failed to address a potentially meritorious argument raised by Plaintiff "regarding the validity of his waiver of his right to counsel, a hearing or personal appearance before a board of officers, and the right to submit statements on his own behalf to the discharge authority." (Id. at 15.)

Response: Agreed.

16. On December 11, 2006, the ABCMR issued its record of proceedings regarding the reconsideration of the issue raised in the Court's remand. (AR 367.)

Response: Agreed, but the AR reference should be to AR 364. To be consistent with references in prior pleadings and the Court's Memorandum Opinion, Plaintiff prefers December 5, 2006 as the date of the Board's decision. (AR 365.)

17. The ABCMR's reconsideration addressed Plaintiff's December [2]6, 2001 reconsideration request, "as clarified by his counsel in his July 2004 memorandum." (AR 367.)

Response: Disagree. The ABCMR did not address all of the issues in Plaintiff's December 26, 2001, reconsideration request. See part B 6 of Plaintiff's

Memorandum of Points and Authorities (1) in Opposition to Defendants' Motion to Dismiss, in Part, and for Summary Judgment and (2) in Support of Plaintiff's Cross-Motion for Summary Judgment ("Plaintiff's Memorandum").

18. After reviewing the evidence provided by Plaintiff and contained in his military records, the ABCMR addressed Plaintiff's contention that he was "under duress, and relied on erroneous advice of counsel when he completed his waiver of rights in connection with his 1969 separation processing," and determined there is insufficient evidence to support Plaintiff's claims and denied his reconsideration request. (AR 369, 371.)

    Response: Disagree. The Board appears not to have reviewed the evidence provided by Plaintiff and certainly did not address Plaintiff's statements in a rational fashion. See Plaintiff's Memorandum at part B 6.

19. The ABCMR specifically found no evidence of record that his confinement was unjust. Rather the Board determined that the evidence indicated that any duress resulted from his own misconduct and was justifiably related to his lawful confinement. (AR 369.)

    Response: Agree that Defendants' accurately paraphrase elements of paragraph 2 of the Board's "Discussion and Conclusions."

20. The ABCMR also found that there was "no evidence of record or credible independent evidence that would support a conclusion that the applicant was treated unfairly while in confinement, or that he was coerced into waving his rights (AR 369-70.)

Response: Agree that assuming a quotation mark is added to the end of the sentence, this appears to be an accurate quote from paragraph 3 on AR 370.

21. The ABCMR found that after receiving legal counsel, Plaintiff elected to waive consideration of his case by a board of officers, personal appearance before the board of officers, representation by counsel before the board of officers, and the right to submit a statement on his own behalf. (AR 369.)

Response: Agree that this statement paraphrases paragraph 9 on page AR 369.

22. The ABCMR found that in waiving these rights, Plaintiff specifically acknowledged that he understood that he could encounter substantial prejudice in civilian life in the event he received a General, Under Honorable Conditions. (AR 369.)

Response: Agree that this paraphrases elements of paragraph 10 of AR 369.

23. The ABCMR also found that Plaintiff understood that he would be ineligible for benefits and encounter substantial prejudice in civilian life if he received a discharge Under Other Than Honorable Conditions. (AR 369.)

Response: Disagree. Paragraph 10 of AR 369 refers to Plaintiff *acknowledging* that he understood, not that he understood. See paragraph 22 above.

24. The ABCMR also determined that a discharge Under Other Than Honorable Conditions was considered appropriate under the controlling regulations at the time of

Plaintiff's discharge for members being separated for unfitness and that Plaintiff was counseled on the impact that such a characterization of service could have on him.  (AR 370-71.)

        Response:  Agreed.

    25.  Finally the ABCMR concluded that the characterization of service in Plaintiff's discharge was "clearly supported by his record of misconduct, and it accurately reflects his overall record of service."  (AR 371.)

        Response:  Agree that this appears to be an accurate quotation from an element of paragraph 7 of AR 371.

                                        Respectfully submitted,

                                        /S/

                                        Michael W. Dolan, Esq.
                                             D.C. Bar No. 3384
                                        2021 L Street, N.W.
                                        Suite 204
                                        Washington, D.C.  20036
                                        202/293-2776
                                        *Attorney for Plaintiff*