UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS ROBERTS,<br>　　　　　Plaintiff<br><br>v.<br><br>Hon. PETE GEREN,<br>Acting Secretary of the Army, et al.<br><br>　　　　　Defendants | Civil Action No. 05-2430 (ESH) |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT**

**I.  INTRODUCTION**

Plaintiff, Thomas Roberts, by and through undersigned counsel, respectfully submits this Reply to Defendant's Opposition to Plaintiff's Cross-Motion for Summary Judgment.  Plaintiff's reply is limited to the following specific points.

**II.  ARGUMENT**

1.  A writ of mandamus or specific direction to the Board is appropriate in this case.

Plaintiff will rely on Plaintiff's Memorandum, and the cases cited therein, to support his argument that mandamus, or at least specific direction to the Board, is appropriate in this case.  Plaintiff must note, however, that the cases Defendants cite for the "prerequisites" for mandamus relief, Swan v. Clinton, 100 F.3d 973 (D.C. Cir. 1996) and NTEU v. Bush, 715 F.Supp. 405 (D.D.C. 1989), both concern requests for writs against the

President of the United States.  Given that the court in Swan v. Clinton noted:  "The Supreme Court has confirmed that a 'grant of injunctive relief against the President himself is extraordinary, and should ... raise judicial eyebrows.'"  Swan, 100 F.3d at 977 (quoting Franklin v. Massachusetts, 505 U.S. 788, 802 (1992)), plaintiff simply observes that this case is not against the President of the United States.

Curiously, Defendants cite Robinson v. Resor, 469 F.2d 944 (D.C. Cir. 1972) three times for the notion that upon remand the character of the discharge would be discretionary with the Army Discharge Review Board (ADRB).  However, the court in Robinson remanded the case "to the District Court for the entry of an appropriate order insuring that appellant Robinson will not be given a discharge under other than honorable conditions."  469 F.2d at 952.  In a footnote, the court added "Although on the record in this case, Robinson appears to us to be a deserving candidate for an honorable discharge, the [ADRB] must make that determination in the first instance.  If the Board grants a general discharge, it must accompany that decision with the specific statement of the basis therefore required by 32 C.F.R. § 41.7(b)"  469 F.2d at 952 n. 22.  As this court has already found, Mr. Roberts, like CWO Robinson, received a discharge under conditions other than honorable.  Because both an honorable and a general discharge are considered to be under honorable conditions,[1] the court in Robinson was simply giving the ADRB the limited discretion to choose between an honorable or a general discharge – the same relief that Mr. Roberts has requested.  See Amended Complaint, Prayer for Relief 4.[2]

---

[1] White v. Sec'y of the Army, 878 F.2d 501, 503 n.5 (D.C. Cir. 1989).
[2] "Issuing a Writ of Mandamus directing the Secretary of the Army to recharacterize Plaintiff's July 22, 1969 discharge as either Honorable or General."

**2.  Defendants cannot support an agency decision with a basis that was not invoked by the agency.**

Defendants appear to argue (at p. 8 of their memorandum) that the Army Board for Correction of Military Records ("ABCMR" or the "Board") was free to ignore the applicant's evidence of post-discharge achievements because the Board was without authority to consider such evidence.  Although Defendants advance no authority for the proposition that the Board could not consider post-discharge conduct, it really makes no difference because the Board's decision never asserted the post-discharge conduct argument as a basis for its decision.  As explained on p. 22 of Plaintiff's Memorandum, under the Chenery doctrine, the agency's decision has to be reviewed on the grounds put forward by the agency, not supplied after the fact to the reviewing court.

**3.  This case is governed by *Lipsman*, not *Lassalle*.**

On page 9 of their memorandum, Defendants struggle to fit this case into Lassalle v. Geren, 2007 U.S. Dist. LEXIS  31056 (D.D.C. April 27, 2007), even to the point of arguing that Lipsman v. Sec'y of the Army, 335 F.Supp.2d 48 (D.D.C. 2004) is not "pertinent."  However, as this Court's Memorandum Opinion notes at p. 9, the Board's March 17, 2005, letter described Lipsman as the very reason for the Board's refusal to consider Plaintiff's June 4, 2004, application.  Without repeating Plaintiff's argument on pages 21-23 of Plaintiff's Memorandum, Plaintiff simply notes the irony that after Defendants have labored in their anti-mandamus argument to demonstrate why this Court is not qualified to substitute its judgment for that of the Board, they now propose a Lassalle-type analysis that asks the Court to avoid a remand by attempting to divine what the Board would do on remand.

**4.  The Board's staff decisions cannot be distinguished from those in *Lipsman* by describing them as "procedural."**

The Government now appears to argue (at pp 2, 6, 10 & 11 of Defendants' Memorandum) that the staff decisions of January 21, 2003, July 15, 2003, and March 17, 2005 (AR 1, 45, 47) are "procedural" and as such do not violate 10 U.S.C. § 1552 as construed by Lipsman.  Of course, the description of the staff decisions in the Board's letters of January 21, 2003,  and July 15, 2003, are identical with the description of the staff decisions in the letters sent to the Lipsman plaintiffs.  Compare AR 45 and 47 with Lipsman, 335 F. Supp. at 51.  The Lipsman court found those staff decisions arbitrary or capricious and not in accordance with law.  335 F. Supp at 53.  This Court has already found that the staff decisions determined that the applications did not warrant submission to the Board, a determination that is hardly a procedural matter under any definition.  Memorandum Opinion at 8.

In Lipsman, when the Government tried to make the same "procedural" argument, arguing there that staff derived its authority from subsection 1552 (a)(3),[3] it was met with the Lipsman quotation reprinted on p. 6 of Defendant's Memorandum.  Missing from the Defendant's quotation is the reference to Aiken v. Obledo, 442 F.Supp. 628, 649 (E.D.Cal. 1977) which Judge Urbina quoted with approval:  "Procedural rules are those that relate to the method of operation of the agency, while substantive rules are those that establish standards of conduct or entitlement."  335 F.Supp. 2d at 55.

The Government admits at p. 10 of its Memorandum that the "procedural determination by the ABCMR staff concerning plaintiff's fourth reconsideration request has

---

[3] "Corrections under this section shall be made under procedures established by the Secretary concerned."

a different basis than his second and third requests. As pointed out on p. 24 of Plaintiff's Memorandum, Mr. Roberts' June 4, 2004, request had been pending at the Board for three months when the September 7, 2004, <u>Lipsman</u> decision was handed down, the Board then waited another six months for its staff to return Mr. Roberts June 4, 2004, memorandum and exhibits. As noted on p. 20 of Plaintiff's Memorandum, the Board's new regulation, issued in response to <u>Lipsman</u>, was announced on March 31, 2006, three months after Mr. Roberts filed this action and did not become effective until May 1, 2006, almost fourteen months after the staff decision. The Government has yet to explain how an agency action can be justified by pointing to a regulation that did not become effective until more than four months after the Plaintiff filed suit challenging the agency action.

**5. The Government's explanation for the Board's failure to consider Mr. Roberts' arguments is inadequate.**

The only evidence of the Board's consideration of Mr. Roberts' claims of racial discrimination, an incomplete psychiatric clearance, and that his actions were the result of psychological trauma (see pp. 35, 36 of Plaintiff's Memorandum) appears to be the quotation from the Board's May 16, 2002, decision on p. 7 of Defendant's brief: "The overall merits of the case, including the latest submissions and arguments, are insufficient as a basis for the Board to reverse its previous decision.'" (AR 68.) Without repeating Mr. Roberts' arguments described in pp. 18, 22, and 35-37 and the cases cited on p. 31 of Plaintiff's Memorandum, suffice it to say that this is an insufficient articulation of the Board's reasons for its failure to consider Mr. Robert claims of racial discrimination, an incomplete medical

evaluation, and psychological trauma – issues which may not have been important to the Army, but were obviously important to Mr. Roberts.[4]

As the court noted in Thalasinos v. Harvey, 479 F. Supp. 2d 45, 50 (D.D.C. 2007):

> Even under this highly deferential standard, a plaintiff can establish that a military correction board's decision-making process was arbitrary and in violation of the APA if the board did not consider or respond to arguments made by the plaintiff that do not appear 'frivolous on their face and could affect the Board's ultimate disposition.' Frizelle, 111 F. 3d at 177; *see also* Calloway v. Brownlee, 366 F. Supp. 2d 43, 53 (D.D.C. 2005) ("[A]n agency action is arbitrary and capricious if the agency...has entirely failed to consider an important aspect oft the case presented."); *id*. at 55 ("[A]lthough the [ABCMR] need not consider each of the plaintiff's argument on its merits, if it decides not to address these arguments, it must explain why.") (internal quotation marks and citation omitted).

### III. CONCLUSION

For the reasons set forth in Plaintiff's Memorandum and this Reply Brief, Plaintiff respectfully asks this Court to deny Defendants' Motion to Dismiss, in Part, and for Summary Judgment and to grant Plaintiff's Cross-Motion for Summary Judgment.

    Respectfully Submitted,

    /S/
    _____
    Michael W. Dolan, Esq.
        D.C. Bar No. 3384
    3133 Connecticut Ave., N.W.
    Suite 819
    Washington, D.C.  20008
    202/293-2776
    *Counsel for Plaintiff*

---

[4] The required application form (AR 71) asks a veteran to supply evidence as to why an Army record is in error or unjust. It is unfortunate that when the Army disagrees with the response, it denigrates the veteran's evidence as "self-serving" (Defendants' Memorandum at 15).